## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------x
:
In re                             :            **Chapter 11**
:
**TK HOLDINGS INC.,** *et al.,*     :          **Case No. 17-11375 (___)**
:
**Debtors.**[1]       :          **Joint Administration Requested**
:
-------------------------------------------------------x

### MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 1505 FOR ENTRY OF AN ORDER AUTHORIZING TK HOLDINGS INC. TO ACT AS FOREIGN REPRESENTATIVE ON BEHALF OF THE DEBTORS' ESTATES

TK Holdings Inc. ("***TKH***") and its affiliated debtors in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully represent as follows in support of this motion (this "***Motion***"):

### Relief Requested

1.      Pursuant to section 1505 of title 11 of the United States Code (the "***Bankruptcy Code***"), the Debtors request that TKH be authorized to act as Foreign Representative (as defined herein) on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including the Canadian Proceedings (as defined herein).  The Debtors further request that, as Foreign Representative, TKH shall be expressly authorized to (i) seek recognition of these chapter 11 cases in Canada, (ii) request that the Canadian Court (as defined herein) lend assistance to this Court in protecting the property of the Debtors' estates,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

and (iii) seek any other appropriate relief from the Canadian Court that is just and proper in furtherance of the protection of the Debtors' estates.

2.      A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit A** (the "***Proposed Order***").

### Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On the date hereof (the "***Petition Date***"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.  Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

RLF1 17750777V.1

5.    In coordination with the commencement of the Chapter 11 Cases, contemporaneously to the date hereof, Takata Corporation, the Debtors' ultimate corporate parent ("**TKJP**" and, together with its direct and indirect global subsidiaries, including TKH, "**Takata**"), together with Takata Kyushi K.K. and Takata Service Corporation, commenced civil rehabilitation proceedings under the Civil Rehabilitation Act of Japan in the 20th Department of the Civil Division of the Tokyo District Court.

6.    Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the declaration of Scott E. Caudill, the Executive Vice President and Chief Operating Officer for TKH, filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Caudill Declaration**").[2]

### Appointment of Foreign Representative

7.    TKH and TKJP are named defendants in fourteen (14) class actions in four (4) Canadian provinces (British Columbia, Saskatchewan, Quebec, and Ontario) (collectively, the "**Canadian Actions**").  Although nine of the Canadian Actions have been formally dismissed or are currently being held in abeyance, five remain pending against TKH.  The Canadian Actions are brought by putative representative plaintiffs who allege that they are consumers who purchased/leased vehicles in Canada with airbags containing PSAN Inflators that are subject to recalls.  The putative representative plaintiffs assert claims for economic losses largely based on the theory that the recall of PSAN Inflators has reduced market value of vehicles and/or airbags containing PSAN Inflators and that they experienced losses arising from their inability or unwillingness to use their vehicles until the inflators were replaced and the expenses associated

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Caudill Declaration.

RLF1 17750777V.1

with such replacement.  Although two (2) of the Canadian Actions allege personal injuries, to date there are no known instances of inflator rupture in Canada.  Claims in the continuing Canadian Actions total an aggregate of approximately CDN $3.5 billion and are all at the pre-certification stage.  As a result of the pending Canadian Actions against TKH, it is necessary to ensure that these Chapter 11 Cases as well as certain orders of the Court issued herein are recognized and enforced in Canada.

8.      TKH (as the proposed Foreign Representative) will shortly seek ancillary relief in Canada on behalf of the Debtors' estates pursuant to the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended (the "***CCAA***") in the Ontario Superior Court of Justice (Commercial List) (the "***Canadian Court***") in Toronto, Ontario, Canada.  The purpose of the ancillary proceedings (the "***Canadian Proceedings***") is to request that the Canadian Court recognize these Chapter 11 Cases as a "foreign proceeding" under the applicable provisions of the CCAA in order to, among other things, ensure that the protections of the automatic stay are enforced with respect to the Canadian Actions and to provide clarity and structure to potential creditors in Canada.[3]

9.      To commence the Canadian Proceedings, the Debtors require authority for a Debtor entity to act as the "foreign representative" on behalf of the Debtors' estates (the "***Foreign Representative***").  The Debtors request authority to appoint TKH as such Foreign Representative.

---

[3] The Debtors intend to propose that FTI Consulting, Inc. be appointed by the Canadian Court as information officer in the Canadian Proceedings (the "***Information Officer***").  The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of these chapter 11 cases, the proposed restructuring of the Debtors, and any other information that may be material to the Canadian Court.

10.      Section 46 of the CCAA provides:

> **Application for recognition of a foreign proceeding**. A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> **Documents that must accompany application**. . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . . .

CCAA, R.S.C., Ch. C-36, § 46 (1985) (Can.).

