UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------x
:
**In re**                                          :     **Chapter 11**
:
**TK HOLDINGS INC., *et al.*,**                    :     **Case No. 17-11375 (BLS)**
:
Debtors.[1]                                        :     **(Jointly Administered)**
:
---------------------------------------------------x    Re: Docket No. 15

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 503(b), AND 507(a) AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION OBLIGATIONS OWED TO CERTAIN FOREIGN VENDORS AND LIEN CLAIMANTS AND (II) GRANT ADMINISTRATIVE STATUS FOR CERTAIN GOODS DELIVERED TO THE DEBTORS POSTPETITION

Upon the motion, dated June 25, 2017 (the "*Motion*"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*"), pursuant to sections 105(a), 363(b), 503(b), and 507(a) of title 11 of the United States Code (the "*Bankruptcy Code*") for entry of interim and final orders authorizing the Debtors to (i) satisfy certain prepetition obligations owed to (a) certain vendors, suppliers, service providers, independent contractors, and other entities located outside of the United States (collectively, the "*Foreign Vendors*"), including claims for goods or materials and services provided to the Debtors, as well as foreign tax obligations, import and export fees, customs duties, or other similar fees related to such claims (collectively, the "*Foreign Claims*"), and (b) certain third

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

party shippers, warehousemen, vendors, and other service providers that could, on account of their prepetition claims (collectively, the "**Lien Claims**" and, together with the Foreign Claims, the "**Claims**"), potentially assert liens against the Debtors' property for prepetition amounts that the Debtors owe to them (collectively, the "**Lien Claimants**"); and (ii) (a) grant administrative priority status to all undisputed obligations of the Debtors arising from the postpetition delivery of goods ordered prior to the Petition Date ("**Prepetition Orders**") and (b) authorize the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and upon consideration of the Caudill Declaration and the Simpton Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 503(b)(9), and 507(a)(8)(F) of the Bankruptcy Code, to satisfy prepetition Foreign Claims, including the Customs Duties, in the ordinary course of business, upon such terms and in the manner provided in this Interim Order and the Motion; *provided, however,* that the prepetition amounts authorized to be paid pursuant to this paragraph shall not exceed $13,024,000 pending entry of a final order on the Motion.

3. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, to satisfy prepetition Lien Claims, including the Shipping and Warehousing Charges, in the ordinary course of business, upon such terms and in the manner provided in this Interim Order and the Motion; *provided, however,* that the prepetition amounts authorized to be paid pursuant to this paragraph shall not exceed $13,024,000 pending entry of a final order on the Motion.

4. In exchange for payment of the Foreign Claims and Lien Claims, unless otherwise waived by the Debtors in their sole discretion, the Foreign Vendors and the Lien Claimants shall be required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such Foreign Vendor or Lien Claimant and the Debtors in the twenty-four (24) month period preceding the Petition Date or on such other terms no less favorable to the Debtors as the Foreign Vendor or the Lien Claimant and the Debtors may otherwise agree (the "***Customary Trade Terms***"). The Customary Trade Terms shall apply for the remaining term of the Foreign Vendors' or Lien Claimants' agreements with the Debtors, as

long as the Debtors pay for the goods and services in accordance with the payment terms provided in the agreement.

5. The Debtors are authorized, but not directed, to obtain written verification, before issuing payment to a Foreign Vendor or Lien Claimant, that such Foreign Vendor or Lien Claimant will, if applicable, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Vendor's or Lien Claimant's agreement with the Debtors; *provided, however*, that the absence of such written verification shall not limit the Debtors' rights hereunder.

6. If any Foreign Vendor or Lien Claimant is paid with respect to its Foreign Claim or Lien Claim and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, the Debtors reserve their rights to and may seek approval of this Court to (i) deem such payment to apply to postpetition amounts payable to such Foreign Vendor or Lien Claimant, if applicable, or (ii) take any and all appropriate steps to cause such Foreign Vendor or Lien Claimant to repay payments made to it on account of its prepetition Foreign Claim or Lien Claim to the extent that such payments exceed the postpetition amounts then owing to such Foreign Vendor or Lien Claimant. Upon recovery by the Debtors, the Foreign Claim or the Lien Claim shall be reinstated as a prepetition claim in the amount recovered.

7. The Debtors are authorized, but not directed, to pay Lien Claimants, regardless of whether their claims arose prior to or after the Petition Date, if such Lien Claimants have perfected one or more liens in respect of such claims, or if the Debtors determine, in their business judgment, that the Lien Claimants are capable of perfecting such liens; *provided, however,* that no such payment shall be deemed to be a waiver of rights regarding the extent, validity, perfection, or possible avoidance of any such liens.

8. For any payments made to Lien Claimants on account of liens obtained by the Lien Claimants, the Lien Claimants receiving the payments shall take whatever action is necessary to remove such liens, if any, at such Lien Claimant's sole cost and expense.

9. All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by Vendors of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

10. Applicable banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic fund transfers requested or to be requested by the Debtors relating to the Foreign Claims and the Lien Claims.

11. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of the Foreign Claims and the Lien Claims to replace any prepetition checks or electronic fund transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

12. Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

13. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for in any order of this Court approving the Debtors' entry into any accommodation or similar agreements with the Consenting OEMs and granting the Consenting OEMs adequate protection in connection therewith (each a "*Adequate Protection Order*"). To the extent there is any conflict between this Interim Order and any Adequate Protection Order, the terms of such Adequate Protection Order shall control.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

16. The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

17. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

20. A final hearing to consider the relief requested in the Motion shall be held on  July 26 , 2017 at 11:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to  July 19 , 2017 at 4:00 p.m. (Prevailing Eastern Time).

Dated: June 19  , 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 17751044V.1