UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



------------------------------------------------------x
                                    :

**In re**                                   :      Chapter 11
                                    :

**TK HOLDINGS INC.,** *et al.*,        :      Case No. 17-11375 (BLS)
                                    :

            Debtors.[1]                  :      (Jointly Administered)
                                    :

------------------------------------------------------x      Re: Docket No. 9

**ORDER PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P.
2002, 5005, AND 9007, AND LOCAL RULES 2002-1(d) AND 5005-4
MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105(a), FED. R.
BANKR. P. 2002, 5005, AND 9007, AND LOCAL RULES 2002-1(d) AND
5005-4 FOR ENTRY OF AN ORDER (I) APPROVING THE FORM AND
MANNER OF NOTICE OF COMMENCEMENT; (II) LIMITING
NOTICE REQUIRED WITH RESPECT TO POTENTIAL PSAN
CLAIMANTS, PENDING FURTHER ORDER; AND (III) AUTHORIZING
THE RELEASE OF RECORDS NECESSARY TO IMPLEMENT SPECIAL
NOTICING PROCEDURES FOR POTENTIAL PSAN CLAIMANTS**

Upon the motion, dated June 25, 2017 (the "*Motion*"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*") pursuant to section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002(a), (f), (*l*), and (m), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2002-1(d) and 5005-4 of the Local rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Debtors request entry of an order (i) approving the form and manner of the notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

commencement (the "***Notice of Commencement***") of the Debtor's chapter 11 cases (the "***Chapter 11 Cases***") and meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "***Section 341 Meeting***"); (ii) limiting the notice the Debtors and other persons filing papers in these Chapter 11 Cases are required to provide to PPICs, pending further order of the Court directing the manner of notice to such parties; and (iii) authorizing the release to the Debtors of certain motor vehicle records necessary to implement special noticing procedures for PPICs, all as more fully set forth in the Motion; and upon consideration of the Caudill Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Local Rules 2002-1(d) and 5005-4, the Notice Procedures are approved.

RLF1 17751048v.2

3. The Notice of Commencement, substantially in the form annexed to the Motion as **Exhibit B**, is approved.

4. Except as otherwise set forth herein, Prime Clerk LLC ("*Prime Clerk*"), as the retained claims and noticing agent of the Debtors, is authorized and directed to serve the Notice of Commencement within five (5) business days of the date of this Order, or as soon as reasonably practicable thereafter, by regular mail, postage paid, on those Traditional Notice Parties entitled to receive the Notice of Commencement pursuant to Bankruptcy Rule 2002. Service of the Notice of Commencement in accordance with this paragraph is approved in all respects and shall be deemed sufficient notice of the commencement of these Chapter 11 Cases and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

5. Pending further order of the Court (including any order granting the relief requested in the Bar Date Motion), and notwithstanding any requirement under Bankruptcy Rule 2002 or otherwise, neither the Debtors, Prime Clerk, the clerk of the Court, nor any other person shall be required to serve or otherwise provide (a) the Notice of Commencement or (b) any other pleadings, papers, deadlines, hearings, or other matters in the Chapter 11 Cases, whether by mail, hand delivery, overnight courier, or other otherwise, on any PPIC, unless such PPIC is also a Traditional Notice Party as of the date of such service or notice.

6. Upon completion of noticing of any particular matter with respect to any PPIC Notice Parties, Prime Clerk, after consultation with the attorneys for the Debtors, shall file with the Court either an affidavit or certificate of service, describing the PPIC Notice Parties to which the PPIC Combined Notice was sent, and noting that a full list of the PPIC Notice Parties to whom notice was provided will be made available upon request.

RLF1 17751048v.2

7. IHS Markit and its subsidiary R.L. Polk and Co. (collectively, "*IHS*") is hereby ordered to provide the Debtors and their professionals, at the sole cost and expense of the Debtors, with the necessary information to send the proposed PPIC Combined Notice to current registered owners of Subject Vehicles and registered owners of Subject Vehicles from January 1, 2013 onward, including, with respect to all periods, owners' full names and all address information, whether residential or other (the "***Requested Record Information***").

8. Pursuant to Bankruptcy Rule 2002(*l*), the Debtors, with the assistance of Prime Clerk, shall cause the Notice of Commencement to be published (i) once in the national editions of each of *The Wall Street Journal*, *The New York Times*, and *USA Today*; (ii) once in the *Automotive News*; and (iii) on the website to be established by Prime Clerk.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June  27 , 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 17751048v.2