**ORIGINAL**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------x
:
In re                                      :        **Chapter 11**
:
:
**TK HOLDINGS INC.** *et al.*,             :        **Case No. 17-11375 (BLS)**
:
**Debtors.**[1]                            :        **(Jointly Administered)**
:
-----------------------------------------------------x    Re:  Docket No. 7

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a), AND 541 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO (I) PAY CERTAIN PREPETITION TAXES AND ASSESSMENTS, AND (II) AUTHORIZE BANKS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion, dated June 25, 2017 (the "***Motion***"),[2] of TK Holdings Inc. and

its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), pursuant

to sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code (the

"***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure

(the "***Bankruptcy Rules***"), for authority to (i) pay all Taxes and Assessments, and (ii) authorize

applicable banks and financial institutions to receive, honor, process and pay all checks issued or

to be issued and electronic fund transfers requested or to be requested relating to the above, all as

more fully set forth in the Motion; and upon consideration of the Caudill Declaration; and this

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis, as provided herein.

2.    The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, to satisfy all Taxes and Assessments due and owing to the Taxing Authorities, including, without limitation, those Taxing Authorities listed on **Exhibit C** to the Motion, that arose prior to the Petition Date, including all Taxes and Assessments subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in an interim amount not to exceed $1,156,200.

3.    Applicable banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all

checks issued or to be issued or electronic fund transfers requested or to be requested by the Debtors relating to the Taxes and Assessments.

      4.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of the Taxes and Assessments to replace any prepetition checks or electronic fund transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

      5.      Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

      6.      Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

      7.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for in any order of this Court approving the Debtors' entry into any accommodation or similar agreements with the Consenting OEMs and granting the Consenting OEMs adequate protection in connection therewith (each a "***Adequate Protection Order***"). To the extent there is any conflict between this Interim Order and any Adequate Protection Order, the terms of such Adequate Protection Order shall control.

      8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied.

3

9.     The requirements of Bankruptcy Rule 6004(a) are waived.

10.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

13.     A final hearing to consider the relief requested in the Motion shall be held on _Ju ly 26, 2017_ at _11:00 am_ (**Prevailing Eastern Time**) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to _July 19_, _2017_ at **4:00 p.m. (Prevailing Eastern Time)**.

Dated: June __27__, 2017
          Wilmington, Delaware

                                    THE HONORABLE BRENDAN L. SHANNON
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 17751060V.1