ORIGINAL

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------x
:
In re                                            :   Chapter 11
:
TK HOLDINGS INC., *et al.*,                      :   Case No. 17-11375 (BLS)
:
Debtors.[1]                                      :   (Jointly Administered)
:
---------------------------------------------------x   Re: Docket No. 6

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 366 AND 105(a) (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

Upon the motion, dated June 25, 2017 (the "*Motion*"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*"), pursuant to sections 366 and 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of interim and final orders (i) approving the Debtors' Proposed Adequate Assurance, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Proposed Adequate Assurance, and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to the Debtors, all as more fully set forth in the Motion; and upon consideration of the Caudill Declaration; and this Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as provided herein.

2. Until such time as the Final Order is entered, all Utility Companies, including without limitation those listed on **Exhibit C** to the Motion, are prohibited from altering, refusing, or discontinuing Utility Services or otherwise discriminating against the Debtors on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.

3. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $565,727 in a newly segregated account for the benefit of the Utility Companies (the "*Utility Deposit Account*") within twenty (20) days after the Petition Date.

2

4. The following Adequate Assurance Procedures are approved on an interim basis:

    a. Within two (2) business days after entry of this Interim Order, the Debtors will mail a copy of this Interim Order and the Motion to the Utility Companies on the Utility Services List.

    b. If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "*Request*") upon the following parties: (i) the Debtors c/o TK Holdings Inc., 2500 Takata Drive, Auburn Hills, Michigan 48326 (Attn: Amy Green); and (ii) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ronit J. Berkovich, Esq. and Nicholas J. Messana, Esq.), and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801 (Attn: Amanda R. Steele, Esq. and Brett M. Haywood, Esq.), and the Request must set forth (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, and (iv) an explanation of why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment.

    c. If the Debtors, in their sole discretion, determine that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security. On ten (10) days' notice to the affected Utility Company, the Debtors may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

    d. If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they shall set the matter for hearing at the next regularly scheduled Omnibus hearing date in this case (the "*Determination Hearing*") pursuant to section 366(c)(3)(A) of the Bankruptcy Code before the Court to determine that the Proposed Adequate Assurance, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment.

    e. Pending a resolution of the Request at the Determination Hearing, the Utility Company that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

5. The Adequate Assurance Deposit shall be deemed adequate assurance of payment, and any Utility Company that does not make a Request or otherwise comply with the Adequate Assurance Procedures shall be prohibited from altering, refusing, or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

6. The Adequate Assurance Deposit shall automatically, without further Court order, be available to the Debtors upon the effective date of a chapter 11 plan for the Debtors.

7. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8. The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Interim Order shall apply to any such Utility Company that is added to the Utility Services List.

9. The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the past twelve (12) months.

10. The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company.

11. The Debtors shall serve a copy of this Interim Order and the Motion upon any Utility Company added to the Utility Services List.

12. Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

13. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for in any order of this Court approving the Debtors' entry into any accommodation or similar agreements with the Consenting OEMs and granting the Consenting OEMs adequate protection in connection therewith (each a "***Adequate Protection Order***"). To the extent there is any conflict between this Interim Order and any Adequate Protection Order, the terms of such Adequate Protection Order shall control.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

RLF1 17751049v.1

16. The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

17. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

20. A final hearing to consider the relief requested in the Motion shall be held on __July 26__, 2017 at __11:00 a.m.__ (**Prevailing Eastern Time**) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to __July 19__, 2017 at 4:00 p.m. (**Prevailing Eastern Time**).

Dated: June __27__, 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE