UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------x
:
In re : Chapter 11
:
**TK HOLDINGS INC.**, *et al.*, : Case No. 17-11375 (BLS)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------x

**MOTION OF DEBTORS FOR LEAVE TO FILE AND SERVE OMNIBUS
REPLY IN SUPPORT OF DISCLOSURE STATEMENT AND
RELATED SOLICITATION PROCEDURES**

TK Holdings Inc. ("***TKH***") and its affiliated debtors in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully represent:

**Relief Requested**

1. By this motion (the "***Motion***"), pursuant to Local Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), authorizing the Debtors to file and serve an omnibus reply (the "***Reply***") in support of the Disclosure Statement (as defined below)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

and Solicitation Procedures Motion (as defined below),[2] filed contemporaneously herewith, after the reply deadline of December 28, 2017 at 4:00 p.m. (ET) (the "*Reply Deadline*").

**Background**

2. On June 25, 2017 (the "*Petition Date*"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 7, 2017, the United States Trustee for Region 3 appointed the statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "*Creditors' Committee*") and the statutory committee of tort claimant creditors pursuant to section 1102(a)(2) of the Bankruptcy Code (the "*Tort Claimants' Committee*." On September 6, 2017, the Bankruptcy Court, pursuant to sections 105 and 1109(b) of the Bankruptcy Code, appointed Roger Frankel as the legal representative (the "*Future Claims Representative*" or the "*FCR*") for individuals who sustain injuries related to PSAN Inflators (as defined herein) after the Petition Date. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3. On November 3, 2017, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors* [Docket No. 1108].

4. On November 15, 2017, the Debtors filed the (i) *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors* [Docket No. 1164] and (ii) the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 502, 1125, 1126, and*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Solicitation Procedures Motion.

1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Docket No. 1165] (the "**Solicitation Procedures Motion**").

5. On December 19, 2017, the Debtors filed the *Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors* [Docket No. 1399] (as may be further amended, modified or supplemented, "**Plan**") and the *Disclosure Statement for Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors* [Docket No. 1400] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, "**Disclosure Statement**"). A hearing to consider the adequacy of information contained in the Disclosure Statement and the related relief requested in the Solicitation Procedures Motion is scheduled for January 3, 2018 at 10:00 a.m. (ET) (the "**Hearing**").

6. The deadline to object to the Disclosure Statement and the relief requested in the Solicitation Procedures Motion was set for December 27, 2017 at 4:00 p.m. (ET) (the "**Objection Deadline**"). Prior to the Objection Deadline, the Debtors received the following formal objections (collectively, the "**Objections**"):

- *Letter Objection of Richard Jacobs* [Docket No. 1182]

- *Written Objection to and Reservation of Rights with Respect to Debtors' Motion for Entry of an order Approving the "Plan and Disclosure Statement"* [Docket No. 1149]

- *Written Objection to and Reservation of Rights with Respect to Debtors' Motion for Entry of an Order Approving the "Plan and Disclosure Statement"* [Docket No. 1313]

3

- *Letter Objection of Greta Wold to Disclosure Statement* [Docket No. 1363]

- *Written Objection to Debtors' Motion for Entry of an Order Approving the "Plan and Disclosure Statement"* [Docket No. 1371]

- *Limited Objection of the Texas Commission on Environmental Quality to Debtors' Disclosure Statement for Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* [Docket No. 1466]

- *Objection by the State of Hawai'i and the Government of the U.S. Virgin Islands to Motion for Approval of Disclosure Statement and Solicitation Procedures* [Docket No. 1474]

- *Letter Response of Katie V. Hayward to Disclosure Statement* [Docket No. 1475]

- *Preliminary Objection of the Takata MDL Action Plaintiffs to Debtors' Motion for an Order Approving the Disclosure Statement and Granting Related Relief* [Docket No. 1476]

