**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TK HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-11375 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**MOTION OF CERTAIN CLAIMANTS REPRESENTED BY
MOTLEY RICE FOR TEMPORARY ALLOWANCE OF CLAIMS
FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018 AND TO
EXTEND VOTING DEADLINE**

Certain claimants represented by Motley Rice identified on **Exhibit A** to this Motion ("Claimants"), by and through their undersigned counsel, submit this motion (the "Motion") for entry of an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing their claims for plan voting purposes and to extend the voting deadline to permit their respective votes to be cast. In support of this Motion, the Claimants respectfully state as follows:

**INTRODUCTION**

1. Motley Rice represents a number of personal injury claimants in the above-captioned cases whose claims were the subject of informal claim demands and/or pre-petition litigation prior to the Debtors' bankruptcy. Such claims were memorialized by listing in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Debtors' liability schedules or the filing of a proof of claim by the "lead" personal injury claimant (the "Lead PI Creditors")

2. The Claimants are, for the most part, simply persons who have bystander, loss of consortium or similar claims incident to airbag deployments involving the Lead PI Creditors. Motley Rice recently attempted to obtain voting privileges for the Claimants from the Debtors with respect to the Debtors' joint plan of reorganization (as amended, modified, or supplemented from time to time, the "Plan"). The Debtors informed Motley that, notwithstanding that the airbag-related incidents which formed the basis for the Claimants' claims were scheduled under the Lead PI Creditors' names or, alternatively, that proofs of claim had been filed by certain of the Lead PI Creditors, the Claimants were not entitled to voting identification numbers and would not be permitted to vote. The Debtors took this position notwithstanding the fact that the Debtors, their agents and/or representatives were on notice of substantially all[2] the Claimants' claims prior to entry of the Bar Date Order (defined below).

3. Accordingly, the Claimants respectfully request that this Court allow the filing of the Claimants' claims for voting purposes and extend the voting deadline accordingly.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal bases for the relief sought herein are sections 105(a) and 502(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3018 of the Bankruptcy Rules.

---

[2] The five (5) sets of persons not associated with a Lead PI Creditor on Exhibit A are the exception. Those Claimants do intend to file a motion to deem their claims as timely filed or, alternatively, permit their late filing.

**BACKGROUND**

5.     On June 25, 2017, the above-captioned debtors and debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors in possession.

6.     On or about July 7, 2017, the Office of the United States Trustee appointed an official committee of unsecured creditors and an official committee of unsecured tort claimant creditors in the cases.

7.     On July 7, 2017, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and Local Rules 2002-1(e), 3001-1, and 3003-1 for Authority to (i) Establish Deadlines for Filing Proofs of Claim, (ii) Establish the Form and Manner of Notice Thereof, and (iii) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* (the "Bar Date Motion") [D.I. 171].

8.     On October 4, 2017, this Court entered an order with respect to the Bar Date Motion [D.I. 959]. Specifically, the order defined a class of claimants as "PPICs" and, by extension, defined their claims as "PPIC Claims" – meaning, those claims "against the Debtors for injuries (including death), losses or asserted damages arising out of or related to the manufacture or sale of an airbag containing a PSAN Inflator or their component parts manufactured by the Debtors or their affiliates prior to the Petition Date, provided such individual is not otherwise identified as a creditor on the Debtors' schedules …." Bar Date Order ¶ 3.

9. The Bar Date Order set a PPIC Bar Date of December 27, 2017 (Bar Date Order ¶ 3(a)) and excepted the following class (among other classes of claims) from the need to comply with the Bar Date Order:

> any PPIC whose claim for personal injury is listed on the Schedules; provided, that the Schedules shall be amended within five (5) days hereof to include all persons who have provided written notice to the Debtors as of the date hereof of a claim asserting personal injury; provided further, that such amendments shall be acceptable to the Tort Committee ….

Bar Date Order ¶ 3(g)(3).

10. Pursuant to the Bar Date Order, Motley Rice worked in good faith with the Debtors and the TCC to identify the claimants represented by it who had provided written notice as of the date of entry of the Bar Date Order of a claim asserting personal injury. Substantially all of the Claimants were the subject of one or more communications pre-dating the Bar Date Order addressed to the Debtors and/or their agents and representatives which was sufficient to put them on notice of the Claimants' potential claims.

11. On November 16, 2017, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and Local Rules 2002-1(e), 3001-1, and 3003-1 for Authority to (i) Establish Supplemental Deadline and Related Procedures for Filing Proofs of Claim by, and (ii) Approve Procedures for Filing Notice of Supplemental Bar Date, and Other Important Dates and Information to, Certain Potential PSAN Inflator Claimants that Purchased Vehicles Subsequent to the Commencement of the Chapter 11 Cases* (the "Supplemental Bar Date Motion") [D.I. 1170].

