**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>TK Holdings, Inc., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11375 (BLS)<br><br>**Related Docket Nos. 1629, and 1860**<br>**Hearing Date: Feb. 16, 2018 at 10:30 a.m.**<br>**Objection Deadline: Extended to Feb. 14, 2018** |

**OBJECTION OF MICHAEL O'BOYLE, THOMAS MESSNER, DON SCHIEMANN, SHAN CONG, AND ALBY BERMAN TO (I) NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CONFIRMATION OF THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF TK HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

NOW COMES, Michael O'Boyle, Thomas Messner, Don Schiemann, Shan Cong, and Alby Berman (collectively the "O'Boyle Objectors") by and through their undersigned counsel, hereby submit this objection in response to (i) the *Notice of Rejection of Executory Contracts and Unexpired Leases* [D.I. 1860, filed January 31, 2018] (the "Rejection Notice"), and (ii) the *Third Amended Joint Chapter 11 Plan of Reorganization of T.K. Holdings, Inc. and its Affiliated Debtors* [D.I. 1629, filed January 5, 2018] (the "Plan"), and in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

The O'Boyle Objectors make this objection to the Rejection Notice, and, to the extent it would in any way preclude or limit their ability to assert their claims against the Debtors

---

[1] The debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise noted, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

#47397164 v2

in full, confirmation of the proposed Plan. The O'Boyle Objectors also object in order to preserve all of their rights as creditors of the Debtors and to preserve their rights with respect to the Deferred Compensation Plan and other benefits that the O'Boyle Objectors earned while employees of TK Holdings Inc.

At this time, the O'Boyle Objectors are still attempting to determine what all of their rights are to their holdings in certain Deferred Compensation Plans and also attempting to determine how the Debtors and how Key Safety are attempting to treat their interests. The O'Boyle Objectors have received conflicting notices with the Debtors stating that they intend to reject a certain Deferred Compensation Plan but Key Safety stating that it intends to assume all contracts with them but setting the cure amounts at zero. The O'Boyle Objectors join in the concerns raised by Mr. and Mrs. Robert C. Fisher to their limited objection to the Debtors' cure notice, rejection notice and Plan regarding the lack of notice and time that they have had to evaluate the Debtors' proposed treatment of them.

The O'Boyle Objectors also object to the Debtors' attempt to shift the burden of reviewing contracts and making reasonable determinations in accordance with the Bankruptcy Code as to whether the contracts are executory and what the correct cure obligation would be in the event Debtors seek to assume the contracts.

## BACKGROUND

1. Each of the O'Boyle Objectors is a former employee of the Debtors and was a participant in the NQ II Deferred Compensation Plan (the "Deferred Compensation Plan").

2. In or about March of 2015, the O'Boyle Objectors were informed that the Deferred Compensation Plan was being cancelled due to lack of participation. The Deferred Compensation Plan was subject to Section 409a of the Internal Revenue Code ("IRC"). While all

2

#47397164 v2

of funds in each of the O'Boyle Objectors' Deferred Compensation Plan Account, originated from the O'Boyle Objectors' wages, in order to be able to defer taxes on the funds in the accounts, those funds were required to be subject to the claims of the Debtors' general creditors in certain circumstances. Because of the requirement that the funds in the Deferred Compensation Plan Accounts be subject to the claims of the Debtors' general creditors, the IRC barred liquidation of the Deferred Compensation Plan during the first year after termination. The IRC, however, also required that a once a Deferred Compensation Plan was terminated, the plan had to be fully liquidated between 13 and 24 months after cancelation. Accordingly, having terminated the Deferred Compensation Plan, the Debtors were required to fully liquidate the plan between March of 2016 and March of 2017. Indeed, the Debtors had informed the O'Boyle Objectors that the Deferred Compensation Plan would be fully liquidated as soon as practical after March of 2016. Instead of liquidating the Deferred Compensation Plan in compliance with the IRC, the Debtors sent an inaccurate and misleading communication to the O'Boyle Objectors stating that they did not deem it prudent to liquidate the plan in March of 2016 due to possible adverse tax consequences. As of March 2017, the Debtors were obligated under the IRC to liquidate the Deferred Compensation Plan and, accordingly, at that time the wages that the O'Boyle Objectors had deferred became the full property of the O'Boyle Objectors which were no longer available to the claims of general creditors.

