**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11
                                                      :
TK HOLDINGS INC., et al.,                             :   Case No. 17-11375 (BLS)
                                                      :
                    Debtors.¹                         :   Jointly Administered
                                                      :
------------------------------------------------------x   Re: Docket No. 2050
```

**DEBTORS' MOTION PURSUANT TO LOCAL RULES 1001-1(C) AND 3017-3 FOR LEAVE TO EXCEED PAGE LIMIT REQUIREMENTS WITH RESPECT TO DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF TK HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND RESPONSE TO OBJECTIONS TO CONFIRMATION**

TK Holdings Inc. ("***TKH***") and its affiliated debtors in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully represent as follows in support of this motion (this "***Motion***"):

**Relief Requested**

1. By this Motion, pursuant to Rules 1001-1(c) and 3017-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), authorizing the Debtors to exceed the page limit requirement for the *Debtors' Memorandum of Law in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A) ("***IIM***"); Takata de Mexico, S.A. de C.V. (N/A) ("***TDM***"); and Strosshe-Mex, S. de R.L. de C.V. (N/A) ("***SMX***"). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

RLF1 18871842v.1

*Debtors and Response to Objections to Confirmation* (the "**Confirmation Brief**"),[2] filed contemporaneously herewith.

## Jurisdiction

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On June 25, 2017 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 7, 2017, the United States Trustee for Region 3 appointed the statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Creditors' Committee**") and the statutory committee of tort claimant creditors pursuant to section 1102(a)(2) of the Bankruptcy Code (the "**Tort Claimants' Committee**"). On September 6, 2017, the Bankruptcy Court, pursuant to sections 105 and 1109(b) of the Bankruptcy Code, appointed Roger Frankel as the legal representative (the "**Future Claims Representative**" or the "**FCR**") for individuals who sustain injuries related

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Confirmation Brief.

to PSAN Inflators after the Petition Date.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1.

5. On the Petition Date, in coordination with the commencement of the Chapter 11 Cases, Takata Corporation, the Debtors' ultimate corporate parent ("**TKJP**" and, together with its direct and indirect global subsidiaries, including the Debtors, "*Takata*"), together with Takata Kyushu Corporation and Takata Service Corporation (collectively, the "*Japan Debtors*"), commenced civil rehabilitation proceedings under the Civil Rehabilitation Act of Japan (the "*Japan Proceedings*") in the 20th Department of the Civil Division of the Tokyo District Court (the "*Tokyo District Court*").  On August 9, 2017, the Japan Debtors filed petitions with the Bankruptcy Court seeking recognition of the Japan Proceedings.  The Bankruptcy Court entered an order recognizing the Japan Proceedings on November 14, 2017.

6. On June 28, 2017, the Debtors commenced an ancillary proceeding under the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended (the "*CCAA*") in the Ontario Superior Court of Justice (Commercial List) (the "*Canadian Court*") in Ontario, Canada.  Similarly, on August 25, 2017, the Debtors petitioned the Tokyo District Court for recognition of these Chapter 11 Cases under Article 17(1) of the Act on Recognition of and Assistance for Foreign Insolvency Proceedings.  On September 6, 2017, the Tokyo District Court granted the Debtors' petition.

7. On January 5, 2018, the Debtors filed their Plan and related disclosure statement [Docket No. 1630] (the "*Disclosure Statement*").  By order, dated January 5, 2018 [Docket No.

3

1639] (the "**Solicitation Procedures Order**"), the Court approved the adequacy of the information contained in the Disclosure Statement and the Debtors commenced solicitation of the Plan shortly thereafter. The hearing on confirmation of the Plan is scheduled for February 16, 2018 at 10:00 a.m. (Prevailing Eastern Time).

8.   To date, the Debtors have received approximately thirty (30) informal and formal objections and responses to the Plan (collectively, the "**Objections**"), including Objections from the U.S. Trustee, the Texas Commission of Environmental Quality, certain confidential whistleblowers, Xin Point North America, the IRS, the Attorneys Information Exchange Group, the Special Master, Howard & Howard Attorneys PLLC, Pacific Sintered Metals, Inc., Infor (US), Inc., Mitsui Sumitomo Insurance Company, Ltd., Automotive Coalition for Traffic Safety, Inc., the States, De Los Santos Olveda and certain other tort claimants, Samuel M. Johnson, the EPA, several executory contract counterparties, certain PSAN PI/WD claimants, and several other individuals (or parties on their behalf).

## Basis For Relief

9.   Local Rule 3017-3 provides, in relevant part, that "in all chapter 11 cases, without leave of the Court, . . . no brief in support of . . . confirmation of a plan . . . shall exceed sixty (60) pages (exclusive of any tables, exhibits, addenda or other supporting materials)." Del. Bankr. L.R. 3017-3.  Local Rule 1001-1(c) provides that the Local Rules "may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c).  Accordingly, a brief such as the Confirmation Brief may exceed sixty (60) pages with leave of the court.

10.   The Debtors respectfully submit that their request to exceed the page limitations prescribed by Local Rule 3017-3 in connection with the Confirmation Brief is reasonable and appropriate under the circumstances. The Confirmation Brief, as filed, is approximately 110

4

pages, describes in detail the Plan and the requirements for confirmation, and summarizes the status of all Objections filed to the Plan and the Debtors' responses thereto.  In light of the volume of Objections that were filed and the complexity of the matters pertinent to confirmation of the Plan, the Debtors believe that they simply would be unable to provide the Court with the information necessary for the full and fair adjudication of the matters to be considered within the sixty-page limit.  Accordingly, the Debtors submit that there is more than ample justification for granting the Debtors leave to file the Confirmation Brief in excess of sixty (60) pages in length.

## Notice

11.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware (Attn: David Buchbinder, Esq. and Jane Leamy, Esq.); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Offices of the United States Attorney for each of the District of Delaware and the Eastern District of Michigan; (v) NHTSA; (vi) each of the Consenting OEMs; (vii) the Plan Sponsor; (viii) counsel for each of the Creditors' Committee and the Tort Claimants' Committee; and (ix) all parties who have requested service of notices in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that such notice is sufficient under the circumstances.

## No Previous Request

12.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:   February 14, 2018
         Wilmington, Delaware

/s/ *Michael J. Merchant*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brett M. Haywood (No. 6166)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein
Ronit J. Berkovich
Matthew P. Goren
Jessica Diab
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors
and Debtors in Possession*