**Exhibit A**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
--------------------------------------------------------x
                                           :
In re                                      :        Chapter 11
                                           :
TK HOLDINGS INC., et al.,                  :        Case No. 17-11375 (BLS)
                                           :
             Debtors.¹                     :        (Jointly Administered)
                                           :
                                           :        Re:  Docket No.
--------------------------------------------------------x
```

## ORDER PURSANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN THE DEBTORS AND ATTORNEYS GENERAL MULTISTATE WORKING GROUP

Upon the motion, dated February 14, 2018 (the "**Motion**"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for approval of the Settlement Agreement, attached hereto as **Schedule 1**, between the Debtors and the States, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      Pursuant to section 105(a) of the Bankruptcy and Code and Bankruptcy Rule 9019, the Settlement Agreement is approved, and the Debtors are authorized to enter into the Settlement Agreement and perform their obligations thereunder.

3.      The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018
      Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 18890238V.1

# **Schedule 1**

## **Settlement Agreement**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------x
                                    :

In re                          :        **Chapter 11**
                                      :

**TK HOLDINGS INC.,** *et al.,*     :        **Case No. 17-11375 (BLS)**
                                      :        **Jointly Administered**

             **Debtors.**[1]        :
                                      :

-------------------------------------------------------x

## CONSENT DECREE AND SETTLEMENT AGREEMENT

      This Consent Decree and Settlement Agreement (the "***Settlement Agreement***") is made and entered into as of the 14th day of February 2018 (the "***Signing Date***"), by and among TK HOLDINGS INC. ("***TKH***") and the Attorneys General of the States, Commonwealths, Districts, or Territories of ALABAMA, ALASKA, ARIZONA, ARKANSAS, CALIFORNIA, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS, KENTUCKY, LOUISIANA, MAINE, MARYLAND, [2] MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, UTAH, VIRGINIA, WASHINGTON, and WISCONSIN (each

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] For purposes of this Consent Decree and Settlement Agreement, any references to Maryland shall be read to refer to the Consumer Protection Division, Office of the Attorney General of Maryland.

a "***State***" and collectively, the "***States***" and, together with TKH, each a "***Party***" and collectively, the "***Parties***"). All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors*, filed February 14, 2018 [Docket No. 2056] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "***Plan***"); *provided, however,* that any modifications to such defined terms after the Signing Date shall only modify the terms set forth herein as agreed to by the Parties.

## RECITALS

1.      **WHEREAS**, on June 25, 2017 (the "***Petition Date***"), TKH and its affiliated debtors in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***"), as debtors and debtors in possession (collectively, the "***Debtors***"), each commenced with this Court (the "***Bankruptcy Court***") a voluntary case under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

2.      **WHEREAS**, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

3.      **WHEREAS**, the Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***");

4.      **WHEREAS**, on the Petition Date, in coordination with the commencement of the Chapter 11 Cases, Takata Corporation, the Debtors' ultimate corporate

2

parent ("**TKJP**" and, together with its direct and indirect global subsidiaries, including TKH, "**Takata**"), together with Takata Kyushu Corporation and Takata Service Corporation (collectively, the "**Japan Debtors**"), commenced civil rehabilitation proceedings under the Civil Rehabilitation Act of Japan (the "**Japan Proceedings**") in the 20th Department of the Civil Division of the Tokyo District Court (the "**Tokyo District Court**");

5.     **WHEREAS**, on August 9, 2017, the Japan Debtors filed petitions with the Bankruptcy Court seeking recognition of the Japan Proceedings, and on November 14, 2017, the Bankruptcy Court granted the Japan Debtors' petitions and entered an order recognizing the Japan Proceedings;

6.     **WHEREAS**, the Debtors assert that the Debtors in the Chapter 11 Cases and the Japan Debtors are legally distinct and separate from each other and represent only the interests of, and are only responsible for actions and liabilities of, their respective estates;

7.     **WHEREAS**, in April 2015, an Attorneys General Multistate Working Group ("**MSWG**") was formed to investigate, among other things, the business practices of TKH;

8.     **WHEREAS**, each State is a member of the MSWG;

9.     **WHEREAS**, the MSWG investigation was prompted by reports of airbag ruptures which resulted in fragments of the airbag inflator piercing the airbag and injuring and killing Motor Vehicle drivers and passengers;

10.     **WHEREAS**, these ruptures have prompted the National Highway Traffic Safety Administration ("**NHTSA**") and certain original equipment manufacturers of Motor Vehicles ("**OEMs**") to initiate extensive Recalls of Motor Vehicles equipped with Takata airbag inflators containing phase-stabilized ammonium nitrate ("**PSAN Inflators**") in the United States and abroad;

11.     **WHEREAS**, as of June 2017, over sixty million (60,000,000) non-desiccated PSAN Inflators in the United States and more than sixty four million (64,000,000) non-desiccated PSAN Inflators outside of the United States have been recalled or will be subject to Recalls based on announced schedules;

12.     **WHEREAS**, on July 11, 2017, TKH filed with NHTSA a Defect Information Report and initiated the recall of approximately three million (3,000,000) PSAN Inflators in the United States that were desiccated with the propellant formulation codenamed "2004", which utilizes calcium sulfate as a desiccant;

13.     **WHEREAS**, the Recalls of Motor Vehicles containing PSAN Inflators have affected tens of millions of Consumers in the United States, including Consumers located within the jurisdiction of the States;

14.     **WHEREAS**, NHTSA issued Consent Orders dated May 18, 2015 and November 3, 2015 and the Amendment, dated May 4, 2016, to the November 3, 2015 Consent Order in the NHTSA proceeding captioned *In re EA 15-001 Air Bag Inflator Rupture* (as each may be further amended, modified, or supplemented, collectively the "***NHTSA Consent Order***") requiring TKH to implement a series of actions, including the hiring of an independent monitor, the phasing out of the manufacture and sale of non-desiccated PSAN Inflators by the end of 2018, the testing of desiccated PSAN Inflators to determine whether such inflators are defective and to determine the service life and safety of such inflators, the submission to NHTSA of a detailed written report regarding the history of the rupturing PSAN Inflators, the termination of certain employees, the appointment of a Chief Safety and Accountability Officer who oversees compliance by Takata and its employees with the process improvements, the implementation of written procedures and training programs established by the independent monitor, improvements

to Takata's internal whistleblower reporting system, the payment of a Seventy Million Dollar ($70,000,000) non-contingent civil penalty over a five (5) year period, and the potential payment of a One Hundred Thirty Million Dollar ($130,000,000) contingent civil penalty;

15.     **WHEREAS**, on December 23, 2015, NHTSA appointed John Buretta, a partner at the law firm Cravath, Swaine & Moore LLP ("***Cravath***"), as the independent monitor (the "***NHTSA Monitor***") tasked with reviewing and assessing TKH's compliance with its obligations under the NHTSA Consent Order and with overseeing, monitoring, and assessing TKH's compliance with its obligations under that certain Coordinated Remedy Order promulgated by NHTSA on November 3, 2015 (as amended December 9, 2016, and as may be further amended, modified, or supplemented, the "***Coordinated Remedy Order***"), which order established a schedule, based on the relative risk of inflator rupture, by which OEMs must implement and execute Recalls (including by acquiring a sufficient supply of remedy parts);

