## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                        :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TK HOLDINGS INC., *et al.*, | : | Case No. 17-11375 (BLS) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | **Objection Deadline: March 21, 2018** |
| | | **at 4:00 p.m. (ET)** |

------------------------------------------------------------ x

## SIXTH MONTHLY FEE STATEMENT OF
## MILBANK, TWEED, HADLEY & McCLOY LLP
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FROM DECEMBER 1, 2017 THROUGH AND INCLUDING DECEMBER 31, 2017

| | |
|---|---|
| Name of Applicant: | Milbank, Tweed, Hadley & McCloy LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | July 6, 2017 |
| Period for which compensation and reimbursement is sought: | December 1, 2017 – December 31, 2017 |
| Total Amount of Compensation Sought for Current Period (100%): | $898,563.50 |
| Amount of Compensation Requested for Current Period (80%): | $718,850.80 |
| Amount of Expense Reimbursement Requested (100%): | $25,584.02 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

This is a/an: __X__ monthly _____interim ____ final application.

Prior Fee Applications Filed:  Docket Nos. 724, 941, 1075, 1273 and 1745.

### SIXTH MONTHLY FEE STATEMENT OF MILBANK, TWEED, HADLEY & MᶜCLOY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TK HOLDINGS INC. ET AL. (DECEMBER 1, 2017 – DECEMBER 31, 2017)

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Dennis Dunne | Financial Restructuring Partner at Milbank for 19 years; admitted in 1991. | $1,395 | 6.1 | $8,509.50 |
| Andrew Leblanc | Litigation Partner at Milbank for 11 years; admitted in 2000. | $1,395 $697.5 | 31.40 7.70 | $43,803.00 $5,370.75 |
| Abhilash Raval | Financial Restructuring Partner at Milbank for 10 years; admitted in 1998. | $1,395 | 26.70 | $37,246.50 |
| Tyson Lomazow | Financial Restructuring Partner at Milbank for 7 years; admitted in 2001. | $1,330 | 7.20 | $9,576.00 |
| Nicholas Bassett | Litigation Special Counsel at Milbank; admitted in 2007. | $1,015 | 2.00 | $2,030.00 |
| Mary Doheny | Financial Restructuring Special Counsel at Milbank for 3 years; admitted in 1998. | $1,015 507.5* | 135.30 4.00 | $137,329.50 $2,030.00 |
| Lena Mandel | Financial Restructuring Senior Attorney at Milbank for 15 years; admitted in 1991. | $985 $492.5* | 103.50 1.60 | $101,947.50 $788.00 |
| Melanie Westover Yanez | Litigation Associate at Milbank for 13 years; admitted in 2006. | $950 | 71.90 | $68,305.00 |
| Monica Arduini | Global Corporate Associate at Milbank for 3 years; admitted in 2012. | $865 | 9.40 | $8,131.00 |
| Shirley Liang | Litigation Associate at Milbank for 4 years; admitted in 2013. | $795 $397.5* | 33.20 | $26,394.00 |
| Matthew Koch | Financial Restructuring Associate at Milbank for 1 year; admitted in 2015. | $750 $375* | 99.70 1.30 | $74,775.00 $487.50 |
| Alex Wang | Global Corporate Associate at Milbank for 3 years; admitted in 2015. | $750 | 10.60 | $7,950.00 |
| Brian Zucco | Financial Restructuring Associate at Milbank for 3 years; admitted in 2015 | $750 | 77.90 | $58,425.00 |

