UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re : Chapter 11
: 
TK HOLDINGS INC., *et al.*, : Case No. 17-11375 (BLS)
: 
Debtors.[1] : (Jointly Administered)
: 
: Re: Docket No. 2511
------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 6004, 9019, AND 9024 (I) AUTHORIZING AND APPROVING CERTAIN SETTLEMENTS AND (II) VACATING THE DISCHARGE OPINION

Upon the motion, dated March 27, 2018 (the "*Motion*"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*"), seeking entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 6004, 9019, and 9024 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"):

    a.    authorizing and approving that certain Settlement Agreement (the "*State Settlement Agreement*") by and among TKH, Takata Corporation ("*TKJP*" and, together with its direct and indirect global subsidiaries, including TKH, "*Takata*"), the State of Hawaiʻi, by its Office of Consumer Protection ("*Hawaiʻi*"), the State of New Mexico, by its Attorney General ("*New Mexico*"), and the Government of the United States Virgin Islands, by its Attorney General (the "*USVI*" and, together with Hawaiʻi and New Mexico, each a "*State*" and, collectively, the "*States*" and,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion, the State Settlement Agreement, the Puerto Rico Settlement Agreement, or the TKJP Settlement Term Sheet, as applicable.

|   |   |   |
|---|---|---|
|   |   | together further with TKH and TKJP, each a "***State Settlement Party***" and, collectively, the "***State Settlement Parties***") attached hereto as **Schedule 1**; |
|   | b. | authorizing and approving that certain Settlement Agreement (the "***Puerto Rico Settlement Agreement***") by and among TKH and the Commonwealth of Puerto Rico, by its Deputy Attorney General ("***Puerto Rico***" and, together with TKH, each a "***Puerto Rico Settlement Party***" and, collectively, the "***Puerto Rico Settlement Parties***") attached hereto as **Schedule 2**; |
|   | c. | authorizing and approving that certain Settlement Term Sheet (the "***TKJP Settlement Term Sheet***") by and among the Debtors, the Japan Debtors, the Tort Claimants' Committee, the Future Claims Representative, and the MDL Plaintiffs (each a "***TKJP Settlement Term Sheet Party***" and, collectively, the "***TKJP Settlement Term Sheet Parties***") attached hereto as **Schedule 3**; and |
|   | d. | vacating the Discharge Opinion. |

all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

RLF1 19106828V.1

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy and Code and Bankruptcy Rule 9019, the State Settlement Agreement, the Puerto Rico Settlement Agreement, and the TKJP Settlement Term Sheet are approved as set forth herein, and the Debtors are authorized to enter into the State Settlement Agreement, the Puerto Rico Settlement Agreement, and the TKJP Settlement Term Sheet and perform their obligations thereunder.

3. Subject to the effectiveness of the TKJP Settlement Term Sheet and full execution and delivery of the *Agreement Regarding the Release of Insurance Rights for Overlapping Trust Claims* (the form of which is attached as <u>Exhibit 1</u> to the TKJP Settlement Term Sheet), in accordance with the Plan and the Confirmation Order, each of the Japan Debtors shall become Released Parties and Protected Parties under the Plan, and the Debtors are authorized and directed to provide notice of such occurrence in the notice of the occurrence of the Effective Date.

4. The request for vacatur of the Discharge Opinion is granted.

5. Within five (5) days of the Effective Date of the Plan, the States shall withdraw with prejudice the Discharge Appeal and the Confirmation Appeal.

6. Within five (5) days of the Effective Date of the Plan, each of the States shall withdraw with prejudice the State Petitions for Assessment in the Japan Proceedings.

7. Within five (5) days of the Effective Date of the Plan, each of the States shall dismiss with prejudice all claims they have asserted against TKH, TKJP, and any related Takata entities named as defendants in the State Actions.

8. Within five (5) days of the Effective Date of the Plan, the MDL Plaintiffs and the Tort Claimants' Committee, including any of its members, shall withdraw with prejudice any petitions for assessment that they filed in the Japan Proceedings.

9. Within five (5) days of the Effective Date of the Plan, the Debtors shall withdraw with prejudice the Debtor Petitions for Assessment in the Japan Proceedings.

10. The TKJP Debtor Claims are deemed to have an Allowed balance of Zero Dollars ($0).

11. The State Resolution Payment and the State Expense Payment are deemed to be in full and final satisfaction of the State Claims and the State TKJP Claims.

12. Payment of the Puerto Rico Expense Payment is deemed to be in full and final satisfaction of the Puerto Rico Claim.

13. Payment of the TKJP 503(b)(9) Claim in accordance with the terms set forth in the TKJP Settlement Term Sheet is deemed to be in full and final satisfaction of the TKJP Debtor Claims.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

15. The Debtors' claims and noticing agent is authorized to update the official claims register consistent with the terms of the State Settlement Agreement, the Puerto Rico Settlement Agreement, and the TKJP Settlement Term Sheet.

16. The 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) is hereby waived and the terms and conditions of this Order are immediately effective and enforceable upon entry by the Court.

RLF1 19106828V.1

17. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: April 9, 2018
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE