IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
TK HOLDINGS INC., *et al.*,                                :   Case No. 17-11375 (BLS)
                                                           :
Debtors.[1]                                                :   (Jointly Administered)
                                                           :
---------------------------------------------------------- x   **Objection Deadline: May 3, 2018 at 4:00 p.m. (ET)**

**SUMMARY OF SEVENTH MONTHLY FEE STATEMENT OF COVINGTON & BURLING LLP, SPECIAL LITIGATION, REGULATORY AND CORPORATE COUNSEL TO THE DEBTORS, FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2018 THROUGH FEBRUARY 28, 2018**

| | |
|---|---|
| **Name of Applicant:** | **Covington & Burling, LLP** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors in Possession** |
| Date of Retention: | **July 26, 2017, *nunc pro tunc* to June 25, 2017** |
| Period for which Compensation and Reimbursement is sought: | **February 1, 2018 through February 28, 2018** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$557,868.20 (80% of $697,335.25)** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$13,931.72** |
| This is a: | **Monthly Fee Application** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

## COMPENSATION BY PROFESSIONAL
## FEBRUARY 1, 2018, THROUGH FEBRUARY 28, 2018

The attorneys who rendered professional services in these chapter 11 cases from February 1, 2018 through February 28, 2018 ("Fee Period") are:

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Teel, Keith | Partner | Litigation/ Regulatory | DC, 1981 | $1,110.00 | 129.70 | $149,350.50 |
| Fagan, David N. | Partner | Regulatory | DC, 2002 | $1,110.00 | 16.30 | $18,093.00 |
| Coffino, Dianne | Partner | Bankruptcy | NY, 1989 | $1,070.00 | 0.40 | $428.00 |
| Roman, Neil K. | Partner | Litigation | DC, 1986 | $1,000.00 | 1.70 | $1,700.00 |
| O'Connell, James J. | Partner | Corporate/ Regulatory | DC, 1999 | $970.00 | 3.70 | $3,589.00 |
| Stork, Anita | Partner | Litigation/ Regulatory | CA, 1989 | $970.00 | 9.60 | $9,312.00 |
| Strosnider, Kimberly A. | Partner | Litigation/ Regulatory | DC, 2002 | $970.00 | 2.80 | $2,716.00 |
| Wilson, Sarah L. | Partner | Litigation/ Regulatory | DC, 1994 | $970.00 | 40.80 | $39,576.00 |
| Suleiman, Daniel | Partner | Litigation/ Regulatory | DC, 2006 | $865.00 | 20.60 | $24,955.25 |
| Davidson, Jeffrey M. | Partner | Litigation/ Regulatory | CA, 2007 | $825.00 | 2.20 | $1,815.00 |
| Duraiswamy, Shankar | Partner | Litigation | DC, 2006 | $825.00 | 9.80 | $8,085.00 |
| Eppich, Christopher K. | Partner | Litigation | CA, 2003 | $825.00 | 17.70 | $14,602.50 |
| Surdu, Stephen L. | Senior Advisor | Regulatory | N/A | $825.00 | 3.00 | $2,475.00 |
| Elliott, E. Donald | Senior Of Counsel | Litigation/ Regulatory | DC, 1975 | $1,215.00 | 22.30 | $27,094.50 |
| Chambers, Damara L. | Of Counsel | Litigation/ Regulatory | DC, 2005 | $865.00 | 54.60 | $47,229.00 |
| Demain, Ross A. | Special Counsel | Litigation/ Regulatory | DC, 2010 | $775.00 | 2.20 | $1,705.00 |
| Dingle, Shanya J. | Special Counsel | Litigation/ Regulatory | DC, 2016; NY, 2005 | $775.00 | 0.60 | $465.00 |
| Park, Teresa S. | Special Counsel | Litigation | DC, 2012; NY 2005 | $790.00 | 10.30 | $8,137.00 |
| Clark, R. Alexander | Associate | Bankruptcy | NY, 2013; TX 2011 | $730.00 | 9.70 | $7,081.00 |

---

[2]    The rates set forth herein are Covington & Burling LLP's regular hourly rates for legal services. All hourly rates are adjusted by Covington & Burling LLP on a periodic basis.

