## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
                                                     :
In re                                                :     Chapter 11
                                                     :
TK HOLDINGS INC., et al.,                            :     Case No. 17-11375 (BLS)
                                                     :
                 Debtors.¹                           :     (Jointly Administered)
                                                     :
-----------------------------------------------------x     Re: Docket No. 3565
```

### ORDER SUSTAINING JOSEPH J. FARNAN, JR., AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF OLSON METAL PRODUCTS, LLC

#### (Claim No. 4989)

Upon the objection (the "***Objection***"),[2] of Joseph J. Farnan, Jr., in his capacity as

Trustee ("***Trustee***") of the Reorganized TK Holdings Trust (as defined in the *Amended and*

*Restated Trust Agreement*) (the "***Trust***"), pursuant to section 502 of title 11 of the United States

Code (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure

(the "***Bankruptcy Rules***"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local***

*Rules*"), for entry of an order disallowing proof of claim no. 4989 (the "***Claim***") of Olson Metal

Products, LLC, all as more fully set forth in the Objection; and upon consideration of the Koluch

Declaration; and this Court having jurisdiction to consider the Objection and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference*

from the United States District Court for the District of Delaware dated February 29, 2012; and

consideration of the Objection and the requested relief being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Objection having been provided to the parties listed

therein, and it appearing that no other or further notice need be provided; and this Court having

reviewed the Objection; and this Court having determined that the legal and factual bases set

forth in the Objection establish just cause for the relief granted herein; and it appearing that the

relief requested in the Objection is in the best interests of the Trust, the Debtors' estates,

creditors, and all parties in interest; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Objection is sustained as provided herein.

2.      Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007,
and Local Rule 3007-1, the Claim is disallowed and expunged in its entirety.

3.      Should one or more of the grounds of objection stated in the Objection be
dismissed, the Trust's rights to object on any other grounds that the Trust discovers during the
pendency of these Chapter 11 Cases are preserved.

4.      The Trust and its claims and noticing agent, Prime Clerk LLC, and the
Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this
Order.

DOCS_LA:318526.2 82828/003

5.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___February 21___, 2019
          Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:318526.2 82828/003