IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x
::
In re                                           :    Chapter 11
::
TK HOLDINGS INC., *et al.*,                     :    Case No. 17-11375 (BLS)
::
Debtors.[1]                                     :    Jointly Administered
::
:    Re: Docket No. 4020, 4029, 4034
--------------------------------------------------------x

### REPLY IN SUPPORT OF THE REORGANIZED TK HOLDINGS TRUST'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS – NON-SUBSTANTIVE (LATE FILED CLAIMS)

Joseph J. Farnan, Jr., in his capacity as trustee (the "***Trustee***") of the Reorganized TK Holdings Trust (as defined in the Amended and Restated Trust Agreement) (the "***RTK Trust***") in the chapter 11 cases of the above-captioned debtors (collectively, the "***Debtors***") hereby submits this reply (the "***Reply***") to the two responses (the "***Responses***") to *The Reorganized TK Holdings Trust's Nineteenth Omnibus Objection to Claims – Non-Substantive (Late Filed Claims)* (the "***Objection***") [Docket No. 4020].[2] In support of this Reply and the Objection, the Trust respectfully states as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Objection.

**Reply**

1. The RTK Trust received two responses to the Objection.

**A.    DeBouno Response [Docket No. 4029]**

2. The RTK Trust received a response from James F. DeBouno Jr. ("DeBouno") regarding Claim No. 5106 asserted in the amount of $7,062.80 that was filed on August 12, 2019. *See* Docket No. 4029 (the "DeBouno Response"). As set forth in the Objection, the General Bar Date in these cases was November 27, 2017 and the PPIC Bar Date was December 27, 2017. The DeBouno Response makes clear that Claim No. 5106 "seeks compensation for expenses for professionals for expert witness activities" in Mr. DeBouno's pending contested matter for another claim – P-0040600 – that is pending before the Court and subject to the third omnibus objection filed by Eric D. Green, in his capacity as trustee of the PSAN PI/WD Trust d/b/a the Takata Airbag Tort Compensation Trust Fund (the "PI/WD Trust"). *See* Docket No. 3528 (Third Omnibus Objection of PI/WD Trust); Docket No. 4015 (scheduling order for evidentiary hearing on various PI/WD Trust claim objections). The DeBouno Response on page one also admits that Claim No. 5106 was filed late on August 12, 2019.

3. Mr. DeBouno appeared and has participated in the hearing on the PI/WD Trust objections, including the third omnibus objection to his claim P-0040600, on November 25, 2019, and that hearing has been continued to February 11, 2020. Mr. DeBouno has not argued or provided any authority that: (a) he can assert a late claim against the RTK Trust for his own expenses arising out of litigation on a separate claim he filed seeking compensation from a separate trust – the PI/WD Trust; or (b) he can avoid the effect of the General Bar Date or the PPIC Bar Date, regardless of which bar date applies, simply because his other claim, P-0040600,

DOCS_DE:226866.2 82828/003

is not subject to the Objection that it was not filed timely.  Any expenses that Mr. DeBouno may assert can be sought in the context of his separate claim P-0040600 (or through some amendment to that claim upon proper motion and notice).  However, claim P-0040600 is simply not subject to the RTK Trust's Objection.

4. Nothing in the DeBouno Response provides any basis for allowing Claim No. 5106 as a late claim.   Mr. DeBouno has not asserted any excusable neglect.  In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnerships*, 507 U.S. 380, 395 (1993), the Supreme Court held that the "excusable neglect" standard applies to late filings of claims in chapter 11 cases.  The party seeking the relief bears the burden of proving excusable neglect by a preponderance of the evidence.  *See Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000); *In re Cable & Wireless USA, Inc., et al.*, 338 B.R. 609, 613 (Bankr. D. Del. 2006).  Further, Mr. DeBouno has not filed a motion to allow the filing of a late claim.  Even if he did, Mr. DeBouno would have the burden to show that: (a) there is no danger of prejudice; (b) the length of delay has no potential impact on the judicial proceedings; (c) the reason for delay in filing the claims was not within the claimant's reasonable control; and (d) whether the claimant acted in good faith.  *See In Pioneer Inv. Services Co.*, 507 U.S. at 395 (the analysis "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"); *see also In re American Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) ("all factors must be considered and balanced; no one factor trumps the others.").  The RTK Trust, however, will not detail the reasons for why Mr. DeBouno has not met that burden as no motion to permit a late claim was filed.  For those reasons, the DeBouno Response should be overruled.

B.     **Salaam Response [Docket No. 4034]**

5.     The RTK Trust also received a response from Sudan Salaam ("Salaam") regarding Claim Nos. 5104 and 5105.[3] *See* Docket No. 4034 (the "Salaam Response"). Claim No. 5104 was filed on August 7, 2019 and asserts a claim in the amount of $2,600,000, the basis for which appears to be "10 years stress and possible death." Claim No. 5105 was filed on August 7, 2019 and asserts a claim in the amount of $2,600,000 and appears to be an exact duplicate of Claim No. 5104.

6.     Nothing in the Salaam Response provides any basis to dispute the RTK Trust's Objection that both Claim No. 5104 and 5105 were filed after the applicable bar dates. For the same reasons listed above regarding the DeBouno Response, Ms. Salaam has not asserted any excusable neglect and has not filed a motion to permit the filing of late claims. Ms. Salaam has not offered any evidence to rebut the assertion that her claims subject to the Objection are late filed claims. For those reasons, the Salaam Response should be overruled.

**Reservation of Rights**

7.     The Trust hereby reserves the right to object in the future to any of the proofs of claim listed in the Objection on any grounds, and to amend, modify, and/or supplement the Objection to the extent an objection to a claim is not granted.

**Conclusion**

8.     For the reasons set forth in the Objection and in this Reply, the Trust respectfully requests that the Court overrule the Responses, sustain the Objection, enter the

---

[3] Salaam's Response on page 3 also lists Claim No. 5099, which was filed on June 20, 2019 and asserts a claim of $9,000, the basis of which is listed as "Lease." Claim No. 5099 was filed by a different individual named Shamecia Smith, who has not filed any response to the Objection. Ms. Salaam has not provided any basis for her standing to respond on behalf of Ms. Smith.

4

proposed order, and grant such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: January 3, 2020<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Peter J. Keane*<br>Laura Davis Jones (Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Peter J. Keane (Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801)<br>Telephone: 302-652-4100<br>Facsimile: 302-652-4400<br>E-mail:   ljones@pszjlaw.com<br>           dbertenthal@pszjlaw.com<br>           pkeane@pszjlaw.com<br><br>*Attorneys for the Trustee of the Reorganized TK Holdings Trust* |