UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED

2021 FEB 23  AM 10: 19

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS, INC., *et al.*,<br><br>Debtors | Chapter 11<br><br>Case No 17-11375 (BLS)<br><br>Hearing Date: March 17, 2021 at 11:30 am ET |

**CLAIMANT CARBIDE'S RESPONSE TO FIRST JOINT OMNIBUS
OBJECTION OF ERIC D. GREEN, IN HIS CAPACITY AS TRUSTEE OF
THE TAKATA AIRBAG TORT COMPENSATION TRUST FUND, AND
JOSEPH J. FARNAN, JR., IN HIS CAPACITY AS TRUSTEE OF THE
REORGANIZED TK HOLDINGS TRUST (NON-SUBSTANTIVE) T
INSUFFICIENT DOCUMENTATION CLAIMS)**

NOW COMES Imtiaz Carbide, and in response to the noted joint objection, states
as follows:

1.   This Court has jurisdiction to decide the Claim Objections and this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(B).

2.   The record reflects that, among other products, Takata manufactured airbag inflators

containing phase-stabilized ammonium nitrate ("PSAN"), which had the potential to

rupture upon airbag deployment, causing death and serious injury to automobile occupants.

3.   That this court set a December 27, 2017 deadline for filing a PPIC Proof of Claim.

Such claims included a class of individuals asserting claims for economic loss.

4.   On February 1, 2021, Eric Green, in his capacity as Trustee, filed pursuant to

Document 4294-2, an itemization of claims believed to be objectionable. On page 2 of such

attachment, Trustee lists Claimant's claim as "no liability."

1

5.  Claimant understands that a claim holder must establish the prima facie validity of the claim. Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the rules of procedure (i.e., includes the facts and documents necessary to support the claim), constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). *In re Samson Res. Corp*, 569 B.R. 605,615 (Bankr. D Del. 2017)

6.  Claimant Carbide timely filed an objection pursuant to Claim Number P-0038349 in the amount of $3,000.00. The claimant has established prima facie validity of his claim.  The claimant has a valid and enforceable claim. On March 10, 2019, Claimant filed proofs of sufficiency of his claim  with this court with proper service on all parties.

7.  The burden of proof for a claim filed in a bankruptcy proceeding "rests on different parties at different times." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

8.  The claim objector must then produce evidence that, "if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." At that point, the burden shifts back to the claim holder to prove the validity of the claim by a preponderance of the evidence.

9.  Here, there has been absolutely no evidence to refute the prima facie claim. Additionally, Claimant supported his notice of claim with probative and sufficient evidence regarding losses and damage in relation to the Takata inflators. The Takata inflators are the heart of this bankruptcy proceeding.

10. In this case, the Claimants met their initial burden when they filed their proofs of claim. The Court must determine whether the Trust has provided sufficient evidence to adequately rebut the validity of their claims.

11. Claimant has provided a sworn statement to support his Claim.

12. The preponderance of the evidence supports Claimant's assertion that the damages

suffered by the Claimant were a sole and proximate result of the Takata inflators and

airbags.

13. Claimant stands on his pleadings and evidence pursuant to the supporting authority and

arguments.

14. Claimant's claim is not subject to dismissal, disallowal, or expungement.

WHEREFORE, Claimant, Imtiaz Carbide respectfully requests this Honorable Court enter
an order denying the Trustee's objection to his claim.


Dated: February 15, 2021
Chicago, Illinois


Imtiaz Carbide
*/s/Imtiaz Carbide*
Imtiaz Carbide
1976 Georgetown Ln
Hoffman Estsates IL 60169
icarbide@yahoo.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| |
|---|
| In re:<br><br>TK HOLDINGS, INC., *et al.*,<br><br>                                Debtors |

Chapter 11

Case No 17-11375 (BLS)

Hearing Date: March 17, 2021 at 11:30 am ET

### **AFFIDAVIT**

The undersigned, first duly sworn under oath, states as follows:

1. I incorporate and restate all paragraphs 1-12 of the response to the objection filed on my behalf on February 15, 2021.
2. I have suffered damages as a result of the Takata airbags on my vehicle.


Further Affiant Sayeth Naught


                                     Imtiaz Carbide
                                     */s/ Imtiaz Carbide*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TK HOLDINGS, INC., et al.,

Debtors

Chapter 11

Case No. 17-11375 (BLS)

Jointly Administered

TO:   BROWN RUDNICK LLP
      David J. Molton
      Howard S. Steel
      Seven Times Square
      New York, New York 10036

BLANK ROME LLP
Stanley B. Tarr
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
tarr@blankrome.com

dmolton@brownrudnick.com, gcicero@brownrudnick.com
uegeonuigwe@brownrudnick.com

Pachulski, Ziehl & Jones LLP
Ljones@pszjlaw.com
dberthenthal@pszjlaw.com
pkeane@pszjlaw.com

See Attached Service List

### NOTICE OF FILING

PLEASE TAKE NOTICE that on the 15th day of February 2021, I have filed with the Bankruptcy Court for the District of Delaware, Claimant's Objection, to all above counsels and service lists at their respective emails and/or addresses via first class mail, copies of which are attached hereto and herewith served upon you.

_____/s/Imtiaz Carbide_____

### PROOF OF SERVICE BY MAIL

The undersigned certifies that a copy of the foregoing instrument was served upon the attorney of record of the party to the above cause via email on 2/15/2021 to all parties on attached service list.

_____/s/Imtiaz Carbide_____

Imtiaz Carbide
Imtiaz Carbide
1976 Georgetown Ln
Hoffman Estsates IL 60169
icarbide@yahoo.com