# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS INC., *et al.*,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 17-11375 (BLS)<br><br>Jointly Administered<br><br>**Objection Deadline: July 6, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: July 21, 2021 at 10:00 a.m. (ET)** |

## TENTH MOTION OF ERIC D. GREEN, IN HIS CAPACITY AS TRUSTEE OF THE TAKATA AIRBAG TORT COMPENSATION TRUST FUND, FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO OTHER PI/WD CLAIMS

Eric D. Green, in his capacity as trustee (the "Trustee")[2] of the PSAN PI/WD Trust d/b/a the Takata Airbag Tort Compensation Trust Fund (the "TATCTF") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby moves this Court for entry of an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code Sections 105(a) and 1141, Bankruptcy Rule 9006 and Local Rule 9006-2, extending the period under the Plan within which the Trustee may object to Other PI/WD Claims through and including the later of: (i) October 26, 2021; or (ii) one hundred twenty (120) days following the date that a proof of Other PI/WD Claim is filed or amended or an Other PI/WD Claim is otherwise asserted or amended in writing by or on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings and its Affiliated Debtors* [Docket No. 2116] (the "Plan").

behalf of a holder of such Other PI/WD Claim. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). The Trustee consents, under Local Rule 9013-1(f), to entry of a final order by the Court for this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 1141, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

## BACKGROUND

4. On June 25, 2017 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5. On October 4, 2017, this Court entered an *Order For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [Docket No. 959] (the "Bar Date Order"). Pursuant to the Bar Date Order, November 27, 2017 was established as the deadline for filing Other PI/WD Claims. *See id.*[3]

---

[3] "Other PI/WD Claims" are defined as "any Claim, other than a PSAN PI/WD Claim, for alleged personal injury, wrongful death, or other similar Claim or Cause of Action against the Debtors arising out of or relating to an injury or death allegedly caused by a Takata Product sold or supplied to an OEM or any other Person prior to the Petition Date, regardless of whether the injury occurs prepetition or postpetition, including on or after the Closing

6.  On February 21, 2018, the Court entered an Order confirming the Plan [Docket No. 2120] (the "Confirmation Order"). The Confirmation Order authorized the creation of the TATCTF for the purpose of, in relevant part, administering, resolving, liquidating, and satisfying Other PI/WD Claims, and appointed Eric D. Green as the Trustee of the TATCTF.[4]

7.  The Plan became effective on April 10, 2018 (the "Effective Date") [Docket No. 2646]. Upon the Effective Date, the TATCTF was established and began receiving funding.

8.  Under the Plan, the deadline to object to Other PI/WD Claims is August 8, 2018 (the "Initial Other PI/WD Claims Objection Deadline").[5]

9.  On July 18, 2018, the Trustee filed a motion to extend the Other PI/WD Claims Objection Deadline from August 8, 2018 through and including December 6, 2018 [Docket No. 3081] (the "First Extension Motion"). On August 27, 2018, the Court entered an Order granting the First Extension Motion and extending the Initial Other PI/WD Claims Objection Deadline to December 6, 2018 [Docket No. 3308].

10. On November 8, 2018, the Trustee filed a second motion to extend the Other PI/WD Claims Objection Deadline from December 6, 2018 through and including April 5, 2019 [Docket No. 3441] (the "Second Extension Motion"). On November 26, 2018, the Court entered an Order granting the Second Extension Motion and extending the Other PI/WD Claims objection deadline to April 5, 2019 [Docket No. 3479].

11. On March 4, 2019, the Trustee filed a third motion to extend the Other PI/WD Claims Objection Deadline from April 5, 2019 through and including August 5, 2019 [Docket No. 3696] (the

---

Date . . . ." Plan, Art. 1.1. Separate deadlines to file proofs of claim apply for governmental units and for individuals asserting claims for economic loss, personal injury, or wrongful death arising out of or relating to PSAN Inflators manufactured and/or distributed by Debtors.

