# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11375 (BLS)<br><br>Jointly Administered<br><br>Response Deadline: July 6, 2021 at 4:00 p.m. (ET)<br>Hearing Date: July 21, 2021 at 10:00 a.m. (ET) |

**MOTION OF ERIC D. GREEN, IN HIS CAPACITY AS TRUSTEE OF THE TAKATA AIRBAG TORT COMPENSATION TRUST FUND, FOR ENTRY OF AN ORDER <u>RECLASSIFYING CERTAIN CLAIMS</u>**

**CLAIMANTS RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THIS MOTION.**

Eric D. Green, in his capacity as trustee (the "<u>PSAN PI/WD Trustee</u>") of the PSAN PI/WD Trust *d/b/a* the Takata Airbag Tort Compensation Trust Fund (the "<u>TATCTF</u>")[2] in the chapter 11 cases of the above-captioned debtors (collectively, the "<u>Debtors</u>"), hereby submit this motion (the "<u>Motion</u>") pursuant to Bankruptcy Code sections 105(a) and 502 for entry of an order reclassifying each of the claims listed on <u>Exhibit A</u> hereto (the "<u>Reclassified Claims</u>") as Class 5 PSAN PI/WD Claims. In support of this Motion, the Trustee submit the Declaration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings and its Affiliated Debtors* [Docket No. 2116] (the "<u>Plan</u>").

Fouad Kurdi (the "Kurdi Declaration"), which is filed concurrently herewith, and respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and Local Rule 9013–1(f). The Trustees consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief sought herein is sections 105(a) and 502 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Motion, the Trustee seeks entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 502 and Federal Rule of Bankruptcy Procedure Rule 3007, reclassifying the identified claims on **Exhibit A** hereto as Class 5 PSAN PI/WD Claims under the Plan for the reasons set forth herein and in Exhibit A. Thereafter and pursuant to Plan Section 4.4(d) and the Plan and Confirmation Order's Channeling Injunction (as defined in the Plan) for PSAN PI/WD Claims (as defined in the Plan), the TATCTF will be responsible for the review and reconciliation of the Reclassified Claims. Accordingly, all the claimants' rights in respect of their Class 5 PSAN PI/WD Claims, to the extent such claims have not already been resolved

under the TATCTF, as well as the PSAN PI/WD Trustee's rights in accordance, are reserved with respect to the Reclassified Claims.

6. Prior to filing this Motion, the Trustee, through his respective professionals, reviewed each of the Reclassified Claims. Each of the Reclassified Claims is currently classified as a Class 6 Other General Unsecured Claim under the Plan. For the reasons set forth in **Exhibit A**, each of the Reclassified Claims allegedly asserts a basis of recovery consistent with and as contemplated by the Plan as a Class 5 PSAN PI/WD Claim. Therefore, the claims listed on **Exhibit A** should be reclassified as Class 5 PSAN PI/WD Claims and receive the treatment of such claims under the Plan and Channeling Injunction.

7. A proposed form of order granting the relief requested herein on a final basis is attached hereto as **Exhibit B**.

## BACKGROUND

8. On June 25, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3]

9. On October 4, 2017, this Court entered an *Order For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [Docket No. 959] (the "Bar Date Order"). Pursuant to the Bar Date Order, November 27, 2017 was established as the deadline for filing Other PI/WD Claims. *See id.*[4]

---

[3] Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Declaration of Scott E. Caudill in Support of Debtors' Chapter 11 Petitions and First Day Relief*, dated June 25, 2017 [Docket No. 19].

[4] Separate deadlines to file proofs of claim apply for governmental units and for individuals asserting claims for economic loss, personal injury, or wrongful death arising out of or relating to PSAN Inflators.

10. On February 21, 2018, the Court entered an Order confirming the Plan [Docket No. 2120] (the "Confirmation Order"). The Plan became effective on April 10, 2018 [Docket No. 2646] (the "Effective Date").

11. The Plan divides personal injury and wrongful death claims related to Takata Products sold or supplied prior to the Petition Date into two classes: (i) Class 5 PSAN PI/WD Claims for claims relating to an injury or death allegedly caused by a PSAN Inflator; and (ii) Class 7 Other PI/WD Claims for claims, other than PSAN PI/WD Claims, arising out of or relating to an injury or death allegedly caused by a Takata Product. The Plan classifies any other unsecured claim (other than the claims of original equipment manufacturers) other than a Class 5 PSAN PI/WD Claim or a Class 7 Other PI/WD Claim as a Class 6 Other General Unsecured Claim.

12. Upon the Effective Date, the TATCTF was established, in relevant part, for the purpose of administering, resolving, liquidating, and satisfying Other PI/WD Claims and PSAN PI/WD Claims. Eric D. Green is the duly appointed Trustee of the TATCTF.

13. The Trustee and his professionals have been reviewing and reconciling personal injury and wrongful death claims and other general unsecured claims with the Debtors' books and records to determine the validity of those claims. This process includes reviewing each submitted and received claim to ensure proper designation in a particular Class under the Plan for distributions purposes, to the extent such submitted and received claims are allowed claims.

14. To ensure the accuracy of the claims register and to permit the TATCTF professionals to validate and liquidate the Reclassified Claims as PSAN PI/WD Claims for distribution purposed under the Plan, the Trustee requests that the Court approve the reclassification of each of the claims listed on **Exhibit A** hereto as Class 5 PSAN PI/WD Claims.

**BASIS FOR RELIEF REQUESTED**

15. Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Section 501(a) of the Bankruptcy Code provides that "[a] creditor ... may file a proof of claim." 11 U.S.C. § 501(a). A filed proof of claim is "deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); Fed. R. Bankr. P. 3001(f) (if claim is properly filed, it is *prima facie* evidence that the claim is valid).

17. Under the Plan, PSAN PI/WD Claims are defined, in relevant part, to mean:

> Any Claim asserted against the Debtors . . . for alleged personal injury, wrongful death, or other similar Claim or Cause of Action arising out of or relating to an injury or death allegedly caused by a PSAN Inflator . . . .

Plan at § 1.1.

18. PSAN PI/WD Claims are classified in Class 5 under the Plan and are provided with the following treatment:

> On the Effective Date, liability for all PSAN PI/WD Claims against the TKH Debtors shall be assumed by the PSAN PI/WD Trust without further act or deed and shall be satisfied from the PSAN PI/WD Trust as set forth in the PSAN PI/WD TDP and the PSAN PI/WD Trust

> Agreement. Pursuant to the Channeling Injunction established pursuant to section 10.7 of this Plan, each holder of a PSAN PI/WD Claim against the TKH Debtors shall have its Claim permanently channeled to the PSAN PI/WD Trust, and such PSAN PI/WD Claim shall thereafter be asserted exclusively against the PSAN PI/WD Trust and resolved in accordance with the terms, provisions, and procedures of the PSAN PI/WD Trust Agreement and PSAN PI/WD TDP . . . .

*Id.* at § 4.4(d).

19. Paragraph WW of the Confirmation Order further provides that:

> [t]he sole recourse of any such holder of a PSAN PI/WD Claim against any of the Protected Parties shall be to the PSAN PI/WD Trust. All PSAN PI/WD Claims against any Protected Parties shall be channeled to the PSAN PI/WD Trust to be treated in accordance with the PSAN PI/WD Trust Agreement and the PSAN PI/WD TDP.

Confirmation Order at ¶ WW.

20. Other General Unsecured Claims are defined in the Plan, in relevant part, as:

> any unsecured Claim against the Debtors not entitled to priority of payment under section 507(a) of the Bankruptcy Code, other than an OEM Unsecured Claim, a PSAN PI/WD Claim, an Other PI/WD Claim, or any Claim assumed by the Plan Sponsor under the U.S. Acquisition Agreement.

Plan at § 1.1. Other General Unsecured Claims are classified, under the Plan, in Class 6 and are administered by the RTKH Trustee. *See* Plan §§ 1.1 (definition of Legacy Trustee) and 5.6(e) (Role of Legacy Trustee).

21. Upon review by the TATCTF professionals, each of the Reclassified Claims allegedly asserts a basis of recovery against the TATCTF for alleged personal injury, wrongful death or other similar claim or cause of action caused by a PSAN Inflator.

22. As such, each of the Reclassified Claims are inappropriately categorized as Class 6 Other General Unsecured Claims and need to be reclassified as Class 5 PSAN PI/WD Claims, channeled to the TATCTF, and resolved in accordance with the terms, provisions, and procedures of the PSAN PI/WD Trust Agreement and PSAN PI/WD TDP. The rational for reclassifying each identified claim as a Class 5 PSAN PI/WD Claim is delineated in **Exhibit A** attached hereto.

## SEPARATE CONTESTED MATTERS

23. To the extent a Response is filed regarding any claim listed in this Motion and the Trustee is unable to resolve the Response, the Motion by the Trustee to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any Order entered by the Court regarding a response asserted in this Motion shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

24. The Trustee hereby reserves the right to amend, modify, or supplement this Motion and to seek additional relief with respect to any other claims (filed or not) by any of the claimants identified on **Exhibit A** hereto.

25. Additionally, as the amount of the Reclassified Claims has not yet been reconciled and/or verified, the Trustee reserves all rights to administer the claims pursuant to the PSAN PI/WD Trust Agreement and PSAN PI/WD TDP.

## NOTICE

26. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) each party listed on **Exhibit A** annexed hereto under the respective heading "Reclassified Claims"; and (iii) all parties who have requested service of

notices in these Chapter 11 Cases under Bankruptcy Rule 2002. The Trustee respectfully submits that such notice is sufficient under the circumstances.

## NO PREVIOUS REQUEST

27. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## CONCLUSION

WHEREFORE the Trustees respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B**, reclassifying the Reclassified Claims as described in **Exhibit**

Dated: June 21, 2021
       Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
E-mail: tarr@blankrome.com

-AND-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Gerard T. Cicero *(*admitted *pro hac vice)*
Uchechi A. Egeonuigwe (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
E-mail: dmolton@brownrudnick.com
           gcicero@brownrudnick.com
           uegeonuigwe@brownrudnick.com

*Attorneys for Eric D. Green, in his capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund*