# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TK HOLDINGS, INC., et al., | Case No. 17-11375 (BLS) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF FILING OF TWENTY-FOURTH STATUS REPORT OF THE SPECIAL MASTER

PLEASE TAKE NOTICE that, Eric D. Green, as Special Master of the Takata Corporation Criminal Restitution Funds, hereby files a copy of the *Twenty-Fourth Status Report of the Special Master*, docketed in the case captioned United States v. Takata Corp., Case No. 16-CR-20810-04 on July 27, 2021.

Dated: July 28, 2021
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6400
E-mail:   Tarr@BlankRome.com

**BROWN RUDNICK LLP**

David J. Molton (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
E-mail:   dmolton@brownrudnick.com

*Counsel to Eric D. Green as Special Master of the Takata Criminal Restitution Funds*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

- 1 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | Case No. 16-CR-20810-04 |
| | ) | |
| v. | ) | Honorable George Caram Steeh |
| | ) | |
| TAKATA CORPORATION, | ) | |
| Defendant. | ) | |

# TWENTY-FOURTH STATUS REPORT OF THE SPECIAL MASTER

1.  Eric D. Green, the court-appointed Special Master for the custody, administration, and distribution of the Takata Airbag Restitution Funds, hereby respectfully submits his Twenty-Fourth Status Report pursuant to paragraph 4 of this Court's Appointment Order (the "Status Report").[1]  The Status Report provides an overview of the Special Master's work from May 20, 2021 through July 20, 2021 (the "Reporting Period") and anticipated future efforts.  The Special Master is presently on schedule regarding the processing of Claims and distribution of the restitution funds available to eligible Claimants who have filed Claims with the Individual Restitution Fund (the "IRF").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Twenty-Third Status Report of the Special Master*, dated January 18, 2021 [Dkt. No. 148].

I.     ACTIVITIES IN THE REPORTING PERIOD.

    A.     OUTREACH TO POTENTIAL CLAIMANTS UPDATE.

1. In the *Twenty-Third Status Report of the Special Master*, dated May 21, 2021 [Dkt. No. 131], the Special Master informed the Court that pursuant to the Revised IRF Methodology [Docket No. 77-1], Claimants who were involved in an incident prior to April 11, 2018 were required to file their claims with the IRF by April 11, 2021 and claims filed thereafter would be deemed untimely and barred unless the claimant could show good cause to consider the untimely claim. See Docket No. 77-1 at p. 25. The April 11, 2021 bar date also applies to claims submitted to the TATCTF. Therefore, any claims arising out incidents before April 11, 2018 would be presumptively time-barred unless they were filed with the IRF (and TATCTF) before April 11, 2021.

2. Leading up to the April 11, 2021 deadline, the Special Master conducted extensive outreach to potential claimants who may have held claims that could be time barred. For example, in addition to publishing notices of the deadline and conducting his advertising campaign as a matter of course, the Special Master contacted key members of the plaintiffs' bar to notify them of the deadline. In addition, the Special Master's team contacted all lawyers and individuals who had mailed notices of claim to the Special Master but had not yet completed a claim submission. As a result of the Special Master's outreach efforts, a relatively high

number of claims were filed in late-March and the first half of April 2021. The Special Master has completed the review of most of these claims, many of which are included in the Tenth IRF Distribution Request. For the claims not included in the Tenth IRF Distribution Request, the Special Master and his team are working with claimants to cure deficiencies so that these claims can be evaluated.

      **B.    THE REVISED IRF METHODOLOGY AND SUPPLEMENTAL AND RETROACTIVE PAYMENTS.**

3.      As the Court is aware, the IRF utilizes a relative valuation approach to determine awards to Eligible Claimants, where points are assigned to claims based on injury categories in an injury valuation matrix and certain other factors (the "Points Schedule"), and then the points assigned to each claim are converted to a monetary award based on the number and value of allowed claims and the funds available for anticipated claims (the "Point Value").

4.      As discussed in greater detail in the *Twenty-Third Status Report of the Special Master*, earlier this year, the Special Master sought and obtained the Court's approval to make certain amendments to the Points Schedule (as amended, the "Modified Points Schedule") [Dkt No. 140] and Point Value (as amended, the "Modified Point Value") [Dkt No. 146]. The Modified Point Value resulted in supplemental top up payments in the approximate amount of $21 million (the "Supplemental Payments") to Eligible Claimants. The Modified Points Schedule resulted in additional points awarded to Eligible Claimants in the total amount of

3

$2,384,981.80 (the "Retroactive Payments"). The Special Master was authorized to issue the Supplemental Payments and Retroactive Payments and subsequently distributed notice letters to all Claimants eligible to receive Supplemental Payments and Retroactive Payments.

### C. DISTRICT COURT AFFIRMS BANKRUPTCY ORDER DISALLOWING NON-DEPLOYMENT CLAIMS.

5. As the Court is aware, under the Revised IRF Methodology, claims arising from the non-deployment of an airbag are not eligible for compensation from the IRF. On July 14, 2021, the United States District Court for the District of Delaware affirmed the decision by the Bankruptcy Court sustaining the Trustee's objection to non-deployment claims filed against the TATCTF. The District Court agreed with the Bankruptcy Court in crediting the expert testimony of Dr. Harold Blomquist, the Trustee's expert witness, and found no error in the Bankruptcy Court's agreement with the Trustee's argument that "even if an airbag failed to deploy during a vehicle accident that resulted in injury to a Claimant, such an event could not be attributed to a component manufactured by the Debtors, and, therefore, the Debtors' estates had no liability for such claims." *See* Memorandum Opinion,

4

*DeBouno Jr. v. Green (In re TK Holdings, Inc.)*, Civ. No. 20-1480 – RGA (July 14, 2021).

### D. FINALIZATION OF BDO SECOND ANNUAL AGREED-UPON PROCEDURES.

6. On July 21, 2021, BDO USA LLP ("BDO"), the independent auditors retained by the Special Master to perform agreed-upon procedures on the payment of claims and expenses for the period beginning January 1, 2020 and ending December 31, 2020, finalized its second annual agreed-upon procedures report of the Individual Restitution Fund. BDO noted no exceptions to the agreed-upon procedures upon its review and reflected such conclusion in its written report. The Special Master will transmit BDO's report to the Court under separate cover.

### E. APPROVAL OF NINTH IRF DISTRIBUTION REQUEST.

7. On May 21, 2021, the Special Master filed the *Special Master's Request for Approval of Ninth Distribution of Individual Restitution Fund* (the "Ninth IRF Distribution Request") [Dkt. No. 147], seeking Court-approval for: (i) a ninth distribution from the IRF to compensate six (6) eligible Claims, and (ii) the denial of twelve (12) ineligible Claims.

8. Consistent with the procedures set forth in the Minutes of July 25, 2019 Conference with Special Master (the "July 2019 Minutes Order") [Dkt. No. 110], the Special Master notified the affected Claimants: (i) of their point award and the monetary value of the award (if any); (ii) of the filing of the Ninth IRF Distribution

5

Request; and (iii) that such Claimants may object to the Ninth IRF Distribution Request by submitting a written response to the Special Master on or before June 14, 2021 (the "Objection Deadline").

9. As the Court is aware, there are two conditions that must be met for Claimants with compensable Claims to receive payment from the IRF. First, all Claimants must execute and submit to the Special Master the Court-approved release agreement (a "Release"). Additionally, if any Claimant was represented by counsel, such counsel must execute and submit to the Special Master a fee rider (a "Fee Rider") acknowledging and agreeing to abide by the restriction on attorney's fees set forth in the IRF Methodology Order. [Dkt. No. 78, Page ID 2219].

10. On July 21, 2021, the Court entered an order granting the Special Master's Request. *See Order Granting Special Master's Request For Approval Of Ninth Distribution Of Individual Restitution Fund* [Dkt. No. 149]. Accordingly, the Special Master will begin processing and making these payments, subject to the Modified Points Schedule and 2021 Point Value, on a rolling basis following receipt of the necessary documentation.

## II. GOING FORWARD EFFORTS.

### A. CLAIM EVALUATION AND PROCESSING EFFORTS.

11. During the prior Reporting Periods, the Special Master purchased and executed upon, through its Claims Agent, Epiq, a comprehensive media plan to

conduct outreach to potential claimants via various media platforms. The media plan went into effect in August 2020. The Special Master, in consultation with his advisors, recently approved a media plan that will go into effect in August 2021. Unlike previous years, the 2021 media plan allocates additional resources to publication impressions in hot and humid regions—where ruptures and aggressive deployments are most likely to occur. The 2021 Re-Estimation Report revealed that ruptures and aggressive deployments are occurring in these regions at a greater proportion than that projected in previous estimation reports. As a result, the Special Master determined to increase the allocation of budgeted media resources to these regions.

12.  Relatedly, the Special Master continues to monitor closely the pandemic's effect on claim filing activity and rupture incidents, both of which have materially decreased during the pandemic. Though it remains too early to make any definitive conclusions regarding the pandemic's effect on claim filing activity, the Special Master has observed a slight increase in claim filings as COVID-19 restrictions are lifted throughout the country. The Special Master will continue to monitor closely claim filing trends and inform the Court accordingly.

13.  As stated above, the Special Master and his team will continue to receive claims for compensation from the IRF and TATCTF (in his capacity as Trustee of that Trust), and will continue the process of reviewing, evaluating, and

distributing funds on account of claims. The Special Master and his team will also continue to evaluate the claims data and recall completion rate data in connection with any future point-value evaluations. The Special Master and his claims evaluation team remain committed to completing its initial evaluation of Claims within thirty (30) days of the Special Master's receipt thereof.

14. **CONCLUSION**

15. The Special Master will continue to perform his responsibilities and duties consistent with the Appointment Order and all other directives of this Court.

Dated: July 27, 2021

Respectfully submitted,

Eric D. Green, Special Master