**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| TK HOLDINGS INC., *et al.*, | Case No. 17-11375 (BLS) |
| Debtors.[1] | Jointly Administered |
|  | **Objection Deadline: March 16, 2022 at 4:00 p.m. (ET)** |
|  | **Hearing Date:  March 23, 2022 at 9:30 a.m. (ET)** |

**TWELFTH MOTION OF JOSEPH J. FARNAN, JR., AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST, PURSUANT TO, *INTER ALIA*, FED. R. BANKR. P. 9006(b)(1), FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CERTAIN CLAIMS**

Joseph J. Farnan, Jr., in his capacity as trustee (the "Trustee") of the Reorganized TK Holdings Trust (as defined in the *Amended and Restated Trust Agreement*) (the "Trust") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby moves (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to, *inter alia*, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), further extending the deadline to July 22, 2022, within which the Trustee may object to: (a) all Disputed Claims (other than Disputed Trust Claims and OEM Unsecured Claims) (as described in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Plan); and (b) Administrative Expense Claims, filed against the Debtors' estates. In support of this Motion, the Trustee respectfully represents:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

## Background

**A.    General Background**

4. On June 25, 2017 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5. On July 7, 2017, the United States Trustee for Region 3 appointed the statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Creditors' Committee") and the statutory committee of tort claimant creditors pursuant to section 1102(a)(2) of the Bankruptcy Code (the "Tort Claimants' Committee"). On September 6, 2017, the Bankruptcy Court, pursuant to sections 105 and 1109(b) of the Bankruptcy Code, appointed Roger Frankel as the legal representative (the "Future Claims

2

Representative" or the "FCR") for individuals who sustain injuries related to PSAN Inflators (as defined herein) after the Petition Date.

6. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. On the Petition Date, in coordination with the commencement of the chapter 11 cases, Takata Corporation, the Debtors' ultimate corporate parent ("TKJP" and, together with its direct and indirect global subsidiaries, including the Debtors, "Takata"), together with Takata Kyushu Corporation and Takata Service Corporation (collectively, the "Japan Debtors"), commenced civil rehabilitation proceedings under the Civil Rehabilitation Act of Japan (the "Japan Proceedings") in the 20th Department of the Civil Division of the Tokyo District Court (the "Tokyo District Court").  On August 9, 2017, the Japan Debtors filed petitions with the Bankruptcy Court seeking recognition of the Japan Proceedings.  The Bankruptcy Court entered an order recognizing the Japan Proceedings on November 14, 2017.

8. On June 28, 2017, the Debtors commenced an ancillary proceeding under the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in Ontario, Canada.  Similarly, on August 25, 2017, the Debtors petitioned the Tokyo District Court for recognition of these Chapter 11 Cases under Article 17(1) of the Act on Recognition of and Assistance for Foreign Insolvency Proceedings.  On September 6, 2017, the Tokyo District Court granted the Debtors' petition.

9. Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' businesses and

3

capital structure is set forth in the *Declaration of Scott E. Caudill in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 19] (the "Caudill Declaration").

**B.     Bar Dates**

10.     On October 4, 2017, this Court entered the *Order For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [Docket No. 959] (the "Bar Date Order").  Pursuant to the Bar Date Order, the following deadlines were established to file proofs of claim in the Debtors' chapter 11 cases: (i) November 27, 2017 (the "General Bar Date") for persons or entities not including Governmental Units as defined in section 101(27) of the Bankruptcy Code and PPICs (as defined herein); (ii) December 22, 2017 (the "Governmental Bar Date") for Governmental Units; and (iii) December 27, 2017 (the "PPIC Bar Date") for individuals (each, a "PPIC") asserting claims against any of the Debtors for past or future monetary losses, personal injuries (including death), or asserted damages arising out of or relating to an airbag containing phase-stabilized ammonium nitrate propellant ("PSAN Inflators"), or their component parts, manufactured or sold by the Debtors or their affiliates prior to the Petition Date (each, a "PPIC Claim").[2]

**C.     Confirmation of the Plan**

11.     On January 5, 2018, the Court approved the Debtors' disclosure statement and the solicitation and voting procedures [Docket No. 1639] ("Solicitation Procedures Order")

---

[2] In addition, on December 18, 2017, the Bankruptcy Court entered an order (the "Supplemental Bar Date Order") [Docket No. 1395] establishing February 6, 2018 (the "Supplemental PPIC Bar Date") as the supplemental deadline for PPICs who purchased vehicles containing PSAN Inflators that use 2004 non-desiccated or desiccated PSAN as propellant between August 2, 2017 through December 19, 2017 to file proofs of Claim in the Chapter 11 Cases for past or future monetary losses, personal injuries, or damages arising out of or relating to an airbag containing PSAN Inflators, or their component parts, manufactured or sold by the Debtors or their affiliates.

for the *Third Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* [Docket No. 1629]. On February 21, 2018, the Court entered an order [Docket No. 2120] confirming (the "Confirmation Order") the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings and its Affiliated Debtors* [Docket No. 2116] (the "Plan"). The Plan became effective on April 10, 2018 (the "Effective Date") [Docket No. 2646].

12. According to the Plan,

> Except as otherwise provided in section 2.1 of the Plan with respect to Administrative Expense Claims, any objections to Claims shall be served on the respective Claim holder and filed with the Bankruptcy Court (i) on or before one hundred twenty (120) days following the later of (a) the Effective Date and (b) the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, *or (ii) on such later date as may be fixed by the Bankruptcy Court*; provided, however, that the foregoing time periods shall not apply to PSAN PI/WD Claims.

Plan, Art. 7.2 (emphasis added).

13. In addition, pursuant to section 2.2 of the Plan with respect to Administrative Expense Claims provides,

> An Administrative Expense Claim, with respect to which a request for payment has been properly and timely filed pursuant to section 2.1 of this Plan, shall become an Allowed Administrative Expense Claim if no objection to such request is filed by the applicable Claims Administrator with the Bankruptcy Court on or before one hundred twenty (120) days after the Effective Date, or on such later date as may be fixed by the Bankruptcy Court.

Plan, Art. 2.2.[3]

14. Therefore, pursuant to the Plan, the original Claims Objection Deadline with respect to Claims and Administrative Expense Claims was August 8, 2018 (the "Claims Objection Deadline").

---

[3] The Administrative Expense Claims Bar Date is the first business date that is 60 days following the Effective Date, or June 11, 2018. Plan, Art. 1.1.

5

15. The Trustee has filed eleven prior motions to extend the Claims Objection Deadline. *See* Docket Nos. 3007, 3437, 3668, 3920, 4030, 4098, 4153, 4261, 4384, 4465, and 4560. The Court has entered orders granting each of those prior motions. *See* Docket Nos. 3055, 3478, 3720, 3935, 4040, 4106, 4157, 4266, 4415, 4481, and 4574. The current extended Claims Objection deadline is March 24, 2022.

**D.     Appointment, Rights, Powers and Duties of the Trustee**

16. Pursuant to the Plan, the Trust "shall be established to administer certain post-Effective Date responsibilities under the Plan, including (i) resolving all Disputed Claims (other than Disputed Trust Claims and OEM Unsecured Claims)[4] but including PPIC Claims asserting economic loss arising from or relating to PSAN inflators and other asserted Takata defects ("PPIC Economic Loss Claims"), (ii) maintaining the Claims Reserves, (iii) making Distributions to holders of Allowed Claims (other than Allowed Trust Claims and OEM Unsecured Claims), and (iv) being the sole member of TK Global LLC for the benefit of holders of Claims." Plan, Art. 5.6(b).

17. The Plan further provides that that the Trustee has the power and authority to "(v) prosecute and resolve objections to Disputed Claims (other than Disputed Trust Claims and OEM Unsecured Claims) . . . ." Plan, Art. 5.6(e).

**E.     The Claims Reconciliation Process**

18. The official claims register, prepared and maintained by the Debtors' claims agent, Prime Clerk LLC, reflects that, to date, over 58,000 PPIC Economic Loss Claims and over 7,300 non-PPIC proofs of claim have been filed against the Debtors' estates. Prior to

---

[4] Disputed Trust Claims under the Plan include PSAN PI/WD Claims and Other PI/WD Claims.

(or immediately after) the Effective Date, the Debtors filed a total of eleven omnibus objections to claims. Orders have been entered on each of those prior claim objections.[5]

19. Since the Effective Date, the Trustee and his counsel and advisors, among other things, have been in the process of reviewing and reconciling the proofs of claims filed against the Debtors in these chapter 11 cases. In connection therewith, the Trustee is in the process of analyzing claims that the Trust is responsible for reconciling and resolving.

20. The claims reconciliation process is still ongoing. So far, the Trustee has filed twenty-seven (27) omnibus claim objections, ten notices of satisfied claims, and various individual claim objections, including objections to certain obsolescence claims that were asserted as Administrative Expense Claims. The Trustee continues to negotiate resolutions of certain other asserted claims on an informal basis, but, if he cannot resolve those claims he will need to file objections. Despite the progress to date, there are still many claims to be reviewed, reconciled, and adjusted.

21. In addition, during the course of the Trustee's review of the PPIC Economic Loss Claims, the Trustee has determined that certain of those claims also include either a PSAN PI/WD or Other PI/WD claim components. By reason thereof, portions of those claims are beyond the responsibility of the Trustee for reconciliation and distribution purposes, but are rather, in part, the responsibility of the PI/WD Trustee charged with administering the trust established to reconcile PSAN PI/WD claims and Other PI/WD claims properly classified as Class 5 or Class 7 claims, and make distributions thereon from the assets in that trust. The Trustee and the PI/WD Trustee have continued to coordinate on the method for handling these "hybrid" claims for further reconciliation. Certain of these claims have been subject to joint

---

[5] *See* Docket Nos. 1844, 1899, 1900, 1901, 1902, 1903, 2623, 2729, 2730, 2744, and 2930.

motions by the Trustee and the PI/WD Trustee, which the Court granted. *See* Docket Nos. 4295, 4380, 4615, 4654.

22. For those reasons, the Trustee submits that it is both necessary and appropriate to extend the Claims Objection Deadline through and including the later of: (a) July 22, 2022, or (b) one hundred twenty (120) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

### Relief Requested

23. As stated above, the current Claims Objection Deadline is March 24, 2022. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2, the Trustee seeks an extension of the Claims Objection Deadline through and including the later of: (a) July 22, 2022, or (b) one hundred twenty (120) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.[6]

24. The Trustee further requests that the order approving this Motion be without prejudice to the rights of the Trustee to seek further extension or extensions of the Claims Objection Deadline.

### Basis for Relief

25. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made

---

[6] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the current Claims Objection Deadline shall serve to automatically extend the Claims Objection Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

>     before expiration of the period originally prescribed or as extended
>     by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1). The Trustee is making the request in this Motion before the current Claims Objection Deadline and, accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

26. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.

27. In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See*, *e.g*., *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

28. The Trustee submits that cause exists to extend the Claims Objection Deadline. As described above, the Trustee has made and continues to make progress towards reviewing and reconciling the Disputed Claims for which the Trust is responsible and the Administrative Expense Claims that have been filed. Notwithstanding such progress, the Trustee requires additional time to review and reconcile the large volume of the applicable Claims.

29. This is the twelfth request for an extension of the Claims Objection Deadline and the Trustee submits that the requested extension will not prejudice the Debtors' creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trustee in fairly and properly administering the Debtors' estates and assuring that only those

claims rightfully entitled to distributions will receive distributions. As such, the Trustee respectfully submits that an extension of the Claims Objection Deadline through and including the later of: (a) July 22, 2022, or (b) one hundred twenty (120) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, is in the best interests of creditors and other parties in interest.

## Reservation of Rights

30. The Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

## Notice

31. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties who have requested service of notices in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting an extension of the Claims Objection Deadline through and including the later of: (a) July 22, 2022, or (b) one hundred twenty (120) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, and granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  March 9, 2022 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Peter J. Keane*<br>Laura Davis Jones (Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Peter J. Keane (Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile:  (302) 652-4400<br>E-mail: ljones@pszjlaw.com<br>           dbertenthal@pszjlaw.com<br>           pkeane@pszjlaw.com<br><br>*Attorneys for the Trustee of the Reorganized TK Holdings Trust* |