11.      Accordingly, in order for TKH to be recognized as the Foreign Representative in the Canadian Proceedings, and thereby apply to have these Chapter 11 Cases recognized by the Canadian Court, this Court must enter an order authorizing TKH to act as the Foreign Representative in the Canadian Proceedings.  If the order is granted, TKH will be able to file the order with the Canadian Court as the instrument authorizing TKH to act as Foreign Representative pursuant to section 46 of the CCAA.

## Basis for Relief Requested

12.      Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to section 103(k)(1) of the Bankruptcy Code, section 1505 of the Bankruptcy Code applies to any case under the Bankruptcy Code.  Specifically, section 103(k)(1) of the Bankruptcy Code provides that:

> Chapter 15 applies only in a case under such chapter, except that—
> (1) sections 1505, 1513, and 1514 apply in all cases under this title.

11 U.S.C. § 103(k)(1).

13.      Section 1505 of the Bankruptcy Code allows a debtor in possession to obtain a court order recognizing the debtor in possession as foreign representative of the debtor's

estate, in order to submit a petition to a foreign court requesting recognition of the debtor's

chapter 11 case.  Specifically, section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be
> authorized by the court to act in a foreign country on behalf of an
> estate created under section 541. An entity authorized to act under
> this section may act in any way permitted by the applicable foreign
> law.

11 U.S.C. § 1505.

14.     Authorizing TKH to act as the Foreign Representative on behalf of the

Debtors' estates in the Canadian Proceedings will allow coordination of these Chapter 11 Cases

and the Canadian Proceedings, and provide an effective mechanism to protect and maximize the

value of the Debtors' assets and estates.  Because TKH is a defendant in the Canadian Actions, it

is critical that a stay similar to the automatic stay imposed pursuant to section 362 of the

Bankruptcy Code be granted in Canada, and that certain of this Court's orders also be recognized

in Canada.  As a Debtor in these Chapter 11 Cases, TKH is well-positioned to represent the

Debtors as Foreign Representative in the Canadian Proceedings.

### Reservation of Rights

15.     Nothing contained herein is intended to be or shall be construed as (i) an

admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any

appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of

any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's

order is not intended to be and should not be construed as an admission to the validity of any

claim or a waiver of the Debtors' rights to dispute such claim subsequently.

RLF1 17750777V.1

**Notice**

16.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware (Attn: David Buchbinder, Esq. and Jane Leamy, Esq.); (ii)  the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Offices of the United States Attorney for each of the District of Delaware and the Eastern District of Michigan; (vi) NHTSA; (vii) each of the Consenting OEMs; (viii) the Plan Sponsor; and (ix) any other party entitled to notice pursuant to Local Rule 9013–1(m).  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

17.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

RLF1 17750777V.1

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 25, 2017
      Wilmington, Delaware

<div style="margin-left:40%">

*/s/ Michael J. Merchant*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein
Ronit J. Berkovich
Matthew P. Goren
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

</div>

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------x
:
In re                                     :          **Chapter 11**
:
**TK HOLDINGS INC.**, *et al.*,            :          **Case No. 17-11375 (___)**
:
Debtors.[1]                                :          **(Jointly Administered)**
:
-------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 1505 AUTHORIZING TK HOLDINGS INC. TO ACT AS FOREIGN REPRESENTATIVE ON BEHALF OF THE DEBTORS' ESTATES

Upon the motion, dated June 25, 2017 (the "***Motion***"),[2] of TK Holdings Inc.

("***TKH***") and its affiliated debtors, as debtors and debtors in possession (collectively, the

"***Debtors***"), pursuant to section 1505 of title 11 of the United States Code (the "***Bankruptcy***

***Code***"), for an order authorizing TKH to act as Foreign Representative on behalf of the Debtors'

estates in any judicial or other proceedings in a foreign country, including the Canadian

Proceedings, all as more fully set forth in the Motion; and upon consideration of the Caudill

Declaration; and this Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference*

from the United States District Court for the District of Delaware dated February 29, 2012; and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary and is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      TKH is authorized, pursuant to section 1505 of the Bankruptcy Code, to act as the Foreign Representative on behalf of the Debtors' estates in any other judicial or other proceedings in a foreign country, including the Canadian Proceedings, and shall be authorized and have the power to act in any way permitted by applicable foreign law, including, but not limited to (i) seeking recognition of the Chapter 11 Cases in the Canadian Proceedings, (ii) requesting that the Canadian Court lend assistance to this Court in protecting the property of the Debtors' estates, and (iii) seeking any other appropriate relief from the Canadian Court that TKH deems just and proper in the furtherance of the protection of the Debtors' estates.

3.      This Court requests the aid and assistance of the Canadian Court to recognize the Chapter 11 Cases as a "foreign proceeding" and TKH as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

2

4.      The Debtors are authorized to take all action necessary to carry out this

Order.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2017
         Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1 17750777V.1