- *United States Trustee's Omnibus Objection to Disclosure Statement for Joint Chapter 11 Plan of Reorganization of TK Holdings Inc., and its Affiliated Debtors and Objection to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 502, 1125 and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Noticing a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan, and Objection to Motion of Debtors for Entry of an Order Authorizing Debtors to File Under Seal Certain Portions of the Indemnity Agreement Attached as Exhibit 2 to the Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* [Docket No. 1477]

- *The Attorneys Information Exchange Group's Objection and Reservation of Rights Regarding the Debtors' Amended Disclosure Statement* [Docket No. 1478]

- *Objection of Confidential Whistleblower A and B to the Revised Proposed Disclosure Statement for the Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1479]

- *(I) Objection of the Future Claimants' Representative to and (II) Joinder in the Official Committee's Objections to Motion of Debtors Pursuant to*

4

- *U.S.C. §§ 105, 502, 1125 and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Noticing a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Docket No. 1480]

- *Objection of Eric D. Green, in His Capacity as Special Master of the Takata Corporation Criminal Restitution Funds, to Disclosure Statement for Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* [Docket No. 1481]

- *Objection of the Official Committee of Unsecured Tort Claimant Creditors to Motion of Debtors Pursuant to 11 U.S.C. Sections 105, 502, 1125 and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Noticing of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Docket No. 1482]

- *Joinder of the Motley Rice Federal and State Personal Injury Claimants and the Personal Injury Creditors Represented by Morgan & Morgan, P.A. in the Objection of the Official Committee of Unsecured Tort Claimant Creditors to Motion of Debtors Pursuant to 11 U.S.C. Sections 105, 502, 1125 and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Noticing of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Docket No. 1483]

- *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order (I) Approving the Proposed Disclosure Statement; (II) Establishing Solicitation and Voting Procedures; and (III) Certain Related Relief* [Docket No. 1484]

- *Objection of Shonda McCall, Individually, and as Parent and Natural Guardian to J.G.P., to the Debtors' Disclosure Statement and Joinder in the Objection of the Official Committee of Unsecured Tort Claimant Creditors to Motion of Debtors Pursuant to 11 U.S.C. Sections 105, 502, 1125 and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Noticing of a Hearing Thereon, (II) Establishing Solicitation*

*and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Docket No. 1486]

- *Letter Response of Richards Jacobs* [Docket No. 1496]

**Basis for Relief Requested**

7. Pursuant to Local Rule 9006-1(d), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). Because of the intervening New Year's Day holiday and the Court's closure on December 29, 2017 in observance thereof, the agenda for the Hearing was due on December 28, 2017 at 12:00 p.m. (ET). Accordingly, pursuant to Local Rule 9006-1(d), the Reply Deadline was December 27, 2017 at 4:00 p.m. (ET) — the same date and time as the Objection Deadline. Absent leave of Court, the Debtors will be unable to file and serve the Reply, and the Court would be denied the opportunity to review the Reply to the Objections in advance of the Hearing.

8. Sufficient cause exists to grant the relief requested in this Motion. Given that the Reply Deadline and the Objection Deadline were both on December 27, 2017 at 4:00 p.m. (ET), the Debtors were unable to file and serve the Reply in advance of the Reply Deadline. Moreover, the significance of the Disclosure Statement and Solicitation Procedures coupled with the volume and complexity of the Objections required a measured and deliberative response from the Debtors. The Debtors and their professionals have spent considerable time and energy adequately responding to each Objection, and the Reply will provide the Court with critical information regarding the Disclosure Statement and Solicitation Procedures Motion to streamline argument and narrow the issues before the Court at the Hearing.

9. Accordingly, for the reasons set forth above, the Debtors submit that the Court should grant an extension of the time in which to file and serve the Reply under Local Rule 9006-1(d).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 2, 2018
      Wilmington, Delaware

*/s/ Mark D. Collins*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein
Ronit J. Berkovich
Matthew P. Goren
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*

7