12. On December 18, 2017, this Court entered an order with respect to the Supplemental Bar Date Motion [D.I. 1395], setting February 6, 2018 as the supplemental bar date.

13. On November 15, 2017, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 502, 1125, 1126, and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2001-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* (the "Solicitation/Voting Procedures Motion") [D.I. 1165].

14. On January 5, 2018, this Court entered an order approving the Solicitation/Voting Procedures Motion (the "Solicitation/Voting Procedures Order") [D.I. 1165].

15. Pursuant to paragraph 41(g) of the Solicitation/Voting Procedures Order,

any PPIC Claim, whether listed in the Schedules (solely with respect to any PPIC that was not required to file a PPIC Proof of Claim pursuant to the Bar Date Order) or for which a PPIC Proof of Claim has been timely filed, regardless of whether such PPIC Claim is wholly or partially contingent or non-contingent, liquidated or unliquidated, or disputed or undisputed, is accorded one (1) vote and valued at One Dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (j) below.

16. Subsequent to entry of the Solicitation/Voting Procedures Order, Motley Rice representatives assisted their respective clients in connection with the voting process, including interfacing with the Debtors and their court-approved tabulation/voting agent, Prime Clerk, regarding obtaining ballot IDs for such clients in the event they did not receive one. In the past week, those efforts intensified in light of developments with Plan negotiations. Those efforts resulted in the list of Claimants attached as Exhibit A who did not receive Plan ballot(s).

17. Counsel to the Claimants reached out to the Debtors in an effort to obtain Plan ballot(s) for them. Counsel for the Debtors told Claimants' counsel that the Claimants would not be permitted to vote because their claims were neither scheduled nor memorialized by a filed proof

of claim.

18. Presently, the deadline to cast votes on the Plan is February 14, 2018 at 5:00 PM ET.

**RELIEF REQUESTED**

19. By this Motion, the Claimants request entry of an order temporarily allowing their respective claims for Plan voting purposes and extending the voting deadline to permit their votes to be cast.

**GROUNDS/BASIS FOR RELIEF**

20. The instant Motion should be granted for two reasons. First, under the terms of the Bar Date Order, the Debtors were required to schedule most of the Claimants' claims because the Debtors were on notice of such claims prior to entry of the Bar Date Order. Second, even if the Debtors were not obligated to schedule the Claimants' claims and, by extension, the Debtors dispute the claims, the Motion should be granted because the presumption under applicable law in favor of voting and participation in the chapter 11 process militates in favor of granting the Motion pending a request by the Claimants to have their claims deemed timely filed or, alternatively, permit their late filing.

21. Paragraph 3(g)(3) of the Bar Date Order imposed an obligation on the Debtors to identify claims which they had received notice of as of entry of the Bar Date Order and to incorporate said claims into their schedules ("the Schedules shall be amended ...."). Here, the Debtors were on notice of substantially all of the Claimants' claims – for example, via as-filed (and served) copies of complaints made in civil litigation. The Debtors' mere receipt of such notice imposed an obligation on them to include same in their filed schedules, and the fact they did not do so should not deprive the Claimants of their voting rights.

22. Even if the Debtors take the position that they were not obligated to schedule the Claimants' claims, the Claimants should be permitted to vote on the Plan pending this Courts' resolution of their request to deem their claims timely filed or, alternatively, permit their late filing.

23. Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." FED. R. BANKR. P. 3018(a).

24. The decision to grant temporary allowance of a claim for voting purposes under Bankruptcy Rule 3018 is at the reasonable discretion of the bankruptcy court. *See Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). There is, however, a presumption in favor of temporarily allowing a disputed claim for purposes of voting. *See In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of chapter 11 which encourages creditor vote and participation in the reorganization process.").

25. The Claimants submit that the Court should temporarily allow their claims for voting purposes. Temporarily allowing the claims for voting purposes under these circumstances is both fair and equitable and will not prejudice the Debtors.

WHEREFORE, the Claimants respectfully request that the Court enter an order, substantially in the form attached hereto, temporarily allowing the claims for purposes of accepting or rejecting the Plan, and granting such other and further relief as is appropriate under the circumstances.

Dated: February 14, 2018
       Wilmington, Delaware

CIARDI CIARDI & ASTIN

By: */s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
jmcmahon@ciardilaw.com

-and-

Kevin R. Dean, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9152 telephone
(843) 216-9450 facsimile
kdean@motleyrice.com

*Counsel to the Claimants*