       3. The Debtors filed their bankruptcy petition in May of 2017. This was months after the deadline had passed to fully liquidate the plan. In January of 2018, if the Deferred Compensation Plan had not been terminated and fully liquidated earlier, the O'Boyle Objectors would have expected an annual distribution. Just weeks ago, however, the Debtors informed the O'Boyle Objectors that no distributions would be made from the funds in their Deferred

Compensation Accounts and that the Deferred Compensation Plan was considered an executory contract and was being rejected. The Debtors, however, also asserted that current employees who were transitioning over to Key Safety would be entitled to receive the funds in their Deferred Compensation Plan Accounts. Then over the February 11-12 weekend the O'Boyle Objectors received notice from Key Safety that Key Safety would be assuming their contracts as well as a notice from the Official Committee of Unsecured Creditors urging them to accept the amount that Key Safety asserted as the cure amount, which cure amount was zero.

4. On January 5, 2018, the Debtors filed the Plan, which contemplates that certain contracts and agreements will be assumed and assigned to the Plan Sponsor, assumed by the relevant Debtor, or rejected.

5. On January 5, 2018, the Court entered its *Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [D.I. 1639] (the "Disclosure Statement Order"), which provides, among other things, that the Debtors "shall file and serve the Notice of Cure Amount no later than thirty (30) days prior to the Confirmation Hearing Date and shall file and serve any Reorganized Takata Assumption Notices or Rejection Notices on or prior to **January 30, 2018.**" (Disclosure Statement Order, ¶ 31, emphasis in original).

6. On January 31, 2018, after the deadline established by the Disclosure Statement Order for doing so had passed, the Debtors filed the Rejection Notice, in which each of the Agreements are identified for rejection as of the effective date of the Plan.

## OBJECTION

**7.** The O'Boyle Objectors object to any efforts on the part of the Debtors to treat their interest in funds held in their Deferred Compensation Plan Accounts in any manner other than belonging to the O'Boyle Objectors. The O'Boyle Objectors are confused by the conflicting notices asserting that the Debtors are rejecting the Deferred Compensation Plan (which had been terminated in March of 2015 and was required under the IRC to be fully liquidated by March of 2017) while also receiving notices from Key Safety that their contracts are being assumed coupled with communication from the Committee urging them to agree the zero cure amounted asserted by Key Safety.

8. Additionally, the O'Boyle Objectors object to the Rejection Notice on the grounds that the Debtors have failed to show, or even assert, that the Agreements are executory thereby permitting rejection under Section 365 of the Bankruptcy Code. As stated above, the O'Boyle Objectors believe that, in accordance with the communications that they received from the Debtors regarding the termination of the Deferred Compensation Plan and the requirements of the IRC mandating a prompt liquidation once the funds in the Deferred Compensation Plan Accounts were available to the Debtors' general creditors for the year following the termination, that the Deferred Compensation Plan ceased to be an executory contract but instead became the property of the O'Boyle Objectors no longer subject to claims of general creditors.

### RESERVATION OF RIGHTS

9. The O'Boyle Objectors respectfully reserve all rights with respect to their interests in the Deferred Compensation Plan, the Rejection Notice, the proposed Plan, and their right to supplement this objection and assert additional objections.

WHEREFORE, the O'Boyle Objectors respectfully submit this objection to the Rejection Notice and to confirmation of the Plan to the extent their rights with respect to the

#47397164 v2

Deferred Compensation Plan would be prejudiced and request such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 14, 2018<br>       Wilmington, Delaware | Respectfully submitted,<br><br>**WERB & SULLIVAN**<br><br>*/s/* _Brian A. Sullivan_____<br>Brian A. Sullivan (No. 2098)<br>Duane D. Werb (No. 1042)<br>1225 N. King Street, Suite 600<br>PO Box 25046<br>Wilmington, Delaware 19899<br>Telephone: (302) 652-1100<br>Facsimile: (302) 652-1111<br>Email: bsullivan@werbsullivan.com<br>Email:  dwerb@werbsullivan.com<br><br><br>*Counsel for Michael O'Boyle, Thomas Messner,*<br>*Don Schiemann, Shan Cong, and Alby Berman* |

7

#47397164 v2

## **CERTIFICATE OF SERVICE**

I, Brian A. Sullivan, hereby certify that on February 14, 2018, a copy of the foregoing document was electronically filed by CM/ECF, and I caused copies to be served upon the following parties by electronic mail:

| | |
|---|---|
| *Debtors*<br>TK Holdings Inc.<br>2500 Takata Drive<br>Auburn Hills, Michigan 48326<br>Attn:  Keith Teel, Esq.<br>       (Keith.Teel@Takata.com) | *Office of the U.S. Trustee*<br>Office of the U.S. Trustee for the District of Delaware<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19899<br>Attn:  David Buchbinder, Esq.<br>       (David.l.Buchbinder@usdoj.gov)<br>       Jane Leamy, Esq.<br>       (Jane.M.Leamy@usdoj.gov) |
| *Counsel to the Debtors*<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:  Marcia L. Goldstein, Esq.<br>       (Marcia.Goldstein@weil.com)<br>       Ronit J. Berkovich, Esq.<br>       (Ronit.Berkovich@weil.com)<br>       Matthew P. Goren, Esq.<br>       (Matthew.Goren@weil.com) | *Counsel to the Creditors' Committee*<br>Milbank, Tweed, Hadley & McCloy LLP<br>28 Liberty Street<br>New York, New York 10005<br>Attn:  Dennis F. Dunne, Esq.<br>       (DDunne@milbank.com)<br>       Abhilash M. Raval, Esq.<br>       (ARaval@milbank.com)<br>       Tyson Lomazow, Esq.<br>       (TLomazow@milbank.com)<br>       Mary Reidy Doheny, Esq.<br>       (MDoheny@milbank.com) |
| *Co-Counsel to the Debtors*<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Attn:  Mark D. Collins, Esq.<br>       (Collins@RLF.com)<br>       Michael J. Merchant, Esq.<br>       (Merchant@RLF.com) | *Counsel to the Tort Claimants' Committee*<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899<br>Attn:  Laura Davis Jones, Esq.<br>       (LJones@pszjlaw.com)<br>       James I. Stang, Esq.<br>       (JStang@pszjlaw.com) |

-2-

| | |
|---|---|
| *Counsel to the Plan Sponsor*<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606-1 720<br>Attn:  Ron E. Meisler, Esq.<br>      (Ron.Meisler@skadden.com)<br>      Felicia Gerber Perlman, Esq.<br>      (Felicia.Perlman@skadden.com) | *Counsel to the Future Claimants' Representative*<br>Frankel Wyron LLP<br>2101 L Street, NW Suite 800<br>Washington, DC 20037<br>Attn:  Richard H. Wyron, Esq.<br>      (RWyron@frankelwyron.com)<br><br>Ashby & Geddes, P.A.<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899-1150<br>Attn:  Karen B. Owens, Esq.<br>      (kowens@ashbygeddes.com)<br>      William P. Bowden, Esq.<br>      (wbowden@ashbygeddes.com) |
| *Counsel to the Consenting OEMs* Morris, Nichols, Arsht & Tunnell LLP 1201 N. Market Street<br>  Wilmington, DE 19899-1347<br>  Attn:  Derek C. Abbott, Esq.<br>        (DAbbott@mnat.com) | |

Dated: February 14, 2018         /s/ Brian A. Sullivan
                                 Brian A. Sullivan (DE No. 2098)