16.     **WHEREAS**, on January 13, 2017, TKJP, the Department of Justice, Criminal Division, Fraud Section (the "***DOJ***"), and the U.S. Attorney's Office for the Eastern District of Michigan announced and submitted to the District Court for the Eastern District of Michigan a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (the "***Plea Agreement***") whereby TKJP pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343 and agreed to pay a criminal fine of Twenty-Five Million Dollars ($25,000,000), which fine the Debtors represent was paid on March 29, 2017;

17.     **WHEREAS**, pursuant to the Plea Agreement and a restitution order promulgated thereunder (the "***Restitution Order***" and, collectively with the Plea Agreement, the "***DOJ Order***"), TKJP committed to make, either directly or through its affiliates and subsidiaries, the following payments (the "***Restitution Payments***"):   (a) Eight Hundred Fifty

Million Dollars ($850,000,000) payable to automobile manufacturers within five (5) days after the closing of a sale of Takata, which sale must occur by no later than February 27, 2018, and (b) One Hundred Twenty Five Million Dollars ($125,000,000) payable to the DOJ on or around March 29, 2017 to recompense individuals who suffered (or will suffer) personal injury caused by the rupture of a PSAN Inflator;

18. **WHEREAS**, the Debtors represent that Takata timely made the Restitution Payment set forth in clause (b) above, but, if the remaining Restitution Payment is not satisfied in full by March 4, 2018, the DOJ retains the right to withdraw the Plea Agreement and to pursue criminal charges and penalties above and beyond those set forth in the Plea Agreement and to bring such charges and penalties against all Takata entities, including, *inter alia*, TKH;

19. **WHEREAS**, on November 16, 2017, the Debtors entered into an agreement with Joyson KSS Auto Safety S.A. ("***KSS***" and, collectively with one or more of its current or future subsidiaries or affiliates, the "***Plan Sponsor***") whereby, subject to certain conditions, KSS will purchase substantially all of Takata's worldwide assets (excluding PSAN Inflator-related assets), free and clear of all Claims, Interests, Liens, other encumbrances, and liabilities of any kind or nature whatsoever, including rights or claims based on any successor or transferee liabilities, for an aggregate purchase price of One Billion Five Hundred Eighty-Eight Million Dollars ($1.588 Billion) (the "***Global Transaction***");

20. **WHEREAS**, and as described in the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors*, dated January 5, 2018 [Docket No. 1640], with respect to the Debtors, the Global Transaction will be implemented pursuant to the Plan, that certain U.S. Acquisition Agreement,

filed on November 3, 2017 [Docket No. 1110] (together with all schedules, exhibits, or attachments thereto, and as may be modified, amended or supplemented from time to time, the "***U.S. Acquisition Agreement***"), and certain other related transaction documents described therein and in the Plan Supplement;

21.     **WHEREAS**, on October 4, 2017 the Court entered an order [Docket No. 959] (the "***Bar Date Order***") which authorized the Debtors to provide notice of the deadlines and procedures associated with filing Claims against the Debtors to all creditors as well as approximately eighty-three million (83 million) individuals who own, or may have owned, vehicles equipped with PSAN Inflators or component parts manufactured or sold by the Debtors (each such individual a "***Potential PSAN Inflator Claimant***" or a "***PPIC***" and, collectively, the "***PPICs***");

22.     **WHEREAS**, pursuant to the Bar Date Order, the Bankruptcy Court established (a) November 27, 2017 as the deadline for creditors other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and PPICs to file proofs of claim against the Debtors (the "***General Bar Date***"), (b) December 22, 2017 as the deadline for Governmental Units to file proofs of claim against the Debtors (the "***Governmental Bar Date***"), and (c) December 27, 2017 as the deadline for all PPICs to file proofs of claim against the Debtors (the "***PPIC Bar Date***" and collectively with the General Bar Date and the Governmental Bar Date, the "***Bar Dates***");

23.     **WHEREAS**, many of the States have timely filed proofs of claim, and other States might file and seek approval of late-filed proofs of claim in the Chapter 11 Cases against TKH, which set forth certain claims and causes of action under state consumer protection laws constituting State Consumer Protection Claims (as such term is defined in paragraph 78), as

follows:  Nos. 4153 and 4211 (Alabama), 4224 (Arizona), 4198 (Arkansas), 4167 and 4229 (California), 4127 (Connecticut), 4147 (District of Columbia), 4142 (Florida), 4196 (Georgia), 4049 (Idaho), 4163 (Illinois), 4219, 4220, and 4377 (Indiana), 4174 (Iowa), 4137 (Kansas), 4234 (Kentucky), 4242 (Louisiana), 4209 and 4325 (Maine), 4197 (Maryland), 4308 (Massachusetts), 4166 (Michigan), 4237 (Minnesota), 4122 (Missouri), 4133 (Nebraska), 4221 (Nevada), 4140 (New Jersey), 4143 (New York), 4212 and 4213 (North Carolina), 4119 (Ohio), 4236 (Oklahoma), 4243 (Oregon), 4168 (Pennsylvania), 4222 (South Carolina), 4210 (South Dakota), 4226 (Tennessee), 4381 (Texas), 4134 (Utah), 4069 (Virginia), 4141 (Washington), and 4117 (Wisconsin);

24.     **WHEREAS**, the MSWG has incurred One Hundred Thirty-Nine Thousand Three Hundred Forty-Nine Dollars and Five Cents ($139,349.05) in expenses investigating the business practices of Takata that gave rise to the State Consumer Protection Claims (the "*MSWG Expenses*");

25.     **WHEREAS**, the Parties have reached an amicable agreement to resolve the State Consumer Protection Claims and conclude the investigation of the MSWG into TKH;

26.     **WHEREAS**, in consideration of, and in exchange for, the promises and covenants herein, the Parties hereby agree to the terms and provisions of this Settlement Agreement;

27.     **WHEREAS**, on February 14, 2018, the Debtors filed the Plan;

28.     **WHEREAS**, the Parties have agreed to the entry of this Settlement Agreement by the Bankruptcy Court pursuant to Bankruptcy Rule 9019;

29.     **WHEREAS**, the States have agreed to the provisions and language of this Settlement Agreement based on the unique facts and circumstances present in these Chapter 11

Cases, and nothing in this Settlement Agreement shall be treated as having any precedential value in any other bankruptcy or matter;

30.     **WHEREAS**, the obligations undertaken by TKH pursuant to this Settlement Agreement are in the nature of compromises and it is the position of the States that these obligations are less onerous than the States would seek in the absence of this settlement; and

31.     **WHEREAS**, this Settlement Agreement is fair, reasonable, and in the public interest, and is an appropriate means of resolving the matters addressed in this Settlement Agreement;

32.     **NOW, THEREFORE**, without the admission of any wrongdoing, the violation of any law, or any liability, and without the adjudication of any issue of fact or law, and upon the consent and agreement of the Parties by their authorized attorneys and authorized officials, it is hereby agreed as follows:

<u>JURISDICTION AND VENUE</u>

33.     The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157, 1331, and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules, the Parties consent to the entry of a final order by the Bankruptcy Court in connection with this Settlement Agreement to the extent that it is later determined that the Bankruptcy Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES BOUND; SUCCESSION AND ASSIGNMENT

34.     This Settlement Agreement applies to, is binding upon, and shall inure to the benefit of the Parties hereto, their legal successors and assigns, and any trustee, examiner, or receiver appointed in the Bankruptcy Cases.  For the avoidance of doubt, upon the occurrence of the Effective Date of the Plan, Reorganized TK Holdings shall be TKH's sole successor and assign for purposes of this Settlement Agreement.

## DEFINITIONS

35.     Unless otherwise expressly provided herein, terms used in this Settlement Agreement that are defined in the Bankruptcy Code shall have the meaning assigned to them in the Bankruptcy Code.  Whenever the terms listed below are used in this Settlement Agreement, the following definitions shall apply:

36.     "*Advertise*," "*Advertisement*," or "*Advertising*" mean any written, oral, or electronic statement, illustration, or depiction that is designed to create interest in the purchasing of, impart information about the attributes of, publicize the availability of, or effect the sale or use of, goods or services, whether the statement appears in a brochure, certification, newspaper, magazine, free-standing insert, marketing kit, leaflet, circular, mailer, book insert, letter, catalogue, poster, chart, billboard, public-transit card, point-of-purchase display, package insert, package label, product instructions, electronic mail, website, mobile application, homepage, film, slide, radio, television, cable television, program-length commercial or "infomercial," or any other medium.

37.     "*Affected Vehicle(s)*" means the tens of millions of Motor Vehicles in the United States subject to TKH's airbag-related Recalls, whether currently or in the future, including without limitation:  Model Year 2003 Acura 3.2CL, 2002-2003 Acura 3.2TL, 2013-2016 Acura ILX, 2013-2014 Acura ILX Hybrid, 2003-2006 Acura MDX, 2007-2016 Acura

RDX, 2005-2012 Acura RL, 2009-2014 Acura TL, 2009-2014 Acura TSX, 2010-2013 Acura ZDX, 2006-2013 Audi A3, 2005-2008 Audi A4 Avant, 2006-2009 Audi A4 Cabriolet, 2005-2008 Audi A4 Sedan, 2010-2011 Audi A5 Cabriolet, 2003-2011 Audi A6 Avant, 2005-2011 Audi A6 Sedan, 2009-2012 Audi Q5, 2017 Audi R8, 2008 Audi RS 4 Cabriolet, 2007-2008 Audi RS 4 Sedan, 2005-2008 Audi S4 Avant, 2007-2009 Audi S4 Cabriolet, 2005-2008 Audi S4 Sedan, 2010-2012 Audi S5 Cabriolet, 2007-2011 Audi S6 Sedan, 2016-2017 Audi TT, 2008-2013 BMW 1 Series, 2000-2013 BMW 3 Series, 2002-2003 BMW 5 Series, 2011-2015 BMW X1, 2007-2010 BMW X3, 2003-2013 BMW X5, 2008-2014 BMW X6, 2010-2011 BMW X6 Hybrid, 2007-2014 Cadillac Escalade, 2007-2014 Cadillac Escalade ESV, 2007-2013 Cadillac Escalade EXT, 2007-2013 Chevrolet Avalanche, 2007-2014 Chevrolet Silverado HD, 2007-2013 Chevrolet Silverado LD, 2007-2014 Chevrolet Suburban, 2007-2014 Chevrolet Tahoe, 2005-2015 Chrysler 300, 2007-2009 Chrysler Aspen, 2007-2008 Chrysler Crossfire, 2008-2009 Sterling Bullet, 2007-2009 Dodge Sprinter, 2007-2017 Freightliner Sprinter, 2010-2017 Mercedes-Benz Sprinter; 2008-2014 Dodge Challenger, 2006-2015 Dodge Charger, 2005-2011 Dodge Dakota, 2004-2009 Dodge Durango, 2005-2008 Dodge Magnum, 2003-2008 Dodge Ram 1500/2500/3500 Pickup, 2005-2009 Dodge Ram 2500 Pickup, 2007-2010 Dodge Ram 3500 Cab Chassis, 2006-2009 Dodge Ram 3500 Pickup, 2008-2010 Dodge Ram 4500/5500 Cab Chassis, 2010-2015 Ferrari 458 Italia, 2014-2015 Ferrari 458 Speciale, 2015 Ferrari 458 Speciale A, 2012-2015 Ferrari 458 Spider, 2016-2017 Ferrari 488 GTB, 2016-2017 Ferrari 488 Spider, 2009-2014 Ferrari California, 2015-2017 Ferrari California T, 2013-2017 Ferrari F12, 2016-2017 Ferrari F12 tdf, 2016 Ferrari F60, 2012-2016 Ferrari FF, 2017 Ferrari GTC4Lusso, 2012 Fisker Karma, 2007-2010 Ford Edge, 2006-2012 Ford Fusion, 2005-2006 Ford GT, 2005-2014 Ford Mustang, 2004-2011 Ford Ranger, 2007-2014 GMC Sierra HD, 2007-2013 GMC Sierra LD,

2007-2014 GMC Yukon, 2007-2014 GMC Yukon XL, 2001-2012 Honda Accord, 2001-2011 Honda Civic, 2003-2011 Honda Civic Hybrid, 2001-2011 Honda Civic NGV, 2010-2015 Honda Crosstour, 2002-2011 Honda CR-V, 2011-2015 Honda CR-Z, 2003-2011 Honda Element, 2010-2014 Honda FCX Clarity, 2007-2013 Honda Fit, 2013-2014 Honda Fit EV, 2010-2014 Honda Insight, 2002-2004 Honda Odyssey, 2003-2015 Honda Pilot, 2006-2014 Honda Ridgeline, 2003-2008 Infiniti FX, 2001 Infiniti I30, 2002-2004 Infiniti I35, 2006-2010 Infiniti M, 2002-2003 Infiniti QX4, 2009-2015 Jaguar XF, 2007-2016 Jeep Wrangler, 2007-2012 Land Rover Range Rover, 2007-2012 Lexus ES350, 2010-2017 Lexus GX460, 2006-2013 Lexus IS250/350, 2010-2015 Lexus IS250C/350C, 2008-2014 Lexus IS F, 2012 Lexus LFA, 2002-2010 Lexus SC430, 2007-2010 Lincoln MKX, 2006-2012 Lincoln Zephyr/MKZ, 2004-2009 Mazda B-Series, 2007-2012 Mazda CX-7, 2007-2015 Mazda CX-9, 2003-2011 Mazda6, 2006-2007 Mazda Mazdaspeed6, 2004-2006 Mazda MPV, 2004-2011 Mazda RX-8, 2016-2017 McLaren 570, 2015-2016 McLaren 650S, 2016 McLaren 675LT, 2012-2014 McLaren MP4-12C, 2011-2015 McLaren P1, 2005-2014 Mercedes-Benz C-Class, 2010-2011 Mercedes-Benz E-Class, 2011-2017 Mercedes-Benz E-Class Cabrio, 2010-2017 Mercedes-Benz E-Class Coupe, 2009-2012 Mercedes-Benz GL-Class, 2010-2015 Mercedes-Benz GLK-Class, 2009-2010 Mercedes-Benz ML-Class, 2009-2012 Mercedes-Benz R-Class, 2007-2008 Mercedes-Benz SLK-Class, 2011-2015 Mercedes-Benz SLS-Class, 2006-2011 Mercury Milan, 2012-2017 Mitsubishi i-MiEV, 2004-2007 Mitsubishi Lancer, 2004-2006 Mitsubishi Lancer Evolution, 2004 Mitsubishi Lancer Sportback, 2006-2009 Mitsubishi Raider, 2001-2003 Nissan Maxima, 2002-2004 Nissan Pathfinder, 2002-2006 Nissan Sentra, 2007-2012 Nissan Versa, 2003-2010 Pontiac Vibe, 2005-2006 Saab 9-2x, 2006-2011 Saab 9-3, 2006-2009 Saab 9-5, 2008-2009 Saturn Astra, 2008-2015 Scion XB, 2003-2006 Subaru Baja, 2009-2013 Subaru Forester, 2004-2011 Subaru

Impreza (Including WRX/STI), 2003-2014 Subaru Legacy, 2003-2014 Subaru Outback, 2006-2014 Subaru Tribeca, 2012-2014 Subaru WRX/STI, 2012-2016 Tesla Model S, 2010-2016 Toyota 4Runner, 2003-2013 Toyota Corolla, 2003-2008 Toyota Corolla Matrix, 2009-2013 Toyota Matrix, 2004-2005 Toyota Rav4, 2002-2006 Toyota Sequoia, 2011-2014 Toyota Sienna, 2003-2006 Toyota Tundra, 2006-2011 Toyota Yaris (Hatch Back), 2007-2012 Toyota Yaris (Sedan), 2009-2017 Volkswagen CC, 2010-2014 Volkswagen Eos, 2010-2014 Volkswagen Golf, 2013 Volkswagen Golf R, 2009-2013 Volkswagen GTI, 2012-2014 Volkswagen Passat, 2006-2010 Volkswagen Passat Sedan, and 2006-2010 Volkswagen Passat Wagon.

38.     "*Airbag System*" refers to a vehicle safety device that is intended to protect occupants in the event of a crash.  Airbag Systems contain, among other things, an inflator and an airbag and are designed so that in the event of certain types of vehicle collisions the airbag is deployed.

39.     "*Clear and Conspicuous*," when referring to a statement or disclosure, means that such statement or disclosure is disclosed in such size, color, contrast, location, duration, or audibility that it is readily noticeable, readable, understandable, or capable of being heard.  A statement may not contradict or be inconsistent with any other information with which it is presented.  If a statement modifies, explains, or clarifies other information with which it is presented, it must be presented in proximity to the information it modifies, in a manner that is likely to be noticed, readable, and understandable, and it must not be obscured in any manner.  Audio disclosures shall be delivered in a volume and cadence sufficient for a Consumer to hear and comprehend.  Visual disclosures shall be of a size and shade and appear on the screen for a duration sufficient for a Consumer to read and comprehend.  In a print Advertisement or promotional material, including, but without limitation, point of sale display or brochure

materials directed to Consumers, the disclosures shall be in a type size and location sufficiently noticeable for a Consumer to read and comprehend it, in a print that contrasts with the background against which it appears.

40. "***Competent and Reliable Scientific or Engineering Evidence***" means tests, analyses, research, studies, or other evidence conducted and evaluated in an objective manner by persons qualified to do so and using procedures or methodologies generally accepted by the relevant professional, scientific, or engineering community to yield accurate and reliable results. For purposes of this Settlement Agreement, Competent and Reliable Scientific or Engineering Evidence includes new tests, analyses, procedures, or methodologies, provided that they either (a) are based in relevant part on scientific or engineering principles generally accepted by the relevant professional, scientific, or engineering community, or (b) have yielded, or are reasonably expected to yield, accurate, reliable, and repeatable scientific or engineering results. Except as otherwise expressly set forth herein, or as otherwise provided by law, nothing in this Settlement Agreement shall be interpreted to require TKH to take any action that would impair any of TKH's rights under any law governing patents or trade secrets. Provided, however, that nothing herein shall be interpreted as allowing TKH to withhold production of documents to the States or their motor vehicle safety authorities based on a claim of patent or trade secret where, in the reasonable judgment of the State, reasonable confidentiality protections have been provided.

41. "***Consumer***" means any person, a natural person, individual, governmental agency or entity, partnership, corporation, limited liability company or corporation, trust, estate, incorporated or unincorporated association, or any other legal or

commercial entity, however organized to whom TKH directly or indirectly offered their airbags for sale.

42. "***Defect Information Report***" means that notice required by 49 U.S.C. § 30118(c), "*Notification of defects and noncompliance*."

43. "***Motor Vehicle***" refers to a vehicle that is self-propelled and is manufactured primarily for use on public streets, roads, or highways but does not include a vehicle operated on a rail line.

44. "***Recall***" or "***Recalls***" refers to any program undertaken by a Motor Vehicle manufacturer or Motor Vehicle component manufacturer, whether voluntarily or pursuant to an order by NHTSA, to withdraw, repair, replace, or remove from trade or commerce any vehicle or vehicle component. *See*, 49 U.S.C. §§ 30116 through 30120.

45. "***Represent***" means to state or imply through certifications, claims, statements, questions, conduct, graphics, symbols, lettering, formats, devices, language, documents, messages, or any other manner or means by which meaning might be conveyed. This definition applies to other forms of the word "***Represent***," including without limitation, "***Representation***," "***Misrepresent***," and "***Misrepresentation***."

## MSWG ALLEGATIONS

46. Paragraphs 46 through 54 comprise allegations by the MSWG which inform the basis under which the States enter into this Settlement Agreement.

47. When purchasing Motor Vehicles, express and implied representations regarding the safety and effectiveness of Airbag Systems are material to Consumers.

48. Airbag Systems are critical to the safety of drivers and their passengers in both commercial and personal Motor Vehicles and have been credited with saving thousands of lives.

49.     In or around the late 1990s, Takata began developing Airbag Systems that used phase stabilized ammonium nitrate as the primary propellant for the airbag inflators.

50.     Starting in 2000 through at least 2015, approximately thirty-four (34) OEMs placed orders with Takata to purchase Airbag Systems that contained PSAN Inflators. During this time, Takata produced and sold tens of millions of driver and passenger Airbag Systems using PSAN Inflators.

51.     Takata designed and tested Airbag Systems and parts, including PSAN Inflators, to meet OEM specifications.

52.     TKJP has admitted as part of its Plea Agreement that it submitted false and misleading reports and other information to OEMs. The test information and data was materially false and misleading because certain test information and data TKJP provided to the OEMs relating to the PSAN Inflators was fabricated, removed or altered (either by strategically adding, editing, or changing information and data).

53.     From in or around 2000, TKJP knew that certain PSAN Inflators had failed during testing, but they continued to withhold true and accurate information from NHTSA, the OEMs, and Consumers. The failures included: (a) ruptures that expelled metal shrapnel that tore through the airbag; and (b) hyper-aggressive deployment of the airbag which could seriously injure occupants through contact with the airbag.

54.     Despite Takata's knowledge of the problems with the Airbag Systems, and despite the fact that Takata knew or should have known that these Airbag Systems posed a safety risk for Motor Vehicle drivers and passengers, Takata failed to properly notify regulators and Consumers of this danger and to take appropriate action to ensure that Recalls of unsafe PSAN

Inflators occurred until pressured by NHTSA to do so in or around November 2014, at least seven (7) years after Takata had knowledge of the first PSAN Inflator rupture.

## PERMANENT INJUNCTIVE RELIEF

55.     **Prohibitive Injunctions**.  TKH and its successor and assign, Reorganized TK Holdings, are hereby permanently enjoined and restrained from directly or indirectly engaging in the following acts or practices:

a.     **Advertising**:  TKH and Reorganized TK Holdings shall not Advertise, promote, or otherwise Represent, in any way that is false, deceptive, or misleading: (a) its Airbag Systems, (b) the safety of its Airbag Systems, including but not limited to Airbag Systems containing PSAN, or (c) the safety of any components of its Airbag Systems, including but not limited to PSAN.

b.     **Safety Representations**:  TKH and Reorganized TK Holdings shall not Represent that its Airbag Systems are "safe," or use a term or phrase of similar comparative or superlative meaning, such as "safest" or "safer," or any other term that denotes or implies safety, quality, reliability, and/or dependability, unless such Representation is supported by Competent and Reliable Scientific or Engineering Evidence.

c.     **Testing Data**:  TKH and Reorganized TK Holdings shall not falsify or manipulate any testing data.  TKH and Reorganized TK Holdings shall not provide to anyone any testing data that TKH and Reorganized TK Holdings know is inaccurate.

d.     **Other Representations**:  TKH and Reorganized TK Holdings shall not make any Representation regarding the performance, resale value, or durability of an Airbag System without possessing Competent and Reliable Scientific or Engineering Evidence that reasonably substantiates each specific claim.

56. **Affirmative Injunctions**: TKH and, as applicable, its successor and assign, Reorganized TK Holdings, shall do the following:

a. **Comply with State and Federal Law**: TKH and Reorganized TK Holdings shall comply with all state and federal laws that apply to TKH and Reorganized TK Holdings and the Airbag Systems they manufacture, market, and sell in the United States.

b. **Comply with the Motor Vehicle Safety Act**: TKH and Reorganized TK Holdings shall comply in all material respects with the notification and remedy provisions of the Motor Vehicle Safety Act, 49 U.S.C. §§ 30118 to 30120, with materiality as determined by NHTSA. TKH and Reorganized TK Holdings shall notify South Carolina, as lead state of the MSWG, of any notifications or remedy actions that may be taken in compliance with the Motor Vehicle Safety Act.

c. **Comply with NHTSA Orders**: TKH and Reorganized TK Holdings shall comply in all respects with the NHTSA Consent Order and the Coordinated Remedy Order. TKH and Reorganized TK Holdings shall notify South Carolina, as lead state of the MSWG, of any material breaches or failures to comply with the terms of the NHTSA Consent Order or the Coordinated Remedy Order; any such material breach or failure to comply shall be deemed a breach of this Settlement Agreement, in the reasonable discretion of the States; *provided, however*, that TKH's non-payment of any fines or penalties due under the NHTSA Consent Order or Coordinated Remedy Order shall not be deemed a breach of this Settlement Agreement.

d. **Continue Recall Efforts**: TKH shall continue to cooperate with OEMs and alternative inflator suppliers to ensure that replacement inflators are made available as expeditiously as possible from all possible sources. To the extent TKH or Reorganized TK

Holdings maintain an English language website, TKH or Reorganized TK Holdings, as applicable, shall publicize on such website, on at least a monthly basis, the current status of its efforts to replace Recalled Airbag Systems, including the total number of replacement Airbag Systems provided by it to each manufacturer.

e. **Discontinue Production of Ammonium Nitrate Airbags**: With respect to new contracts, except as provided in the Plan, TKH and Reorganized TK Holdings shall not contract for sale or resale, offer, provision for use, or otherwise agree to place into the stream of commerce in the United States, any Airbag Systems using PSAN Inflators, regardless of whether those Airbag Systems contain 2004 propellant, 2004L propellant, or desiccant. To the extent TKH or Reorganized TK Holdings maintains an English language website, TKH or Reorganized TK Holdings, as applicable, shall publicize on such website all makes and models of Motor Vehicles for which TKH or Reorganized TK Holdings continues to supply Airbag Systems using PSAN Inflators.

f. **Cooperation**: TKH and Reorganized TK Holdings shall, upon reasonable request in advance, use reasonable efforts to provide to any State or States in the MSWG, information, documents, and testimony of knowledgeable witnesses pertaining to an investigation by such State or States into any OEMs which relates to TKH's Airbag Systems.

g. **Notification Prior to Destruction of Record**s: TKH and Reorganized TK Holdings shall provide sixty (60) days' written notice to South Carolina, as lead state of the MSWG, prior to the destruction or disposal of records relating to PSAN Inflator safety testing.

## PAYMENT TO THE STATES/CIVIL PENALTIES

57. Subject to Article II of the Plan, South Carolina, as the lead state of the MSWG, shall be granted an Allowed Administrative Expense Claim under the Plan in the

amount of One Hundred Thirty-Nine Thousand Three Hundred Forty-Nine Dollars and Five Cents ($139,349.05) in satisfaction of the MSWG Expenses (the "***MSWG Expense Payment***"). The allocation of the MSWG Expense Payment amongst the MSWG member States shall be decided by the MSWG without the involvement of TKH.

58.     Subject to Article IV of the Plan, the States, collectively, shall be granted a Class 9(d) Subordinated Claim under the Plan against TKH for a civil penalty in the amount of Six Hundred and Fifty Million Dollars ($650,000,000).

## MONITORING FOR COMPLIANCE

59.     TKH and Reorganized TK Holdings shall provide South Carolina, as the lead state of the MSWG, a copy of every report provided by TKH and Reorganized TK Holdings to the DOJ or NHTSA under the terms of the Plea Agreement, the NHTSA Consent Order, and the Coordinated Remedy Order.  If any of those reports are not public by an order of the DOJ or NHTSA, TKH and Reorganized TK Holdings agree not to oppose any request for access by either the MSWG or the individual States.  To the extent that any States receive any non-public reports, such States agree to keep such reports confidential to the extent allowed by the laws of such State or as ordered by a Court of competent jurisdiction.

60.     For a period concurrent with the oversight period established by NHTSA in the NHTSA Consent Order, as may be modified by NHTSA, the States shall, upon reasonable notice, be permitted to do the following:

a.     If a State believes that TKH or Reorganized TK Holdings has engaged in a practice that violates any provision of this Settlement Agreement, the State may notify TKH and Reorganized TK Holdings in writing of its belief that a violation has occurred.  The State's notice shall include:

(i)     the basis for the belief;

(ii)    the provision of the Settlement Agreement that TKH's or Reorganized TK Holdings' practice appears to have violated; and

(iii)    a date for TKH and Reorganized TK Holdings to respond to the notification, *provided, however*, that the date for response be at least fifteen (15) days after the date of notification.

b.    The States shall, upon reasonable notice, be permitted reasonable access to relevant, non-privileged, non-work-product records and documents in the possession, custody or control of TKH or Reorganized TK Holdings that relates to TKH's and Reorganized TK Holdings' compliance with the provision of the Settlement Agreement that was the subject of the notice. The States shall also be permitted reasonable access to interview and take depositions of the custodians of such records or documents or other employees with knowledge of TKH's and Reorganized TK Holdings' compliance with the Settlement Agreement.

c.    Upon receipt of written notice, TKH and Reorganized TK Holdings shall provide a response to the State's notification that contains either a statement explaining why TKH and Reorganized TK Holdings believe they are in compliance with the Settlement Agreement or a detailed explanation of how the alleged violation occurred and a statement explaining how TKH and Reorganized TK Holdings intend to address the alleged violation.

d.    Nothing in this paragraph shall be construed to limit the authority of the States provided under state law.

61.    Any State that obtains information or documents pursuant to this Settlement Agreement may share such information or documents with the other States, provided that such other States agree and are able to maintain the confidentiality of the

information or documents, as required by the State or States that received or provided the information or documents.

62.    Nothing in this Settlement Agreement shall require Reorganized TK Holdings or any other entity established under the Plan to stay in existence longer than is contemplated by the Plan.

**GENERAL PROVISIONS**

63.    Nothing in this Settlement Agreement shall be construed as relieving TKH of its obligations to comply with all applicable state and federal laws, regulations or rules, or as granting TKH permission to engage in any acts or practices prohibited by any such law, regulation, or rule.

64.    Nothing in this Settlement Agreement constitutes an agreement by the States concerning the characterization of the MSWG Expense Payment for the purpose of the federal internal revenue laws, title 26 of the United States Code, or any similar state tax codes or laws.

65.    For purposes of construing the Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any dispute.

66.    This Settlement Agreement constitutes the entire, complete, and integrated agreement between the Parties pertaining to the State Consumer Protection Claims and supersedes all prior and contemporaneous undertakings of the Parties in connection herewith.

67.    This Settlement Agreement may not be modified or amended except by written consent of all the Parties, and, to the extent necessary, approved by the Bankruptcy Court.

68. If any portion of this Settlement Agreement is held invalid by operation of law, the remaining terms of this Settlement Agreement shall not be affected.

69. Nothing in this Settlement Agreement shall be construed to waive, limit, or expand any claim of sovereign immunity the States may have in any action or proceeding.

70. Any failure of TKH, Reorganized TK Holdings, or a State to exercise its rights under this Settlement Agreement shall not constitute a waiver of such rights hereunder.

71. Nothing in this Settlement Agreement shall be construed to create, waive, or limit any Claim individual Consumers have or may have against any person or entity, including TKH.

## JUDICIAL APPROVAL

72. The settlement reflected in this Settlement Agreement shall be subject to approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

73. The Debtors shall move promptly for the Bankruptcy Court's approval of this Settlement Agreement and shall exercise commercially reasonable efforts to obtain such approval.

## PLAN

74. After Bankruptcy Court approval of this Settlement Agreement, the Debtors shall not file a Plan or amend the Plan in a manner that is inconsistent with the terms and provisions of this Settlement Agreement, take any other action in the Chapter 11 Cases that is inconsistent with the terms and provisions of this Settlement Agreement, or propose terms for any order confirming the Plan that are inconsistent with this Settlement Agreement. The Parties reserve all other rights or defenses that they may have with respect to the Plan.

## RETENTION OF JURISDICTION

75.     The Bankruptcy Court shall retain jurisdiction over both the subject matter of this Settlement Agreement and the Parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Parties to apply to the Bankruptcy Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement, or to effectuate or enforce compliance with its terms.

76.     The Courts of the States in the MSWG shall have concurrent jurisdiction with the Bankruptcy Court over both the subject matter of this Settlement Agreement and the Parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Parties to apply to such Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement, or to effectuate or enforce compliance with its terms.

## EFFECTIVENESS OF SETTLEMENT AGREEMENT

77.     This Settlement Agreement shall be effective upon both (a) approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019 and (b) the occurrence of the Effective Date under the Plan.

## DISCHARGE AND RELEASE

78.     Upon the effectiveness of this Settlement Agreement (*i.e.*, upon the Effective Date of the Plan) and upon the payment of the MSWG Expense Payment to South Carolina, any and all causes of action that could be asserted before or as of the Effective Date of the

Plan under the consumer protection laws of each State in the MSWG,[3] including civil claims, damages, restitution, fines, costs, and penalties of the States against TKH, the Debtors, and the Reorganized Debtors arising from or related to the design, engineering, manufacturing, marketing, sale, or maintenance of PSAN Inflators, their component parts, or the Airbag Systems in which they are or were incorporated (collectively, the "***State Consumer Protection Claims***") shall be released,

---

[3] These laws are as follows: ALABAMA – Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1 *et seq.*; ALASKA – Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471-561; ARIZONA – Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 *et seq.*; ARKANSAS – Arkansas Deceptive Trade Practices Act, Ark. Code §§ 4-88-101, *et seq.*; CALIFORNIA – California Unfair Competition Law, Ca. Bus. & Prof. Code §§ 17200 *et seq.*; California False Advertising Law, Cal Bus. & Prof. Code §§ 17500 *et seq.*; CONNECTICUT – Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*; DELAWARE – Delaware Consumer Fraud Act and Uniform Deceptive Trade Practices Act, Del. Code tit. 6, §§ 2511 to 2536; DISTRICT OF COLUMBIA, District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.*; FLORIDA – Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*; GEORGIA – Georgia Fair Business Practices Act, Ga. Code §§ 10-1-390 to 408; IDAHO – Idaho Consumer Protection Act, Idaho Code §§ 48-601 *et seq.*; ILLINOIS – Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; INDIANA – Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5 *et seq.*; IOWA – Iowa Consumer Protection Act, Iowa Code §§ 714.16 to 714.16A; KANSAS – Kansas Consumer Protection Act, Kan. Stat. §§ 50-623 *et seq.*; KENTUCKY – Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.110 *et seq.*; LOUISIANA – Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. §§ 51:1401 *et seq.*; MAINE – Maine Unfair Trade Practices Act, Me. Rev. Stat. Title 5, §§ 205-A to 214; MARYLAND – Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 to 13-501; MASSACHUSETTS – Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A, §§ 2 and 4; MICHIGAN – Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901 *et seq.*; MINNESOTA – Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 *et seq.*, Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68 *et seq.*; MISSISSIPPI – Mississippi Consumer Protection Act, Miss. Code. §§ 75-24-1 *et seq.*; MISSOURI – Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 *et seq.*; MONTANA – Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §§ 30-14-101 *et seq.*; NEBRASKA – Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 *et seq.*; NEVADA – Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903 *et seq.*; NEW HAMPSHIRE – New Hampshire Consumer Protection Act, N.H. Rev. Stat. §§ 358-A:1 *et seq.*; NEW JERSEY – New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1 *et seq.*; NEW YORK – New York Consumer Protection Act, N.Y. Gen. Bus. Law, Art. 22-A, §§ 349 to 350; NORTH CAROLINA – North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*; NORTH DAKOTA – North Dakota Unlawful Sales or Advertising Practices, N.D. Cent. Code, §§ 51-15-01 *et seq.*; OHIO – Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq.*; OKLAHOMA – Oklahoma Consumer Protection Act, Okla. Stat. Title 15, §§ 751, *et seq.*; OREGON – Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*; PENNSYLVANIA – Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa. Stat. Title 73, §§ 201-1, *et seq.*; RHODE ISLAND – Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1, *et seq.*; SOUTH CAROLINA – South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10, *et seq.*; SOUTH DAKOTA – South Dakota Deceptive Trade Practices and Consumer Protection, S.D. Codified Laws §§ 37-24-1, *et seq.*; TENNESSEE – Tennessee Consumer Protection Act, Tenn. Code §§ 47-18-101, *et seq.*; TEXAS – Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.47; UTAH – Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, *et seq.*; VIRGINIA – Virginia Consumer Protection Act, Va. Code §§ 59.1-196 to 59.1-207; WASHINGTON – Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq.*; and WISCONSIN – Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18.

discharged in accordance with Section 1141 of the Bankruptcy Code, and forever barred to the fullest extent permitted by law.

79. Notwithstanding any term of this Settlement Agreement, this Settlement Agreement does not affect or release the following:

    a.     private rights of action;

    b.     claims of environmental or tax liability;

    c.     criminal liability;

    d.     claims for property damage;

    e.     claims alleging violations of local, state, or federal securities laws;

    f.     claims alleging violations of local, state, or federal antitrust laws;

    g.     any claims against TKH or Reorganized TK Holdings by any other agency or subdivision of any State; and

    h.     any obligations created under this Settlement Agreement.

### SIGNATORIES/SERVICES

80. The signatories for the Parties each certify that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to execute and bind legally such Party to this document.

81. This Settlement Agreement may be executed in counterparts and by different signatories on separate counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Settlement Agreement. One or more counterparts of this Settlement Agreement may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

82. The Plan Administrator shall provide all notices to the States required by this Settlement Agreement and send copies of all reports and other documents that the Plan

Administrator is required to submit or provide to the States under the terms of this Settlement Agreement to the persons identified on **<u>Schedule 1</u>** annexed hereto.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**TK HOLDINGS INC.**

By: _Keith A Teel_
Name: _KEITH A. TEEL_
Title: _INTERIM GENERAL COUNSEL_

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _8_ , 2018

STEVE MARSHALL
Attorney General

By: _Tina Coker Hammonds_
Tina Coker Hammonds
Assistant Deputy Attorney General
Alabama State Bar JOR039
Office of the Attorney General of the State of Alabama
501 Washington Avenue, P.O. Box 300152
Montgomery, AL 36130
thammonds@ago.state.al.us
(334) 242-7355

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

JAHNA LINDEMUTH
Attorney General

By: _____

Cynthia A. Franklin
Assistant Attorney General
Alaska Bar #0710057
Office of the Alaska Attorney General
1031 W. 4th Ave, Suite 200
Anchorage, Alaska 99501

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12 , 2018

MARK BRNOVICH
Attorney General

By: _____
Bryce Clark
Assistant Attorney General
Arizona State Bar #034080
Office of the Arizona Attorney General
2005 N Central Ave
Phoenix, AZ 85004

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 13, 2018

Leslie Rutledge
Attorney General

By: _____
David A.F. McCoy,
Assistant Attorney General
Ark. Bar No.2006100
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 13, 2018

XAVIER BECERRA
Attorney General

By:  _____
Michelle Burkart
Deputy Attorney General
California State Bar #234121
Office of the Attorney General of the State of California
300 S. Spring St. #1702
Los Angeles, California 90013

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _12th_, 2018

GEORGE JEPSEN
Attorney General

By: _____
Brendan T. Flynn
Assistant Deputy Attorney General
Fed. Bar No. ct04545
Office of the Attorney General of the State of Connecticut
110 Sherman Street
Hartford, CT 06105
806-808-5400
860-808-5593 (fax)
Brendan.Flynn@ct.gov

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

MATTHEW P. DENN
Attorney General

By:  _____
    Stephen McDonald
    Deputy Attorney General
    Delaware Department of Justice
    820 N. French St., 5th Floor
    Wilmington, DE  19801

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

Karl Racine
Attorney General

By: _____

Gary M. Tan
Assistant Attorney General
District of Columbia Bar #987796
Office of the Attorney General for the District of Columbia
441 4th Street, N.W., Suite 600 South
Washington, DC 20001

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

PAMELA JO BONDI
ATTORNEY GENERAL OF FLORIDA


By:       ___/s/Patrice Malloy_____
          Patrice Malloy
          Chief, Multi-State and Privacy Bureau
          Florida Bar # 137911
          Office of the Florida Attorney General
          110 S.E. 6th Street
          Fort Lauderdale, Florida 33301


By:       ___/s/Gregory Sadowski_____
          Gregory Sadowski
          Assistant Attorney General
          Florida Bar # 0101960
          Office of the Florida Attorney General
          110 S.E. 6th Street
          Fort Lauderdale, Florida 33301

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February ___9___ , 2018

Christopher M. Carr
Attorney General

By: _Lauren Villnow_____
Lauren A. Villnow
Assistant Attorney General
Georgia State Bar # 577948
Office of the Attorney General of the State of Georgia
2 Martin Luther King, Jr. Drive
Suite 356
Atlanta, Georgia 30334

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February _8th_, 2018

LAWRENCE G. WASDEN
Attorney General

By: _____
Stephanie N. Guyon
Deputy Attorney General
Idaho State Bar # 5989
Office of the Idaho Attorney General
Consumer Protection Division
P.O. Box 83720
Boise, ID 83720-0010

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February  9 , 2018

LISA MADIGAN
Illinois Attorney General

By:  _Greg Gryskiewicz (cll)_
Greg Gryskiewicz
Assistant  Bureau Chief
Consumer Fraud Bureau, Northern Region
100 West Randolph
Chicago, Illinois 60601
(312) 814-2218

By:  _Cassandra Halm_
Cassandra Halm
Assistant Attorney General
Consumer Fraud Bureau, Southern Region
500 South Second Street
Springfield, Illinois 62706
(217) 782-2398

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

Curtis T. Hill, Jr.
Indiana Attorney General

By: _____

Mark M. Snodgrass
Deputy Attorney General
Indiana State Bar # 29495-49
Office of the Indiana Attorney General
302 West Washington Street, 5th Floor
Indianapolis, IN 46228

**STATE OF IOWA**
THOMAS J. MILLER
ATTORNEY GENERAL OF IOWA

By: _____

Max M. Miller
Consumer Protection Division
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5926
Fax: (515) 281-6771
Max.Miller@ag.iowa.gov

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 9, 2018

Derek Schmidt
Attorney General

By: _____

Jonathan E. Trotter, KS#27650
Assistant Attorney General
Office of the Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 296-3751
Fax: (785) 291-3699
jon.trotter@ag.ks.gov

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February ___12___ , 2018

ANDY BESHEAR
Attorney General

By:      /s/  John Ghaelian_____
         John Ghaelian
         Assistant Attorney General
         Office of the Kentucky Attorney General
         Office of Consumer Protection
         1024 Capital Center Drive, Suite 200
         Frankfort, KY 40601

**FOR PLAINTIFF STATE OF LOUISIANA**
JEFF LANDRY
Attorney General
State of Louisiana


_Stacie de Blieux_

STACIE L. DEBLIEUX
LA Bar # 29142
Assistant Attorney General
Public Protection Division
1885 North Third St.
Baton Rouge, LA 70802
Tel: (225) 326-6400
Fax: (225) 326-6499
Email: deblieuxs@ag.louisiana.gov

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 9, 2018

JANET T. MILLS
Attorney General

By: _____
      Linda Conti
      Assistant Attorney General
      Office of the Attorney General of the State of Maine
      6 State House Station
      Augusta, Maine 04333-0006

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

CONSUMER PROTECTION DIVISION
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND

By:  *Elizabeth J. Stern*
　　　Elizabeth J. Stern
　　　Assistant Attorney General
　　　Office of the Attorney General
　　　Consumer Protection Division, 16th Floor
　　　Baltimore, MD 21202

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 13, 2018

MAURA HEALEY
Attorney General

By: _____
Shennan Kavanagh
Assistant Attorney General
Massachusetts Bar No. 655174
Office of the Attorney General of the Commonwealth of Massachusetts
1 Ashburton Place
Boston, MA 02108

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 14 , 2018

BILL SCHUETTE
Michigan Attorney General

By: _____
Kathy Fitzgerald
Assistant Attorney General
Michigan State Bar #P31454
Office of the Attorney General of the State of Michigan
Corporate Oversight Division
Post Office Box 30755
Lansing, MI 48909

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12 , 2018

LORI SWANSON
Attorney General

By: _____

Frances Kern
Assistant Attorney General
Minnesota State Bar #0395233
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1200
St. Paul, MN 55101

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 13, 2018

JIM HOOD
Attorney General

By: _____
Gail W. Lowery
Special Assistant Attorney General
Mississippi State Bar # 1460
Office of the Attorney General of the State of Mississippi
Post Office Box 22947
Jackson, Mississippi 39225

**JOSHUA D. HAWLEY**
Attorney General


  /s/ Michael Schwalbert
Michael Schwalbert, MO Bar #63229
Assistant Attorney General
815 Olive Street, Suite 200
Saint Louis, Missouri 63101
Phone: 314-340-7888
Fax: 314-340-7957
michael.schwalbert@ago.mo.gov

ATTORNEY FOR PLAINTIFF STATE
OF MISSOURI

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12 , 2018

TIMOTHY C. FOX
Montana Attorney General

By: _Kelley L. Hubbard_

Kelley Hubbard
Assistant Attorney General
Montana State Bar #9604
Office of the Attorney General of the State of Montana
P.O. Box 200151
Helena, MT 59601

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February __12th__, 2018

DOUGLAS J. PETERSON
Attorney General

By: _____

Thomas J. Freeman
Assistant Attorney General
Nebraska State Bar #23639
Office of the Attorney General of the State of Nebraska
2115 State Capitol Building
Lincoln, NE 68508

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

Adam Paul Laxalt
Attorney General

By:  _____
        Laura M. Tucker
        Deputy Attorney General
        Nevada State Bar #13268
        Office of the Nevada Attorney General
        100 N. Carson Street
        Carson City, NV 89701

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _12_, 2018

GORDON J. MACDONAND
Attorney General

By: _____

James T. Boffetti
Senior Assistant Attorney General
New Hampshire State Bar #9948
Office of the Attorney General of the State of New Hampshire
33 Capitol Street
Concord, New Hampshire 03833
603.271.0302
James.boffetti@doj.nh.gov

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

GURBIR S. GREWAL
Attorney General of the State of New Jersey

By:

Patricia A. Schiripo
Assistant Section Chief/Deputy Attorney General
Consumer Fraud Prosecution Section


124 Halsey Street  - 5th Floor
Newark, New Jersey 07102

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 9, 2018

ERIC T. SCHNEIDERMAN,
Attorney General of the State of New York

By:    _____
        Laura Levine
        Deputy Bureau Chief
        Bureau of Consumer Frauds & Protection
        Office of the New York State Attorney General
        120 Broadway
        Third Floor
        New York, New York  10271
        (212) 416-8313
        Laura.levine@ag.ny.gov

In re: TK HOLINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 13, 2018

JOSH STEIN
Attorney General

By:  Torrey Dixon
Assistant Attorney General
NC Department of Justice
North Carolina State Bar # 36176
114 West Edenton Street
Raleigh, NC 27603

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

STATE OF NORTH DAKOTA
Wayne Stenehjem
Attorney General

By: _Parrell D. Grossman_

Parrell D. Grossman, ND ID 04684
Director, Consumer Protection & Antitrust Division
Office of Attorney General
Gateway Professional Center
1050 E Interstate Ave, Ste 200
Bismarck, ND  58503—5574
Telephone (701) 328-5570
Facsimile (701) 328-5568
pgrossman@nd.gov

*Attorneys for the State of North Dakota*

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: <u>February 9, 2018</u>

Michael DeWine
Ohio Attorney General

By: _____

         Melissa Wright (Ohio Bar No. 0077843)
         Assistant Section Chief
         Teresa Heffernan (Ohio Bar No. 0080732)
         Senior Assistant Attorney General
         Consumer Protection Section
         30 East Broad Street, 14th Floor
         Columbus, Ohio 43215
         (614) 466-8169; (866) 528-7423 (facsimile)
         <u>melissa.wright@ohioattorneygeneral.gov</u>
         <u>teresa.heffernan@ohioattorneygeneral.gov</u>

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

MIKE HUNTER
ATTORNEY GENERAL FOR THE
STATE OF OKLAHOMA


By: _Malisa McPherson_ _____

Malisa McPherson, OBA #32070
Assistant Attorney General
Deputy Chief, Consumer Protection Unit
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Telephone:  (405) 522-1015
Fax:  (405) 522-0085
Email:  *Malisa.McPherson@oag.ok.gov*

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

ELLEN F. ROSENBLUM
Attorney General

By:  _Carolyn G. Wade_____
Carolyn G. Wade
Senior Assistant Attorney General
Oregon State Bar 832120
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

JOSH SHAPIRO
Attorney General

By: _____

John M. Abel
Senior Deputy Attorney General
PA Attorney I.D. #47313
Commonwealth of Pennsylvania
Office of the Attorney General
Bureau of Consumer Protection
15th Floor, Strawberry Square
Harrisburg, PA 17120

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

PETER F. KILMARTIN
Attorney General
State of Rhode Island

By:    _/s/ Edmund F. Murray, Jr._____
          Edmund F. Murray, Jr.
          Special Assistant Attorney General
          Rhode Island State Bar # 3096
          Rhode Island Department of Attorney General
          150 South Main Street
          Providence, Rhode Island 02903

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _9_ , 2018

By: _____
ALAN WILSON
Attorney General

Office of the Attorney General of the State of South Carolina
Post Office Box 11549
Columbia, South Carolina 29201

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

Marty J. Jackley
Attorney General

By:  _____
     Philip D. Carlson
     Assistant Deputy Attorney General
     South Dakota State Bar #3913
     South Dakota Attorney General's Office
     1302 E. Hwy. 14, Ste. 1
     Pierre, South Dakota 57501

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _12_, 2018

HERBERT H. SLATERY III
Tennessee Attorney General

By: _____

    Nate Casey
    Assistant Attorney General
    Tennessee State Bar # 031060
    Office of the Attorney General of the State of Tennessee
    Post Office Box 20207
    Nashville, Tennessee 37202

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February 12, 2018

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PAUL SINGER
Chief, Consumer Protection Division

RAYMOND G. OLAH
State Bar No. 00794391
Assistant Attorney General
Ray.Olah@oag.texas.gov
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1705 Telephone
(512) 463-1267 Facsimile
**ATTORNEYS FOR THE STATE OF TEXAS**

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

SEAN REYES
Attorney General


By:    _____
       Kevin McLean
       Assistant Attorney General
       Utah Bar # 16101
       Utah Attorney General's Office
       PO Box 140872
       Salt Lake City, UT 84114-0872

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

Mark R. Herring
Attorney General

Cynthia E. Hudson
Chief Deputy Attorney General

Samuel T. Towell
Deputy Attorney General

Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Chief

Mark S. Kubiak
Assistant Attorney General and Unit Manager

Stephen J. Sovinsky
Assistant Attorney General

By:

Stephen John Sovinsky
Assistant Attorney General
Virginia State Bar # 85637
Office of the Attorney General of Virginia
Consumer Protection Section
202 North Ninth Street
Richmond, Virginia 23219
Phone: (804) 823-6341
Fax: (804) 786-0122
Email: ssovinsky@oag.state.va.us

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated: February _12_, 2018

ROBERT W. FERGUSON
Attorney General

By: _M. Worthy_

Marc Worthy
Assistant Attorney General
Washington State Bar #29750
Office of the Attorney General of the State of Washington
800 5th Avenue, Suite 2000, TB-14
Seattle, Washington, 98104-3188

In re: TK HOLDINGS INC., et al.,
Debtors
Consent Decree and Settlement Agreement

Dated:  February 12, 2018

BRAD D. SCHIMEL
Wisconsin Attorney General

By:     _____

        Lewis W. Beilin
        Assistant Attorney General
        Wisconsin State Bar #1038835
        Wisconsin Department of Justice
        17 West Main Street
        Post Office Box 7857
        Madison, Wisconsin 53707-7857

<u>**SCHEDULE 1**</u>

Any notices required to be sent to the States or to TKH or Reorganized TK Holdings under the Settlement Agreement shall be sent by United States mail or certified mail return receipt requested to the following addresses:[1]

**TK HOLDINGS INC.**
2500 Takata Drive
Auburn Hills, Michigan  48326
Attn:   Keith Teel, Esq.
        (Keith.Teel@Takata.com)

-and-

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
Attn:   Marcia L. Goldstein, Esq.
        (Marcia.Goldstein@weil.com)

**ATTORNEYS GENERAL MULTISTATE WORKING GROUP**
South Carolina Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29201
Attn:   Jared Q. Libet
        (JLibet@scag.gov)

-and-

Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202
Attn:   Gill Geldreich
        (Gill.Geldreich@ag.tn.gov)

---

[1] Any Party may change its designated notice recipient(s) by written notice to each of the other Parties.