| Robert Nussbaum | Financial Restructuring Associate at Milbank for 1 year; admitted in 2015. | $665 $332.5* | 136.40 1.50 | $90,706.00 $498.75 |
| Stephen Silverman | Financial Restructuring Associate at Milbank for 2 years; admitted in 2015. | $665 $332.5* | 115.10 2.80 | $76,541.50 $931.00 |
| Julie Wolf | Litigation Associate at Milbank for 2 years; admitted in 2016. | $665 | 69.60 | $46,284.00 |
| Katherine Rookard | Financial Restructuring Associate at Milbank for 1 year; admitted in 2017. | $540 | 65.10 | $35,154.00 |
| Nigel Stacey | Litigation Associate at Milbank for 1 year; admitted in 2017. | $540 | 7.20 | $3,888.00 |
| Adeola Adeyosoye | Financial Restructuring Associate at Milbank; not yet admitted. | $390 | 27.40 | $10,686.00 |
| Gesley-Ann Alexis | Financial Restructuring Associate at Milbank; admitted in 2017. | $390 | 46.00 | $17,940.00 |
| Alexander Miller | Financial Restructuring Associate at Milbank; not yet admitted. | $390 | 18.10 | $7,059.00 |
| Melanie Miller | Financial Restructuring Associate at Milbank; not yet admitted. | $390 | 1.10 | $429.00 |
| Charmaine Thomas | Legal Assistant | $265 | 8.00 | $2,120.00 |
| Jacqueline Brewster | Legal Assistant | $250 | 14.80 | $3,700.00 |
| Julia Mardeusz | Legal Assistant | $200 | 12.00 | $2,400.00 |
| Emily Eskin | Legal Assistant | $195 | 4.00 | $780.00 |
| James McGuire | Specialist | $345 | 18.40 | $6,348.00 |
| | | | | |
| **Total** | | **$763.44 (blended rate)[2]** | **1,177.00 Hours** | **$898,563.50** |

---

[2]    The blended rate <u>excluding</u> paraprofessionals is $788.73 per hour.

SUMMARY OF SERVICES RENDERED DURING
MILBANK, TWEED, HADLEY & McCLOY LLP'S
SIXTH MONTHLY PERIOD AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TK HOLDINGS INC. ET AL.
(DECEMBER 1, 2017 – DECEMBER 31, 2017)

| PROJECT CATEGORY | DECEMBER HOURS | DECEMBER FEES |
|---|---|---|
| Accommodation Agreements/Financing | 116.40 | $89,113.00 |
| Adversary Proceedings | .60 | $304.50 |
| Automatic Stay (Including Stay-Related Litigation) | 1.60 | $1,027.50 |
| Bankruptcy Court Hearings | 184.60 | $145,182.00 |
| Canadian Insolvency Issues | .20 | $150.00 |
| Case Administration | 12.80 | $10,466.00 |
| Chapter 11 Plan/ Plan Confirmation | 187.70 | $147,686.00 |
| Claims Analysis/Estimation/Objections/Reconciliation | 36.90 | $28,851.50 |
| Committee Calls/ Meetings | 31.30 | $24,363.00 |
| Communications with Committee Members | 6.40 | $5,109.00 |
| Communications with Committee Advisors | 20.00 | $15,710.50 |
| Communications with Other Creditors | 7.30 | $6,084.00 |
| Customer/ Vendor/ Supplier Issues | 1.50 | $1,137.50 |
| Disclosure Statement/Solicitation/Voting Issues | 298.00 | $227,320.00 |
| Employee Issues | 9.60 | $7,054.00 |
| File/ Docket/ Calendar Maintenance | 58.90 | $24,622.50 |
| General Case Strategy (Team Meetings, Case Emails) | 58.70 | $57,386.50 |
| Global Sale APA/ Asset Sale/ 363 Sales | 38.60 | $36,411.50 |
| Insurance Issues | 15.50 | $8,911.00 |
| Japanese Insolvency Issues | 12.90 | $11,458.50 |
| Non-Bankruptcy Court Litigation | 3.00 | $1,743.00 |
| Non-Working Travel | 18.90 | $10,106.00 |
| Retention/ Fee Applications: Non-Milbank Professionals | 15.00 | $9,898.50 |
| Retention/ Fee Applications: Milbank | 23.60 | $14,931.50 |

| | | |
|---|---:|---:|
| Bar Date Issues | 15.80 | $12,397.50 |
| Future Claimants Issues | .90 | $913.50 |
| Due Diligence/Rule 2004 Issues | .30 | $225.00 |
| | | |
| **Total** | **1,177.00** | **$898,563.50** |

**SUMMARY OF EXPENSES INCURRED DURING
MILBANK, TWEED, HADLEY & McCLOY LLP'S
SIXTH MONTHLY PERIOD AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TK HOLDINGS INC. ET AL.
(DECEMBER 1, 2017 – DECEMBER 31, 2017)**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Cab Fares/Local Transportation | $993.31 |
| Computerized Database Research | $19,357.52 |
| Lodging | $512.45 |
| Meals | $500.02 |
| Photocopies/Printing | $783.50 |
| Telephone | $172.46 |
| Transcript Expenses | $278.40 |
| Travel | $2,986.36 |
| **TOTAL DISBURSEMENTS** | **$25,584.02** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                       :

In re                           :        Chapter 11

                       :

TK HOLDINGS INC., *et al.*,      :        Case No. 17-11375 (BLS)

                       :

              Debtors.[1]    :        (Jointly Administered)

                       :

--------------------------------------------------------- x    **Objection Deadline: March 21, 2018
at 4:00 p.m. (ET)**

**SIXTH MONTHLY FEE STATEMENT OF
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
FOR INTERIM APPROVAL AND ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FROM DECEMBER 1, 2017 THROUGH AND INCLUDING DECEMBER 31, 2017</u>**

        Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("<u>Milbank</u>"), attorneys to the Official

Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases

(the "<u>Chapter 11 Cases</u>"), hereby submits this sixth monthly fee statement (the "<u>Fee Statement</u>"),

pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (as amended, the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (as amended, the "<u>Bankruptcy Rules</u>"), rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (as

amended, the "<u>Local Rules</u>"), and this Court's *Order Pursuant to 11 U.S.C.  §§ 331 and 105(a)*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

*Authorizing Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 331] (the "Interim Compensation Order"), for allowance of compensation and reimbursement of expenses for the period of December 1, 2017 through and including December 31, 2017 (the "Sixth Monthly Period").  By this Fee Statement, Milbank seeks (i) interim allowance with respect to the sum of $898,563.50, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered during the Sixth Monthly Period, and the sum of $25,584.02, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Sixth Monthly Period, and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., payment of eighty percent (80%) of its requested fees in the amount of $718,850.80 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $25,584.02, for a total payment of $744,434.82. In support of this Fee Statement, Milbank respectfully represents as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Background

2.      On June 25, 2017 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4.      On July 6, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee, pursuant to section 1102(a)(1) of the Bankruptcy Code, to represent the interests of all creditors holding unsecured claims in these Chapter 11 Cases.

5.      On August 25, 2017, this Court entered the *Order Under 11 U.S.C.  §§ 328 and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Bankruptcy Rule 2014-1 Authorizing Retention and Employment of Milbank, Tweed, Hadley & McCloy LLP, as Counsel to Official Committee of Unsecured Creditors of TK Holdings Inc., et al., Effective as of July 6, 2017* [Docket No. 588], approving the Committee's retention of Milbank as their counsel in these Chapter 11 Cases.

6.      On July 26, 2017, the Court entered the Interim Compensation Order, which, among other things, authorizes certain professionals (each a "Professional") to submit monthly fee statements for interim compensation of fees and reimbursement of expenses in accordance with the procedures set forth therein. The Interim Compensation Order provides that a Professional may file with the Court and serve on certain parties monthly fee statements for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month(s). If no party objects by 4:00 PM (prevailing Eastern Time) on the 20th day (or the next business day if such day is not a business day) following the date the monthly fee statement is served, the Professional may file a certificate of no objection with the Court and, thereafter, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the requested fees and 100% of the requested expenses in the applicable monthly fee statement.

**Billing History**

7.      This Fee Statement is Milbank's sixth monthly fee statement requesting approval

and allowance of compensation and reimbursement of expenses.  No prior fee statement has been

made to this or any other court seeking the relief requested herein, nor has payment been

received by Milbank for legal services provided to and on behalf of the Committee, or for out-of-

pocket expenses incurred in connection therewith, in respect of the Sixth Monthly Period.

Milbank has not entered into any agreement, express or implied, with any other party for the

purpose of fixing or sharing fees or other compensation to be paid for professional services

rendered in these Chapter 11 Cases.  No promises have been received by Milbank or any

member thereof as to compensation in connection with these Chapter 11 Cases.  All services for

which compensation is sought herein were rendered by Milbank to the Committee solely in

connection with these Chapter 11 Cases and not on behalf of any other persons.

**Fee Statement**

8.      By this Fee Statement, Milbank seeks (i) interim allowance with respect to the

sum of $898,563.50, representing one hundred percent (100%) compensation for actual,

reasonable, and necessary professional services rendered on behalf of the Committee during the

Sixth Monthly Period, and the sum of $25,584.02, representing one hundred percent (100%)

reimbursement of its actual, reasonable, and necessary expenses incurred during the Sixth

Monthly Period in connection with rendering such services, and (ii) payment of such fees and

expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e.,

payment of eighty percent (80%) of its requested fees in the amount of $718,850.80 and

reimbursement of one hundred percent (100%) of its expenses incurred in the amount of

$25,584.02, for a total payment of $744,434.82.  The fees sought in this Fee Statement reflect an

aggregate of 1,177 hours of attorney and paraprofessional time spent and recorded in performing

4

services for the Committee during the Sixth Monthly Period. The blended average hourly rate for both attorneys and paraprofessionals is $763.44.  The blended hourly rate for attorneys only is $788.73.

9.      Milbank maintains written records of the time expended in the rendition of the professional services required by the Committee.  These records are maintained in the ordinary course of Milbank's practice.

10.     For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the Sixth Monthly Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney or paraprofessional, the hourly billing rate for each such attorney or paraprofessional at Milbank's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested.  Additionally, set forth in the billing summary is further information indicating whether each attorney is a partner, counsel, or associate, how many years each attorney has held such position, and each attorney's primary area of concentration.  The compensation requested by Milbank is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

11.     Set forth in Exhibit A are time entries recorded in tenths of an hour and by project category with a detailed description of services performed by each attorney and paraprofessional on behalf of the Committee.

12.     Milbank also maintains contemporaneous records of all actual and necessary expenses incurred in connection with performing professional services.  A summary of the expenses incurred during the Sixth Monthly Period is set forth on the cover sheet.  The summary lists the amounts and categories of expenses for which reimbursement is sought.  Set forth in

5

Exhibit B hereto is a further breakdown of expenses, including the date the expense was incurred, the charge, and the person incurring the expense.  Milbank has incurred actual, reasonable and necessary out-of-pocket expenses during the Sixth Monthly Period in the amount of $25,584.02.

### Actual and Necessary Expenses

13.     In connection with the reimbursement of expenses, Milbank's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients.  The expenses charged to Milbank's clients include, among other things, telephone toll and other charges, regular mail and express mail charges, special or hand delivery charges, photocopying and printing charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research charges, and transcription costs.

14.     Milbank charges the Committee for these expenses at rates consistent with those charged to Milbank's other bankruptcy clients, which rates are equal to or less than the rates charged by Milbank to its non-bankruptcy clients.  Milbank seeks reimbursement from the Committee at the following rates for the following expenses:  (i) ten cents ($0.10) per page for photocopying; (ii) ten cents ($0.10) per page for black and white printing; and (iii) ten cents ($0.10) per page for color printing.

15.     In accordance with section 330 of the Bankruptcy Code, Milbank seeks reimbursement only for the actual cost of such expenses to Milbank.[2]

16.     In providing or obtaining from third parties services that are reimbursable by

---

[2]     The cost of expenses Milbank is seeking reflects any discounted rates based on volume or other discounts which Milbank anticipates receiving from certain outside vendors; however, Milbank does not perform a retrospective reconciliation of any "year-end" adjustments (positive or negative) to the actual discounted cost of such expenses.

clients, Milbank does not include in such reimbursable amount any costs of investment, equipment, or capital outlay.

17.     Milbank regularly charges its non-bankruptcy clients for ordinary business hourly fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting billing rates.  Milbank is not, however, seeking reimbursement of hourly fees of its secretarial services in this Fee Statement.

## Summary of Services Rendered

18.     To provide an orderly and meaningful summary of the services rendered by Milbank on behalf of the Committee, Milbank established separate project billing categories for these Chapter 11 Cases.  Milbank's professionals billed time to the following categories during the Sixth Monthly Period:

- Accommodation Agreements/Financing
- Adversary Proceedings
- Automatic Stay (Including Stay-Related Litigation)
- Bankruptcy Court Hearings
- Canadian Insolvency Issues
- Case Administration
- Chapter 11 Plan/Plan Confirmation
- Claims Analysis/Estimation/Objections/Reconciliation
- Committee Calls/Meetings
- Communications with Committee Members
- Communications with Committee Advisors
- Communications with Other Creditors
- Customer/Vendor/Supplier Issues
- Disclosure Statement/Solicitation/Voting Issues
- Employee Issues
- File/Docket/Calendar Maintenance
- General Case Strategy
- Global Sale APA/Asset Sale/363 Sales
- Insurance Issues
- Japanese Insolvency Issues
- Non-Bankruptcy Court Litigation
- Non-Working Travel

- Retention/Fee Applications: Non-Milbank Professionals
- Retention/Fee Applications: Milbank
- Bar Date Issues
- Future Claimants Issues
- Due Diligence/Rule 2004 Issues

19.     The following summary of services rendered is intended only to highlight matters in certain of the above-listed categories where Milbank has expended a considerable number of hours on behalf of the Committee during the Sixth Monthly Period, and it is not meant to be a detailed description of all of the work performed.  Indeed, this Fee Statement does not detail each and every correspondence, meeting, discussion, court appearance, or work stream, or all research conducted by Milbank during the Sixth Monthly Period.

20.     <u>General Overview of Services Rendered</u>.  During the Sixth Monthly Period, Milbank rendered a variety of services to the Committee (which services are described in detail in <u>Exhibit A</u> attached hereto), including, among other things, representing the Committee at and preparing for Bankruptcy Court hearings; performing tasks related to the administration of the Committee; conducting research and analysis; preparing memoranda, pleadings and other documents; negotiating with other parties in interest; and performing other legal services as were required by and deemed to be in the best interests of the Committee.  In connection therewith, Milbank conducted numerous meetings and telephone conferences with the Committee, the Committee's other advisors, the Debtors' advisors, the tort claimant creditors' committee counsel, counsel to the future claimants representative, counsel for the Customer Group (select OEMs) and other parties in interest, and at all times kept the Committee apprised of events in these Chapter 11 Cases.  During the course of rendering such services, Milbank endeavored to coordinate with the various  professionals representing other constituencies in these Chapter 11 Cases, and, particularly, counsel to the tort claimant creditors' committee, in order to avoid any duplication of effort.

21.    <u>Accommodation Agreements/Financing</u>.  During the Sixth Monthly Period, Milbank attorneys pursued the investigation of certain OEMs contemplated by the Accommodation Agreement, negotiated certain issues with respect to the confidentiality agreement with certain OEMs related thereto, analyzed recently produced documents and prepared follow up discovery requests in concert with the tort claimant creditors' committee.  In connection with the foregoing efforts, Milbank conducted numerous teleconferences, and engaged in written correspondence with the Committee, the Debtors, the tort claimant creditors' committee, representatives of certain OEMs and other parties in interest to these Chapter 11 Cases.

22.    <u>Disclosure Statement/Solicitation/Voting Issues</u>.  During the Sixth Monthly Period, Milbank attorneys, together with the Committee's other advisors, reviewed and analyzed the Debtors' disclosure statement in anticipation of, and preparation for, the disclosure statement hearing. In connection therewith, Milbank conducted extensive analysis around the provisions of the disclosure statement, including issues related to the liquidation analysis attached thereto.  In preparation for drafting an objection to the disclosure statement, Milbank discussed the disclosure statement with the Committee to identify issues pertinent to the Debtors' unsecured creditors, created internal memoranda and issues lists, pursued and analyzed numerous diligence items, regularly interfaced with the Debtors and other parties in interest regarding various issues related to the disclosure statement, and conducted extensive legal research with regard to all of the foregoing.  Milbank, ultimately, was able to resolve the Committee's objections through extensive negotiations with various parties in interest, including the Debtors and Plan Sponsor.

23.    <u>Global Sale APA/ Asset Sales/ 363 Sale</u>.  During the Sixth Monthly Period, Milbank attorneys continued to engage in a substantive review and analysis of the proposed global sale transaction, including the U.S. Asset Purchase Agreement.  In connection therewith,

Milbank, in coordination with the Committee's other advisors, conducted analysis around the terms of the transaction.  Milbank discussed the proposed transaction documents with the Committee to identify issues pertinent to the Debtors' unsecured creditors, created internal and client memoranda and issues lists, pursued and analyzed numerous diligence items, and interfaced with the Debtors and other parties in interest regarding various issues related to the global transaction.  Milbank also  engaged in meetings with the Plan Sponsor and the Customer Group regarding outstanding deal issues with respect to the global transaction.

24.    <u>Bankruptcy Court Hearings</u>.  Milbank prepared for and represented the Committee at all of the Bankruptcy Court hearings held during this period.  In connection with and prior to these hearings, Milbank reviewed and analyzed the relevant documents, including correspondence and pleadings, and conducted due diligence.  Most significantly, Milbank attorneys prepared extensively for the hearing on the motion to approve the Restructuring Support Agreement, and engaged in protracted negotiations with all of the parties in interest. In addition, during this period, Milbank dedicated significant time and effort to preparing for the Disclosure Statement hearing, scheduled for the first week of January.

25.    <u>Chapter 11 Plan/ Plan Confirmation</u>. Milbank continued to analyze the proposed Plan of Reorganization, along with all exhibits and schedules thereto, including the Plan Supplement.  Particularly, Milbank reviewed the documents, conducted research regarding various legal issues, prepared analysis for the Committee, and discussed with the Committee pertinent concerns implicated by the Plan as well as the Restructuring Support Agreement.  In addition, along with the Committee's financial advisors, Milbank attorneys analyzed certain economic issues including the proposed flow of funds under the Plan and proposed allocation of the proceeds of the global transaction. During this period, Milbank also began Plan related discovery, including drafting and circulating requests for production of documents and notices of

deposition in coordination with the tort claimant creditors' committee.

26.    <u>Committee Calls/Meetings</u>.  During the Sixth Monthly Period, Milbank organized and held both weekly Committee calls and certain ad hoc conference calls regarding various time-sensitive issues.  Prior to each Committee call, Milbank (in consultation with the Committee's other professionals) prepared an agenda outlining topics for discussion.  Milbank also prepared and distributed related materials for the Committee's review on behalf of itself and the Committee's other professionals.  During these Committee calls, Milbank discussed with the Committee all significant matters arising during the previous weekly period and assisted the Committee in formulating positions with respect to various issues.

27.    <u>General Case Strategy</u>.  Milbank continued to implement a system whereby all substantive court filings are reviewed to provide the Committee with a comprehensive summary and analysis of each material document filed in these Chapter 11 Cases.  During the Sixth Monthly Period, Milbank attorneys reviewed such documents and prepared memoranda summarizing and analyzing key pleadings. Milbank also continued to coordinate internally, with the Committee's other advisors and with the Committee to develop and implement a general case strategy aimed at maximizing value for the Debtors' unsecured creditors. Further, Milbank attorneys regularly corresponded amongst the internal team and with other Committee professionals to allocate responsibility for various tasks in a cost-effective manner and to maintain the cohesiveness of the case strategy in order to ensure that the Committee diligently carries out its fiduciary responsibilities.

## **Valuation of Services**

28.    Attorneys and paraprofessionals of Milbank have expended a total of 1,177 hours in connection with this matter during the Sixth Monthly Period.

29.    The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u>

attached hereto.  These are Milbank's normal hourly rates for work of this character.  The reasonable value of services rendered by Milbank to the Committee during the Sixth Monthly Period is $898,563.50, which reflects voluntary reductions of $10,097.50.

30.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  See 11 U.S.C. §§ 330 and 331.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of,
>       or beneficial at the time which the service was rendered
>       toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable
>       amount of time commensurate with the complexity,
>       importance, and nature of the problem, issue, or task
>       addressed;
>
> (E)   with respect to a professional person, whether the person is
>       board certified or otherwise has demonstrated skill and
>       expertise in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the
>       customary compensation charged by comparably skilled
>       practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

31.     The professional services performed by Milbank were necessary and appropriate to the administration of these Chapter 11 Cases.  The professional services rendered by Milbank during the Sixth Monthly Period were in the best interests of the Debtors' unsecured creditors and required a high degree of professional competence and expertise so that the numerous issues requiring the Committee's evaluation and action could be addressed with skill and dispatch. Milbank respectfully submits that it has rendered these services to the Committee efficiently, effectively, economically, and without duplication of services performed by any other Professional in these Chapter 11 Cases. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  Milbank further submits that the requested compensation is reasonable in light of the nature, extent, and value of such services to the Committee and all other parties in interest.

32.     To the best of Milbank's knowledge, this Fee Statement complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the U.S. Trustee, the Local Rules, and the orders of this Court.

## Reservation Of Rights

33.     Milbank reserves the right to request compensation for service and reimbursement of expenses in a future application to the extent that time charges for services rendered or disbursements incurred relating to the Sixth Monthly Period were not processed prior to the preparation of this Fee Statement, or Milbank has for any other reason not sought herein compensation for services rendered or reimbursement of expenses incurred during the Sixth Monthly Period.

## Certification

34.     In accordance with Local Rule 2016-2(g), the undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and

13

belief that this Fee Statement complies with Local Rule 2016-2.

### No Prior Request

35.     No previous request for the relief sought herein has been made to this or any other court.

### Notice

36.     A copy of this Fee Statement will be served in accordance with the Interim Compensation Order.  Milbank submits that, in light of the relief requested, no other or further notice need be provided.

**WHEREFORE**, Milbank respectfully requests (i) interim allowance with respect to the sum of $898,563.50 representing one hundred percent (100%) compensation for professional services rendered during the Sixth Monthly Period, and the sum of $25,584.02, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Sixth Monthly Period, and (ii) payment according to the procedures set forth in the Interim Compensation Order (i.e., payment of eighty percent (80%) of its requested fees in the amount of $718,850.80 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $25,584.02, for a total payment of $744,434.82.

*[Remainder of Page Left Intentionally Blank]*

Dated: March 1, 2018
New York, New York

Respectfully submitted,

*/s/ Abhilash M. Raval*
Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Abhilash M. Raval, Esq. (admitted *pro hac vice*)
Tyson Lomazow, Esq. (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
28 Liberty St.
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: ddunne@milbank.com
        araval@milbank.com
        tlomazow@milbank.com

-and-

Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K. Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7574
Facsimile: (202) 263-7574
Email: aleblanc@milbank.com

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x

In re                                               :          Chapter 11
                                                    :
TK HOLDINGS INC., *et al.*,                         :          Case No. 17-11375 (BLS)
                                                    :
                        Debtors.[1]                 :          (Jointly Administered)
                                                    :

------------------------------------------------------------ x

## <u>VERIFICATION</u>

1.      I am a partner in the Financial Restructuring Group of the firm Milbank, Tweed,

Hadley & M<sup>c</sup>Cloy LLP ("<u>Milbank</u>"), counsel to the official committee of unsecured creditors

(the "<u>Committee</u>") in these chapter 11 cases (the "<u>Chapter 11 Cases</u>").  I am admitted to the bar

in the State of New York, and *pro hac vice* in this Court for these Chapter 11 Cases.

2.      I am familiar with the work performed on behalf of the Committee by Milbank.

3.      I have reviewed the foregoing *Sixth Monthly Fee Statement of Milbank, Tweed,*

*Hadley & McCloy LLP for Interim Approval and Allowance of Compensation for Services*

*Rendered and for Reimbursement of Expenses Incurred as Counsel to the Official Committee of*

*Unsecured Creditors from December 1, 2017 Through and Including December 31, 2017* (the

"<u>Fee Statement</u>"), and submit that the facts set forth therein are true and correct to the best of my

knowledge, information, and belief.  Moreover, I have reviewed rule 2016-2 of the Local Rules

of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Delaware and submit that, to the best of my knowledge, information, and belief, the Fee

Statement complies with such rule.

Dated: March 1, 2018
　　　New York, New York

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*/s/ Abhilash M. Raval*　　　　　　　　
　　　　　　　　　　　　　　　Name: Abhilash M. Raval, Esq.
　　　　　　　　　　　　　　　Title: Partner, Milbank, Tweed, Hadley & McCloy LLP