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| DeBoy, John J. | Associate | Litigation/ Regulatory | DC, 2011 | $725.00 | 2.20 | $1,595.00 |
| Brugato, Thomas R. | Associate | Litigation/ Regulatory | DC, 2013 | $690.00 | 5.90 | $4,071.00 |
| Kelly, Kevin M. | Associate | Litigation | DC, 2016; PA 2011 | $690.00 | 138.80 | $95,772.00 |
| Martinez Resly, Jaclyn E. | Associate | Litigation | DC, 2013 | $690.00 | 19.40 | $13,386.00 |
| Tucker, Shannon R. | Associate | Litigation | DC, 2014 | $690.00 | 29.80 | $20,562.00 |
| Bartenstein, Stephen C. | Associate | Litigation/ Regulatory | DC, 2013 | $660.00 | 2.30 | $1,518.00 |
| Gupta, Rani | Associate | Litigation/ Regulatory | CA, 2014 | $660.00 | 1.10 | $726.00 |
| Haley, Kyle P. | Associate | Litigation | DC, 2014 | $630.00 | 10.80 | $6,804.00 |
| Jacques, Robert W. | Associate | Litigation | DC, 2016 | $630.00 | 8.50 | $5,355.00 |
| Price, Ingrid L. | Associate | Litigation/ Regulatory | DC, 2015 | $630.00 | 19.70 | $12,411.00 |
| Rovenger, Joshua D. | Associate | Litigation | DC, 2017 | $630.00 | 0.30 | $189.00 |
| Arco, Jessica A. | Associate | Litigation | DC, 2016 | $590.00 | 20.40 | $12,036.00 |
| Mizerak, John F. | Associate | Litigation/ Regulatory | NY, 2016 | $590.00 | 15.30 | $9,027.00 |
| Clifford, Mark | Associate | Litigation/ Regulatory | DC, 2017 | $560.00 | 0.40 | $224.00 |
| Jaganathan, Neha | Associate | Litigation/ Regulatory | CA, 2015 | $560.00 | 3.80 | $2,128.00 |
| Komorowski III, Peter J. | Associate | Litigation/ Regulatory | DC, 2017 | $560.00 | 45.40 | $25,424.00 |
| Saris, Leah E. | Associate | Litigation | DC, 2017 | $490.00 | 43.90 | $24,898.50 |
| Estela, Brandon M. | Senior Staff Attorney | Litigation/ Regulatory | DC, 2005 | $340.00 | 15.30 | $5,202.00 |
| Oyler, Caitlin L. | Senior Staff Attorney | Litigation/ Regulatory | DC, 2017 | $340.00 | 56.00 | $19,040.00 |
| Nogueras, Nicolle | Senior Staff Attorney | Litigation/ Regulatory | DC, 2005 | $320.00 | 94.00 | $30,080.00 |
| Bavaro, Paulo | Staff Attorney | Litigation/ Regulatory/ Corporate | NY, 2013 | $225.00 | 2.00 | $450.00 |
| Kelly, Roy W. | Staff Attorney | Litigation/ Regulatory | DC, 2012 | $225.00 | 7.60 | $1,710.00 |
| Nunez, Anna M. | Staff Attorney | Litigation/ Regulatory | DC, 2012 | $225.00 | 6.00 | $1,350.00 |
| Taboada, Alejandra C. | Staff Attorney | Litigation/ Regulatory | DC, 2015 | $225.00 | 47.50 | $10,687.50 |

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Chew, Carrie E. | Staff Attorney | Litigation/ Regulatory | DC, 2006 | $190.00 | 17.60 | $3,344.00 |
| Hussey, Ryan A. | Staff Attorney | Litigation/ Regulatory/ Corporate | DC, 2014 | $190.00 | 1.50 | $285.00 |
| Nwadike, Ugochukwu B. | Staff Attorney | Litigation/ Regulatory/ Corporate | DC, 2017 | $190.00 | 21.10 | $4,009.00 |
| **Total for Attorneys and Senior Advisors** | | | | | **994.60** | **$680,692.75** |

The paraprofessionals and other staff who rendered professional services in these chapter 11 cases during the Fee Period are:

| Name of Paraprofessional or Other Staff Member | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Godlin, Merri S. | Paralegal | Litigation/ Regulatory | $435.00 | 2.00 | $870.00 |
| Anderson, Brad | Sr. Litigation Support Analyst | Litigation | $440.00 | 0.50 | $220.00 |
| James W. McNinch | Sr. Litigation Support Analyst | Litigation | $400.00 | 1.60 | $640.00 |
| Koppes, Michael W. | Litigation Support Analyst | Litigation | $310.00 | 21.70 | $6,727.00 |
| Martinez, Guillermo J. | Paralegal | Litigation | $255.00 | 5.10 | $1,300.50 |
| Rodenberg, William D. | Paralegal | Litigation | $255.00 | 26.80 | $6,834.00 |
| Xie, Eric | Paralegal | Litigation | $255.00 | 0.20 | $51.00 |
| **Total for Paraprofessionals and Other Staff** | | | | **57.90** | **$16,642.50** |

The totals for the Fee Period are:

| Professionals | Blended Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|
| Partners, Counsel and Senior Advisors | $1,037.40 | 348.30 | $361,327.75 |
| Associates | $643.92 | 377.70 | $243,207.50 |
| Staff Attorneys | $283.53 | 268.60 | $76,157.50 |
| Paraprofessionals and Other Staff | $287.44 | 57.90 | $16,642.50 |
| **Blended Attorney Rate/Total Attorney Fees** | **$684.39** | **994.60** | **$680,692.75** |
| **Total Fees** | | **1,052.50** | **$697,335.25** |
| **Less 20% Holdback** | | | **($139,467.05)** |
| **Total Adjusted Fees Requested** | | | **$557,868.20** |

4

## COMPENSATION BY MATTER

| Matter Number | Description | Total Hours | Total Fees |
|---|---|---|---|
| 00010 | Personal Injury/Wrongful Death Cases | 51.00 | $33,781.00 |
| 00011 | Economic Loss Cases | 113.50 | $68,595.00 |
| 00012 | State Civil Enforcement Actions | 129.70 | $89,641.00 |
| 00013 | Foreign Litigation Coordination | 0.90 | $493.50 |
| 00014 | Antitrust Civil Investigation | 4.70 | $4,601.00 |
| 00015 | DOJ Criminal Investigation | 371.70 | $133,922.00 |
| 00016 | NHTSA Compliance and Enforcement | 68.40 | $58,923.50 |
| 00017 | EPA Inquiries | 20.50 | $24,015.00 |
| 00018 | Global Transaction Diligence and Regulatory | 156.30 | $120,696.50 |
| 00019 | Retention and Fee Applications | 10.30 | $7,674.00 |
| 00020 | Non-Working Travel Time[3] | 39.00 | $15,687.75 |
| 00030 | General Legal Advice | 125.50 | $139,305.00 |
| **TOTAL** | | **1,091.50** | **$697,335.25** |

---

[3] Billed at 50% of Covington & Burling LLP's customary rates.

**EXPENSE SUMMARY**

| Description | Amount |
|---|---|
| Color Printing / Color Duplicating | $647.20 |
| Computer Research / Westlaw Research | $215.88 |
| Couriers and Messengers | $22.26 |
| Duplicating | $466.10 |
| Long Distance Calls | $63.36 |
| Monthly Disk Storage | $5,926.70 |
| Overtime Meals | $80.00 |
| Overtime Transportation | $24.61 |
| Telephone Calls | $17.99 |
| Travel - Air/Rail | $4,626.94 |
| Travel - Cabs/Public Transportation | $304.44 |
| Travel - Lodging | $1,135.65 |
| Travel - Meals | $393.78 |
| Travel - Mileage | $6.81 |
| **TOTAL** | **$13,931.72** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------  x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
TK HOLDINGS INC., et al.,                                     :    Case No. 17-11375 (BLS)
                                                              :
Debtors.¹                                                     :    (Jointly Administered)
                                                              :
------------------------------------------------------------  x    Objection Deadline: May 3, 2018 at 4:00 p.m. (ET)
```

**SEVENTH MONTHLY FEE STATEMENT OF COVINGTON & BURLING
LLP, SPECIAL LITIGATION, REGULATORY AND CORPORATE COUNSEL
TO THE DEBTORS, FOR PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
FEBRUARY 1, 2018 THROUGH FEBRUARY 28, 2018**

Covington & Burling LLP ("Covington" or "Firm"), as special litigation, regulatory

and corporate counsel for TK Holdings Inc. ("TKH") and its affiliated debtors and debtors in

possession (collectively, "Debtors") in the above-captioned chapter 11 cases ("Chapter 11 Cases"),

hereby files its seventh monthly fee statement (this "Fee Statement") for payment of compensation

for professional services rendered to the Debtors and for reimbursement of actual and necessary

expenses incurred in connection therewith for the period commencing February 1, 2018 through

and including February 28, 2018 ("Fee Period"), pursuant to sections 105(a), 330, and 331 of title

11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China,
LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc.
(4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A);
Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex,
S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and
subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters
is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Procedure ("Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, effective July 1, 2013 ("Guidelines"), and the Court's *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) Authorizing Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated July 26, 2017 (Docket No. 331) ("Interim Compensation Order").

In support of this Fee Statement, Covington respectfully represents as follows:

## I.    Jurisdiction and Venue

1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

2.    On June 25, 2017 ("Petition Date"), each of the Debtors commenced the Chapter 11 Cases in this Court. On July 7, 2017, the United States Trustee for Region 3 appointed the statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code ("Creditors' Committee") and the statutory committee of tort claimant creditors pursuant to section 1102(a)(2) of the Bankruptcy Code ("Tort Claimants' Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases. On September 7, 2017, the Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested*

2

*Compensation and Reimbursement of Expenses*, dated September 7, 2017 (Docket No. 714), appointing Direct Fee Review LLC as Fee Examiner in the Chapter 11 Cases.

3.      The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

4.      On the Petition Date, in coordination with the commencement of the Chapter 11 Cases, Takata Corporation, the Debtors' ultimate corporate parent ("TKJP" and, together with its direct and indirect global subsidiaries, including TKH, "Takata"), together with Takata Kyushi K.K. and Takata Service Corporation, commenced civil rehabilitation proceedings under the Civil Rehabilitation Act of Japan in the 20th Department of the Civil Division of the Tokyo District Court.  On June 28, 2017, the Debtors also commenced an ancillary proceeding under the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended in the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada.   Additional information regarding the Debtor's Chapter 11 Cases is set forth in the Declaration of Scott E. Caudill in Support of Debtors' Chapter 11 Petitions and First Day Relief, dated June 25, 2017 (Docket No. 19) ("Caudill Declaration").[2]

5.      On January 5, 2018, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105, 502, 1125, 1126, and 1128, Fed. R. Bankr. P. 2002, 3003, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1, 3017-1, and 9006-1 for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* (Docket No. 1639), pursuant to which the Court

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Caudill Declaration.

approved the Debtors' *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* (Docket No. 1630).

6.      Following a confirmation hearing conducted on February 16, 2018, the court entered an order, dated February 23, 2018, confirming the *Debtor's Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors* (Docket No. 2116) ("Plan"). The Plan became effective on April 10, 2018.

7.      This Court authorized Covington's retention as attorneys for the Debtors *nunc pro tunc* to the Petition Date pursuant to an order entered on July 26, 2017 (Docket No. 320) ("Retention Order"). Covington prepared this Fee Statement in accordance with the procedures set forth in the Interim Compensation Order.

### III.      Summary of Professional Compensation and Reimbursement of Expenses Requested

8.      By this Fee Statement, Covington requests interim allowance of $697,335.25 and payment of $557,868.20 (80% of $697,335.25) as compensation for professional services rendered during the Fee Period and allowance and payment of $13,931.72 as reimbursement for actual and necessary expenses incurred by Covington during the Fee Period. All services for which compensation is requested by Covington were performed for or on behalf of the Debtors.

9.      During the Fee Period, Covington received no payments, nor promises of payment, from any source, for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Statement. There is no agreement or understanding between Covington and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in the Debtors' Chapter 11 Cases.

4

10.     The fees charged by Covington in these Chapter 11 Cases are billed in accordance with Covington's existing billing rates and procedures in effect during the Fee Period, and in accordance with the Retention Order.  The rates that Covington charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are no greater than the rates that Covington charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Covington's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

11.     Covington maintains computerized records of the time spent by all Covington attorneys and paraprofessionals in connection with the Firm's representation of the Debtors.  Annexed hereto as Exhibit A are copies of Covington's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Fee Period. Covington's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of itemized time entries and separate matter numbers for different project types, as set forth below in greater detail.

### IV.     Summary of Services

12.     The following is a summary of the significant professional services rendered by Covington during the Fee Period. This summary is organized in accordance with the internal system of matter numbers for each of the discrete matters in which Covington represents the Debtors, which were created by Covington at the outset of these Chapter 11 Cases.[3] If a matter

---

[3]     A complete description of the services provided during the Fee Period is found in the time records in Exhibit A.

number does not appear below, then Covington did not bill significant time for that matter number during the Fee Period, but may bill time for that matter number in the future.

a. **Personal Injury/Wrongful Death Cases (Matter Number: 037414.00010)**
   **Fees: $33,781.00; Total Hours: 51.00**

- Reviewed and analyzed new and recently filed PI/WD Actions, assisted the Debtors in retaining local counsel, and coordinated with local counsel regarding necessary filings and case strategy.

- Monitored the status of the PI/WD Actions, advised local counsel regarding hearings and necessary filings, and assisted local counsel in preparing certain filings relating to the automatic stay, including an objection to a motion to lift the automatic stay.

- Advised local counsel regarding litigation strategy following the confirmation of the Plan.

- Advised the Debtors with respect to insurance issues affecting the PI/WD Actions and responded to and prepared a production of documents relating to the PI/WD Actions requested by one of the Debtors' insurers.

- Participated in a meeting with the Special Master regarding adjudication of the PI/WD Actions.

- Reviewed unfiled personal injury claims relating to the PSAN Inflators.

- Analyzed certain PI/WD Actions to assist the Debtors in establishing claims reserves in connection with the Plan, and prepared information regarding the status of certain of the PI/WD Actions.

- Analyzed issues related to the dismissal of certain of the PI/WD Actions.

- Maintained and updated an inventory of the PI/WD Actions.

b. **Economic Loss Cases (Matter Number: 037414.00011)**
   **Fees: $68,595.00; Total Hours: 113.50**

- Coordinated with the Debtors regarding the deposition of certain of the Debtors' employees in the multi-district litigation proceedings, prepared deposition outlines, and conducted extensive searches of the Debtors' records and pre-bankruptcy document productions to prepare the Debtors' employees for such depositions.

- Provided information regarding previous depositions of the Debtors' employees to the Debtors' insurance counsel.

**c.** __State Civil Enforcement Actions (Matter Number: 037414.00012)__
**Fees: $89,641.00; Total Hours: 129.70**

- Negotiated a $650 million settlement with a consortium of state attorney generals to settle various consumer protection claims asserted by such states.

- Advised and represented the Debtors with respect to litigation in certain consumer protection actions initiated by governmental authorities in Hawaii, the U.S. Virgin Islands ("USVI"), and New Mexico ("State AG Actions").

- Advised the Debtors in complying with resumed discovery obligations in the State AG Actions.

- Organized and attended a "meet and confer" with governmental authorities in the Hawaii State AG Action, negotiated a draft discovery plan and scheduling order, and coordinated requests for production of documents in the action.

- Organized and attended a "meet and confer" with governmental authorities in the USVI State AG Action, and negotiated a scheduling order in such action.

- Negotiated a protective order in the New Mexico State AG Action.

- Coordinated the deposition of certain of the Debtors' employees in certain of the State AG Actions, prepared deposition outlines, assisted in the preparation of the Debtors' employees for such depositions, and advised the Debtors' regarding potential witnesses for depositions.

**d.** __Foreign Litigation Coordination (Matter Number: 037414.00013)__
**Fees: $493.50; Total Hours: 0.90**

- Communicated with Mexican counsel regarding the status of the Mexican litigation and updated the Debtors regarding the status of such litigation.

**e.** __Antitrust Civil Investigation (Matter Number: 037414.00014)__
**Fees: $4,601.00; Total Hours: 4.70**

- Advised the Debtors' regarding settlement of an antitrust investigation brought by the Conselho Administrativo de Defesa

Econômica, the Brazilian antitrust authority, and analyzed certain German law issues affecting the investigation.

**f.   DOJ Criminal Investigation (Matter Number: 037414.00015)**
**Fees: $133,922.00; Total Hours: 371.70**

- Advised the Debtors with respect to a new DOJ investigation of an OEM relating to PSAN Inflators, and organized and reviewed the production of documents relating to such investigation requested by the DOJ.

- Conducted an ongoing investigation regarding the Debtors' PSAN Inflator manufacturing facility in Monclova, Mexico, conducted interviews of laboratory and quality assurance employees at the Monclova facility regarding data integrity issues, organized the production of documents related to the Monclova facility at the request of the Independent Monitor, conducted an internal review of such documents, and advised the Debtors with respect to the Independent Monitor's investigation.

**g.   NHTSA Compliance and Enforcement (Matter Number: 037414.00016)**
**Fees: $58,923.50; Total Hours: 68.40**

- Advised the Debtors with respect to an amended Preservation Order, negotiated with the Environmental Protection Agency ("EPA") and certain state-level environmental agencies, certain plaintiffs in actions filed against the Debtors, and OEMs, and participated in weekly status calls with the client regarding amendment of the Preservation Order.

- Facilitated the transfer of certain permits, approvals and other certifications from the Pipeline and Hazardous Materials Safety Administration of the Department of Transportation ("PHMSA"), drafted permit transfer letters, and coordinated with the PHMSA and counsel for the Plan Sponsor regarding such transfers.

- Advised the Debtors with respect to a Part 556 Exemption for Inconsequential Defect or Noncompliance petition.

- Advised the Debtors with respect to a mandatory recall notice issued by the Australian Competition and Consumer Commission.

- Facilitated the production of certain documents to the Independent Monitor relating to the PSAN Inflators.

**h.  <u>Environmental Protection Agency Inquiries (Matter Number: 037414.00017)</u> Fees: $24,015.00; Total Hours: 20.50**

- Advised the Debtors with respect to disposal and warehousing issues raised in objections filed to confirmation of the Debtors' Plan by the EPA and certain state-level environmental agencies under the Resource Conservation and Recovery Act, and by the Texas Commission on Environmental Quality ("TCEQ") in an adversary proceeding (Adv. No. 18-50282) and in an objection to Plan confirmation, assisted the Debtors in responding to requests for information regarding such objections, negotiated a settlement with the TCEQ regarding its adversary complaint and objections, and incorporated language into the Plan reflecting such settlement.

- Advised the Debtors with respect to a request by the Attorney General of the State of Texas, the EPA and the DOJ to carve out certain claims in the Plan from the jurisdiction of the Bankruptcy Court, communicated with the Texas Attorney General, the EPA and the DOJ regarding the proposed carve-out, and worked with the Debtors' bankruptcy counsel to revise the Plan to address such objections.

- Reviewed certain warehousing leases and disposal agreements for discarded PSAN Inflators.

- Advised the Debtors with respect to the treatment by the EPA of certain proprietary information as "Confidential Business Information" pursuant to § 14 of the Toxic Substances Control Act.

- Advised the Debtors with respect to certain hazardous waste disposal issues arising in Ohio.

**i.  <u>Global Transaction Diligence and Regulatory (Matter Number: 037414.00018)</u> Fees: $120,696.50; Total Hours: 156.30**

- Provided regulatory advice to and represented the Debtors in connection with approval of the Global Transaction by the Committee on Foreign Investment in the United States ("CFIUS"), advised the Debtors with respect to mitigation strategies to address certain information technology and warehousing issues relating to CFIUS regulatory approval (including assisting the Debtors in identifying entities to assist the Debtors in separating and reorganizing its information technology infrastructure) and participated in regular status calls with the Debtors regarding CFIUS approval, communicated with the CFIUS regarding mitigation strategies, organized and facilitated two meetings with the CFIUS regarding regulatory approval, and prepared a trust agreement to be executed in connection with the Global Transaction.

- Coordinated with the Debtors' bankruptcy counsel and the Plan Sponsor regarding CFIUS approval and other pre-closing and post-closing regulatory issues.

- Advised the Debtors in negotiating a stipulation with the Plan Sponsor regarding extension of the deadline for closing the Global Transaction.

- Advised the Debtors with respect to Commodity Jurisdiction Requests and export control analyses under the International Traffic in Arms Regulations ("ITAR") for certain of the Debtors' products and responded to inquiries from the Directorate of Defense Trade Controls regarding the Debtors' products.

- Advised the Debtors regarding regulatory approvals in South Africa and Mexico, and in responding to information requests from South African regulatory authorities.

- Advised the Debtors with respect to post-closing business integration, planning and transition services, including with respect to a proposed supply agreement, and prepared documentation necessary to consummate the Global Transaction.

**j.  Retention and Fee Applications  (Matter Number:  037414.00019)**
**Fees: $7,674.00; Total Hours: 10.30**

- Prepared the *Fourth Monthly Fee Statement of Covington LLP, Special Litigation, Regulatory, and Corporate Counsel to the Debtors, for Payment of Compensation and Reimbursement of Expenses for the Period November 1, 2017 through November 30, 2017* (Docket No. 1908).

- Prepared the *Fifth Monthly Fee Statement of Covington LLP, Special Litigation, Regulatory, and Corporate Counsel to the Debtors, for Payment of Compensation and Reimbursement of Expenses for the Period December 1, 2017 through December 31, 2017* (Docket No. 2413).

**k.  Non-Working  Travel Time  (Matter Number:  037414.00020)**
**Fees: $15,687.75; Total Hours: 39.00**

- This category includes time for travel on behalf of the Debtors billed at fifty percent of Covington's customary rates.

**l.  General Legal Advice (Matter Number:  037414.00030)**
**Fees: $139,305.00; Total Hours: 125.50**

- Provided counselling and services on a wide array of legal issues affecting the Debtors' general operations, supervised law firms advising the Debtors in the Chapter 11 Cases, and provided general

advice to the Debtors' management on confirmation of the Plan, as well as other corporate, regulatory and litigation issues.

- Advised the Debtors in responding to objections to the Plan, and amending the Plan in response to such objections.

- Coordinated, and advised the Debtors with respect to, the Global Transaction.

- Analyzed certain insurance coverage issues in connection with the Plan, and communicated with the Debtors' insurers regarding such issues.

- Analyzed intellectual property issues arising from a potential dispute concerning certain of the Debtors' patents.

13.     The foregoing professional services performed by Covington were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors' estates and their stakeholders.  Compensation requested for the foregoing services is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  The professional services were performed skillfully and efficiently.

## V.     Actual and Necessary Disbursements

14.     Covington requests allowance of actual and necessary expenses incurred during the Fee Period in the aggregate amount of $13,931.72.  Annexed hereto as Exhibit B are copies of Covington's itemized actual and necessary expenses.

15.     The expenses and disbursements for which Covington seeks reimbursement include the following:

a. Duplicating (Including Color Duplicating): White and black copies charged at $0.10 per page, and color copies charged at $0.80;

b. Telecommunications: Long-distance calls, long-distance facsimile transmissions and conferencing services are billed at actual cost;

c. Computer Research Charges: Covington's practice is to bill clients for computer research at actual cost;

11

    d.   <u>Transportation</u>: Covington's practice is to charge clients at actual cost for necessary transportation services;

    e.   <u>Meals</u>: Covington's practice is to charge clients at cost for any meals necessitated by travel, working meetings or overtime work; (if necessary Covington reduces such charges to comply with U.S. Trustee Guidelines);

    f.   <u>Delivery Services</u>: Covington's practice is to charge postal, overnight delivery and courier services at actual cost.

16.    Covington's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges for black and white copies, Covington charges $0.10 per page because the actual cost is difficult to determine. Covington does not charge its clients for incoming facsimile transmissions.

## VI.    <u>Reservation</u>

17.    To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Statement, or Covington has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Covington reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VII.    <u>Notice</u>

18.    Notice of this Fee Statement has been provided to (i) TK Holdings Inc., 2500 Takata Drive, Auburn Hills, Michigan 48326 (Attn: Ken Bowling); (ii) co-counsel to the Debtors, Richard, Layton & Finger, P.A., 920 N. King Street, One Rodney Square, Wilmington, Delaware 19807 (Attn: Michael J. Merchant, Esq. and Amanda R. Steele, Esq.); (iii) counsel to the Consenting OEMs, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Derek C. Abbott); (iv) the Office of the United States

Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Buchbinder, Esq. and Jane Leamy, Esq.); (v) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq., and Tyson M. Lomazow, Esq.); (vi) counsel to the Tort Claimants' Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.); and (vii) the Fee Examiner, Direct Fee Review, LLC, 1000 North West Street, Ste. 1200, Wilmington, DE 19801 (Attn: Donald Oliver). Covington respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE Covington respectfully requests (i) interim allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $557,868.20, (ii) interim allowance of reimbursement of actual and necessary costs, and for expenses incurred by Covington during the Fee Period in the amount of $13,931.72; (iii) that, in accordance with the Interim Compensation Order, the Court authorize the Debtors to pay Covington a total of $571,799.92, representing 80% of the total amount of fees allowed, and 100% of the expenses allowed; (iv) that the interim allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Covington's right to seek such further compensation for the full value of services performed and expenses incurred; and (v) that the Court grant Covington such other and further relief as is just.

Dated: April 13, 2018
      Washington, D.C.

                    /s Keith A. Teel

                    COVINGTON & BURLING LLP
                    One City Center
                    850 Tenth Street, NW
                    Washington, DC 20001
                    Telephone: (202) 662-5501
                    Facsimile: (202) 778-5501

                    *Special Litigation, Regulatory and Corporate*
                    *Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
TK HOLDINGS INC., et al.,                                :    Case No. 17-11375 (BLS)
                                                         :
Debtors.[1]                                              :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

## DECLARATION OF KEITH A. TEEL

I, Keith A. Teel, hereby declare the following under penalty of perjury:

1.      I am a member of the firm of Covington & Burling LLP ("Covington" or "Firm"), which serves as special litigation, regulatory and corporate counsel for TK Holdings Inc. and its affiliated debtors and debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "Debtors").

2.      I have personally performed or supervised many of the legal services rendered by Covington as counsel to the Debtors and am thoroughly familiar with the work performed on behalf of the Debtors by the lawyers in the Firm.

3.      I have reviewed the foregoing Fee Statement, and the facts set forth therein are true and correct to the best of my knowledge and belief.  Moreover, I have reviewed Local

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware and submit that the Fee Statement substantially complies with the requirements of Rule 2016-2. To the extent that the Fee Statement does not comply in all respects with the requirements set forth in such Rule 2016-2, I submit that any such nonconformities are immaterial and respectfully request that compliance with any such requirement be waived.

4.     There is no agreement or understanding between Covington and any other person for a division of compensation as special counsel for the Debtors.  No such division prohibited by the Bankruptcy Code will be made by Covington.

5.     No agreement prohibited by Title 18, Section 155 has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2018.

/s/ Keith A. Teel
Keith A. Teel