4   *See* Confirmation Order ¶¶ 54, 56; Plan, Art. 5.10(a).

5   *See* Plan, Art. 7.2.

"Third Extension Motion"). On March 25, 2019, the Court entered an Order granting the Third Extension Motion and extending the Other PI/WD Claims objection deadline to August 5, 2019 [Docket No. 3822].

12. On June 26, 2019, the Trustee filed a fourth motion to extend the Other PI/WD Claims Objection Deadline from August 5, 2019 through and including December 3, 2019 [Docket No. 3930] (the "Fourth Extension Motion"). On July 12, 2019, the Court entered an Order granting the Fourth Extension Motion and extending the Other PI/WD Claims objection deadline to December 3, 2019 [Docket No. 3941].

13. On November 15, 2019, the Trustee filed a fifth motion to extend the Other PI/WD Claims Objection Deadline from December 3, 2019 through and including April 1, 2020 [Docket No. 4036] (the "Fifth Extension Motion"). On January 6, 2020, the Court entered an Order granting the Fifth Extension Motion and extending the Other PI/WD Claims objection deadline to April 1, 2020 [Docket No. 4062].

14. On February 19, 2020, the Trustee filed a sixth motion to extend the PI/WD Claims Objection Deadline from April 1, 2020 to July 30, 2020 [Docket No. 4090] (the "Sixth Extension Motion"). On March 25, 2020, the Court entered an Order granting the Sixth Extension Motion and extending the Other PI/WD Claims objection deadline to July 30, 2020 [Docket No. 4106].

15. On June 24, 2020, the Trustee filed a seventh motion to extend the PI/WD Claims Objection Deadline from July 30, 2020 to November 27, 2020 [Docket No. 4150] (the "Seventh Extension Motion"). On July 10, 2020, the Court entered an Order granting the Seventh Extension Motion and extending the Other PI/WD Claims objection deadline to November 27, 2020 [Docket No. 4158].

16. One October 28, 2020, the Trustee filed an eighth motion to extend the PI/WD Claims

4

Objection Deadline from November 27, 2020 to March 27, 2021 [Docket No. 4252] (the "Eighth Extension Motion").  On November 16, 2020, the Court entered an Order granting the Eighth Extension Motion and extending the Other PI/WD Claims objection deadline to March 27, 2021 [Docket No. 4271].

17. One March 10, 2021, the Trustee filed a ninth motion to extend the PI/WD Claims Objection Deadline from March 27, 2021 to July 26, 2021 [Docket No. 4252] (the "Ninth Extension Motion").  On March 26, 2021, the Court entered an Order granting the Ninth Extension Motion and extending the Other PI/WD Claims objection deadline to July 26, 2021 (the "Other PI/WD Claims Objection Deadline") [Docket No. 4397].

18. Since the Effective Date, the Trustee and his professionals have been reviewing approximately six hundred eighty (680) filed Other PI/WD Claims.  The Legacy Trustee has requested that the Trustee administer an additional two thousand thirty-nine (2,039) Class 6 Claims as Class 5 PSAN PI/WD Claims or Class 7 Other PI/WD Claims.  Collectively, the Trustee will administer no less than two thousand seven hundred nineteen (2,719) claims, given that the Trustee will also have to administer late filed claims as they are filed.

19. On July 18, 2018, the Trustee filed the First Omnibus Objection to Insufficient Documentation Claims [Docket No. 3082] and Second Omnibus Objection to Late Filed Claims [Docket No. 3083]. On December 21, 2018, the Trustee filed the Third and Fourth Omnibus Objection to No Liability Claims [Docket Nos. 3528, 3529].

20. Pursuant to the Orders approving the First, Second, Third and Fourth Omnibus Objections, six hundred and ninety-one (691) claims were disallowed and expunged [Docket Nos. 3309, 3311, 3614, 3615, 3903, 3904, 4044].

21. On February 22, 2019, the Trustee filed the Fifth Omnibus Objection to Insufficient

5

Documentation Claims [Docket No. 3665] and the Sixth Omnibus Objection to Late Filed Claims [Docket No. 3666]. On February 25, 2019, the Trustee filed the Seventh Omnibus Objection to Insufficient Documentation Claims [Docket No. 3670], and the Eight Omnibus Objection to No Liability Claims [Docket No. 3671]. On July 16, 2019, the Trustee filed the Ninth Omnibus Objection to No Liability Claims [Docket No. 3943].

22. Pursuant to the Orders approving the Fifth, Sixth, Seventh, Eighth and Ninth Omnibus Objections, one thousand two hundred and ninety (1,290) claims were disallowed and expunged [Docket Nos. 3835, 3837, 3838, 3839, 3894, 3902, 3989, 4043].

23. Additionally, on October 25, 2019, the Court entered a scheduling Order establishing procedures and a schedule in respect of an evidentiary hearing for eleven (11) claims that remain subject to the Trustee's objections [Docket No. 4015] seeking to disallow and expunge such claims filed by parties alleging injury as a result of an airbag's failure to deploy during an automobile accident (the "No Liability Claims"). The Trustee's objections to the No Liability Claims were heard before the Court on November 25, 2019 and February 11, 2020 in an evidentiary hearing. Pursuant to the Court's Opinion dated October 8, 2020 [Docket Nos. 4227, 4241], the Court held that the Trustee met his burden of proof and demonstrated, by a preponderance of the evidence, that the Takata inflators have no role in the failure of an airbag to deploy and granted the Trustee's objections with respect to the eleven (11) No Liability Claims.

24. On February 1, 2021, the Trustee filed the Tenth Omnibus Objection to No Liability Claims [Docket No. 4292] and the Motion to Reclassify Emotional Distress Claims [Docket No. 4293]. Also, on February 1, 2021, the Trustee and the Legacy Trustee filed the First Joint Omnibus Objection to Insufficient Documentation Claims [4294] and the Joint Motion to Reclassify Certain Claims [Docket No. 4295]. Collectively, as approved by the Court on March 17, 2021, the Tenth

Omnibus Objection [Docket No. 4377], Motion to Reclassify Emotional Distress Claims [Docket No. 4378], First Joint Omnibus Objection [Docket No. 4379] and Joint Motion to Reclassify Certain Claims [Docket No. 4380] disallowed and expunged forty-eight (48) claims and reclassified four hundred thirty-five (435) claims as Other PI/WD Claims

25. To date, the Court has entered orders expunging and disallowing two thousand forty (2,040) claims due to the Trustee's claim reconciliation efforts.

26. As a result, approximately two hundred forty-two (242) of the initial two thousand seven hundred nineteen (2,719) claims remain to be administered.[6] Accordingly, the Trustee and his advisors need additional time to complete the review of all Other PI/WD Claims.

## RELIEF REQUESTED

27. By this Motion and under Bankruptcy Code Sections 105(a) and 1141, Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2, the Trustee seeks entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending the Other PI/WD Claims Objection Deadline through and including the later of: (i) October 26, 2021; or (ii) one hundred twenty (120) days following the date that a proof of Other PI/WD Claim is filed or amended or an Other PI/WD Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Other PI/WD Claim. The Trustee further requests that the Order be without prejudice to the rights of the Trustee to seek further extensions of the Other PI/WD Claims Objection Deadline.[7]

## BASIS FOR RELIEF

28. Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be

---

[6] The Trustee expects to continue his efforts to consensually resolve claims classified as Other PI/WD Claims or Class 6 Claims, including by seeking that claims under the terms of the Confirmation Order required to be channeled to TATCTF be so channeled without this Court's intervention.

[7] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Other PI/WD Claims Objection Deadline shall serve to automatically extend the Other PI/WD Claims Objection Deadline, without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. Local Rule 9006-2.

done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1). This Motion has been filed before the Other PI/WD Claims Objection Deadline and complies with Bankruptcy Rule 9006(b)(1).

29. Although Bankruptcy Rule 9006 does not define "cause," "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy ¶ 9006-14 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009).

30. The Trustee submits that cause exists to extend the Other PI/WD Claims Objection Deadline. As described above, since the Effective Date, the Trustee has made and continues to make progress towards reviewing and reconciling Other PI/WD Claims. Notwithstanding such progress, the Trustee requires additional time to review and reconcile the large volume of Other PI/WD Claims and the additional claims that the Legacy Trustee transferred to the Trustee. Accordingly, an extension of the Other PI/WD Claims Objection Deadline is necessary and appropriate.

31. Similar relief has been granted in this case, others in this District, and in cases of similar size and complexity. *See Order Granting Seventh Motion of Eric D. Green, In His Capacity As Trustee Of The Takata Airbag Tort Compensation Trust Fund, For An Order Extending The Deadline To Object To Other PI/WD Claims* [Docket No. 4158] (extending claim objection deadline by 120 days); *Sixth Order Granting Motion of Joseph J. Farnan, Jr., as Trustee of the Reorganized TK Holdings Trust, Pursuant to, Inter Alia, Fed. R. Bank. P. 9006(b)(1), for an Order Extending the Deadline to Object to Certain Claims* [Docket No. 4106] (extending claim objection deadline by 120 days); *In re*

*Triangle USA Petroleum Corp.*, Case No. 16-11566 (MFW) (Bankr. D. Del. Dec. 6, 2018) [Docket No. 1109] (granting third extension to extend claim objection deadline by 120 days); *In re Magnum Hunter Res. Corp.*, Case No. 15-12533 (KG) (Bankr. D. Del. Nov. 8, 2017) [Docket No. 1739] (granting fourth extension to extend claim objection deadline by 120 days); *In re Swift Energy Co.*, Case No. 15-12670 (MFW) (Bankr. D. Del. August 23, 2019) [Docket No. 1167] (granting tenth extension to extend claim objection deadline by 120 days); *In re Dewey & LaBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 25, 2016) [Docket No. 2378] (granting eleventh extension to extend claim objection deadline).

32. This is the tenth request for an extension of the Other PI/WD Claims Objection Deadline and the Trustee submits that the requested extension will not prejudice creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trustee in fairly and properly administering the TATCTF and assuring that only Other PI/WD Claims rightfully entitled to distributions will receive distributions. As such, the Trustee respectfully submits that the requested extension of the Other PI/WD Claims Objection Deadline is appropriate.

**RESERVATION OF RIGHTS**

33. The Trustee hereby reserves the right to seek further extensions of the Other PI/WD Claims Objection Deadline as may be appropriate and authorized by the Court.

**NOTICE**

34. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Legacy Trustee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Offices of the United States Attorney for each of the District of Delaware and the Eastern District of Michigan; (vi) NHTSA; (vii) each of the Consenting OEMs; (viii) the Plan Sponsor; (ix) the Plan Administrator; and (x) all parties who have requested service of

notices in these Chapter 11 Cases under Bankruptcy Rule 2002. The Trustee respectfully submits that such notice is sufficient under the circumstances.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting an extension of the Other PI/WD Claims Objection Deadline through and including the later of: (i) October 26, 2021; or (ii) one hundred twenty (120) days following the date that a proof of Other PI/WD Claim is filed or amended or an Other PI/WD Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Other PI/WD Claim, and granting such other and further relief as is just and proper.

Dated: June 21, 2021
Wilmington, Delaware

**BLANK ROME LLP**

 /s/ Stanley B. Tarr
Stanley B. Tarr (DE No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:     (302) 425-6400
E-mail:     tarr@blankrome.com

-AND-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Uchechi A. Egeonuigwe (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:     (212) 209-4800
E-mail:     dmolton@brownrudnick.com
          gcicero@brownrudnick.com
          uegeonuigwe@brownrudnick.com

*Attorneys for Eric D. Green, in his capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund*