United States Bankruptcy Court
District of Delaware

In Re:
Larry J. Austin
Barbara A. Jackson
United States of America
            v/s
In Re: Takata Corporation
        TK Holdings, Inc.

Chapter 11
CASE No. 17-11375 (BLS)
Jointly Administered

FILED
2022 AUG 17  AM 10: 50

## Motion of Omnibus Objections to PI/WD Claims

I, Larry J. Austin   the legal Representative in these cases. In regards   due to the COVID-19 crisis I apologize to the court, Special Master, Trust, Undersigned Counsel etc. for not filing this Objection in a timely manner. I represented the estate of the Claimaint throughout this Banbrupty Litigation Case numerous of past years to the best of my knowledge. I'm asking the court to review my PPIC Economics Loss Claims. I have sent sufficient Supporting Documents as evidence for approval  Unique Objetion ID control numbers, Proof of Economics Loss claim number, voting documents of the Reorganization Plan. Wherefore I prays that the Court Enter A Order Approving /Allowing my PI/WD Claims and grant the relief requested, herein.

Dated: August 15, 2022

Respectfully
Larry J. Austin
Legal Representative

\*\*\*CUST PPIC OBJ 1740 SRF 26346 PackID: 99 MMLID: 3527662 Svc: RTK 5th OMNI

Austin, Larry J
Jackson, Barbara A
2017 Flagler St.
PO Box 1871
Quincy FL 32351

**THIS OBJECTION SEEKS TO DISALLOW AND/OR MODIFY CERTAIN FILED
PROOFS OF CLAIM ON THE BASIS THAT THE PROOFS OF CLAIM DID NOT
PROVIDE SUFFICIENT SUPPORTING INFORMATION OR DOCUMENTATION.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR
NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION.
ANY CLAIMANT WHO WISHES TO SUBMIT ADDITIONAL INFORMATION
OR DOCUMENTATION IN SUPPORT OF THEIR CLAIM MAY DO SO BY
VISITING <u>HTTPS://RESTRUCTURING.PRIMECLERK.COM/TKOBJECTION</u>
AND UPLOADING ADDITIONAL INFORMATION/DOCUMENTATION
BY AUGUST 15, 2018 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

If you have questions about the enclosed Objection, you may either:

Call (844) 822-9229 (US toll free) or (347) 338-6502 (International)
Email takatainfo@PrimeClerk.com or
Visit http://TKRestructuring.com.

Individualized Exhibit A - PPIC Claims - Insufficient Documentation

| No. | Claimant | Claim Number | Claim Amount | | Asserted Debtor | Date Filed | Reason for Disallowance | Prior 7th Omnibus Objection | Unique Objection ID Number (Unique Control Number) |
|---|---|---|---|---|---|---|---|---|---|
| 104 | Austin, Larry J Jackson, Barbara A Springleaf Financial Services 2017 Flagler St. PO Box 1871 Quincy, FL 32351 | P-0053044 | Unliquidated (U) $0 (P) $0 (S) $0 (A) Unliquidated (T) | | TK Holdings, Inc, et al. | 12/27/2017 | Insufficient supporting information. | N/A | 99039670077208 |
| 105 | Austin, Larry J Jackson, Barbara A Springleaf Financial Services 2017 Flagler St. PO Box 1871 Quincy, FL 32351 | P-0053097 | Unliquidated (U) $0 (P) $0 (S) $0 (A) Unliquidated (T) | | TK Holdings, Inc, et al. | 12/27/2017 | Insufficient supporting information. | N/A | 99039670077209 |

(U) - Unsecured (P) - Priority (S) - Secured (A) - Administrative (T) - Total

\*\*\*CUST PPIC OBJ 1740 SRF 26346 PackID: 100 MMLID: 3527663 Svc: RTK 5th OMNI
Austin, Larry J
Jackson, Barbara A
2017 Flagler Street
PO BOX 1871
Quincy FL 32353

**THIS OBJECTION SEEKS TO DISALLOW AND/OR MODIFY CERTAIN FILED
PROOFS OF CLAIM ON THE BASIS THAT THE PROOFS OF CLAIM DID NOT
PROVIDE SUFFICIENT SUPPORTING INFORMATION OR DOCUMENTATION.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR
NAMES AND CLAIMS ON EXHIBIT A ATTACHED TO THIS OBJECTION.
ANY CLAIMANT WHO WISHES TO SUBMIT ADDITIONAL INFORMATION
OR DOCUMENTATION IN SUPPORT OF THEIR CLAIM MAY DO SO BY
VISITING HTTPS://RESTRUCTURING.PRIMECLERK.COM/TKOBJECTION
AND UPLOADING ADDITIONAL INFORMATION/DOCUMENTATION
BY AUGUST 15, 2018 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Prime Clerk LLC

If you have questions about the enclosed Objection, you may either:

Call (844) 822-9229 (US toll free) or (347) 338-6502 (International)
Email takatainfo@PrimeClerk.com or
Visit http://TKRestructuring.com.

Individualized Exhibit A - PP'C Claims - Insufficient Documentation

| No. | Claimant | Claim Number | Claim Amount | Asserted Debtor | Date Filed | Reason for Disallowance | Prior 7th Omnibus Objection | Unique Objection ID Number (Unique Control Number) |
|---|---|---|---|---|---|---|---|---|
| 106 | Austin, Larry J<br>Jackson, Barbara A<br>Springleaf Financial Services<br>2017 Flagler Street<br>PO Box 1871<br>Quincy, FL 32353 | P-0043246 | Unliquidated (U)<br>$0 (P)<br>$0 (S)<br>$0 (A)<br>Unliquidated (T) | TK Holdings, Inc, et al. | 12/18/2017 | Insufficient supporting information. | N/A | 990396700077210 |

(U) - Unsecured (P) - Priority (S) - Secured (A) - Administrative (T) - Total

**Individualized Exhibit C - Remaining PPIC Economic Loss Claims**

| Exhibit No. | Claimant | Claim Number | Total Claim Amount | Date Filed | Asserted Debtor | Claim Type Designation |
|---|---|---|---|---|---|---|
| 351 | Austin, Larry J<br>Jackson, Barbara<br>Springleaf Financial Services<br>2017 Flagler St., PO Box 1871<br>Quincy, FL 32351 | P-0053044 | $0.00 | 12/27/2017 | TK Holdings Inc, et al. | PPIC - Economic Loss |
| 352 | Austin, Larry J<br>Jackson, Barbara<br>Springleaf Financial Services<br>2017 Flagler St., PO Box 1871<br>Quincy, FL 32351 | P-0053097 | $0.00 | 12/27/2017 | TK Holdings Inc, et al. | PPIC - Economic Loss |

## Individualized Exhibit C - Remaining PPIC Economic Loss Claims

| Exhibit No. | Claimant | Claim Number | Total Claim Amount | Date Filed | Asserted Debtor | Claim Type Designation |
|---|---|---|---|---|---|---|
| 353 | Austin, Larry J<br>Jackson, Barbara<br>Springleaf Financial Services<br>2017 Flagler Street, PO Box 1871<br>Quincy, FL 32353 | P-00 13246 | $0.00 | 12/18/2017 | TK Holdings Inc, et al. | PPIC - Economic Loss |

copy Document

TK Holdings 1740 SRF 21507 Solic PackID: 8-2757
Larry J Austin
2017 Flagler St.
PO Box 1871
Quincy FL 32351

8-2756
8-2758

PI/WD

(CLAIM 10)

① VOTERS ID: 6650709

② ID# 6641820

③ ID# 6650675

17113755 0112 533 — 57

17113755 0296721 — 58

17113755 0110357 — 66

21507-10                                                                                                    Class 6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

①

|  |  |
|---|---|
| In re | : | Chapter 11 |
| TK HOLDINGS INC., *et al.*, | : | Case No. 17-11375 (BLS) |
| Debtors.[1] | : | Jointly Administered |

## PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT

### THIS BALLOT MUST BE ACTUALLY RECEIVED BY FEBRUARY 6, 2018 AT 4:00 P.M. (THE "*VOTING DEADLINE*")[2]

TK Holdings Inc. ("*TKH*") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "*Debtors*") have sent this Ballot to you because, as of January 3, 2018 (the "*Record Date*"), you are the holder a Class 6 Other General Unsecured Claim and you have the right to vote to accept or reject the *Third Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors*, filed January 5, 2018 [Docket No. [1629] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "*Plan*").[3]

Your rights are described in the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors*, filed January 5, 2018 [Docket No. 1630] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "*Disclosure Statement*") and the Disclosure Statement Order. The Disclosure Statement, the Plan, the Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk LLC (the "*Solicitation Agent*") by (i) visiting the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Unless otherwise stated, all times referenced in this Ballot are to prevailing Eastern Time.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Plan, the Disclosure Statement (as defined herein), or in the order approving the Disclosure Statement, entered on January 5, 2018 [Docket No. 1639] (the "*Disclosure Statement Order*"), as applicable.

restructuring website at http://tkrestructuring.com; (ii) writing Prime Clerk LLC TK Holdings Inc. Ballot Processing, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (iii) emailing takataballots@primeclerk.com, or (iv) calling the Solicitation Agent at (844) 822-9229 (Toll-Free) or (347) 338-6502 (if calling from outside the U.S. or Canada).  You may also access these materials free of charge on the Debtors' restructuring website at http://TKRestructuring.com/PPIC or for a fee via PACER at http://www.deb.uscourts.gov.  The United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

If you have any questions on how to properly complete this Ballot, please contact the Solicitation Agent via one of the methods provided above.  Please be advised that the Solicitation Agent cannot provide legal advice.

---

### IMPORTANT

*You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 6 under the Plan.  If you hold Claims in more than one (1) Class, you will receive a Ballot for each Class in which you are entitled to vote.*

**If the Solicitation Agent does not <u>actually receive</u> your Ballot on or before the Voting Deadline, which is February 6, 2018 at 4:00 p.m., and if the Voting Deadline is not extended, then your vote will not count.  If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.  Delivery of a Ballot to the Solicitation Agent by facsimile, email, or other electronic means (other than via the Solicitation Agent's online balloting portal) will not be valid.  Please mail or deliver your Ballot to:**

**TK Holdings Inc. Ballot Processing**
**c/o Prime Clerk LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**<u>Alternatively,</u> to submit your Ballot via the Solicitation Agent's online balloting portal, visit https://restructuring.primeclerk.com/TakataAirbagInflatorClaim/EBallot-Home. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot Identification Number:** 171137550112533

---

The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot Identification Number is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot Identification Number you receive, as applicable. Claimants who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.

*"Free and Clear" Transfer of Assets.*

If the Plan is confirmed by the Bankruptcy Court, the Plan, including Sections 5.2(c), 5.4, 10.5, 10.6, and 10.8 thereof, will be binding on you, regardless of whether you are Impaired under the Plan and whether you have accepted the Plan. ACCORDINGLY, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, ON THE EFFECTIVE DATE, THE PURCHASED ASSETS WILL, IN ACCORDANCE WITH SECTION 1141(C) OF THE BANKRUPTCY CODE, BE PURCHASED BY OR OTHERWISE TRANSFERRED TO THE PLAN SPONSOR IN ACCORDANCE WITH THE U.S. ACQUISITION AGREEMENT FREE AND CLEAR OF ALL CLAIMS, INTERESTS, LIENS, OTHER ENCUMBRANCES, AND LIABILITIES OF ANY KIND OR NATURE WHATSOEVER, INCLUDING RIGHTS OR CLAIMS BASED ON ANY SUCCESSOR OR TRANSFEREE LIABILITIES AND THE TERMS OF SUCH SALE WILL BE BINDING AND ENFORCEABLE AGAINST ALL PERSONS AS A PERMANENT INJUNCTION PURSUANT TO SECTION 10.5(B) OF THE PLAN.

Additionally, if the Plan is confirmed by the Bankruptcy Court, on the Effective Date: (a) all PSAN Assets will vest in each of the Reorganized Debtors which, as Debtors, owned such PSAN Assets as of the Effective Date, free and clear of all Claims, Interests, Liens, other encumbrances, and liabilities of any kind, except any such Claims, Interests, Liens, other encumbrances, and liabilities of any kind of the Consenting OEMs against the Debtors to which Reorganized Takata will remain obligated under the Plan or as otherwise provided in the Plan; and (b) all Warehoused PSAN Assets will vest in the Warehousing Trust free and clear of all Claims, Interests, Liens, other encumbrances, and liabilities of any kind.

*Release.*

Further, if the Plan is confirmed by the Bankruptcy Court, as of the Effective Date, the Released Parties[4] shall be deemed conclusively, absolutely, unconditionally, irrevocably

---

[4] *"Released Parties"* means, collectively, (i) the Debtors, (ii) the Plan Administrator, (iii) the Oversight Committee, (iv) the Future Claims Representative, (v) the Plan Sponsor Parties, (vi) the Debtors' non-Debtor affiliates (including the Acquired Non-Debtor Affiliates), (vii) the Claims Administrators, and (viii) with respect to each of the foregoing Persons in clauses (i) through (vii), such Persons' predecessors, successors, assigns, subsidiaries,

and forever released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date by (a) the holders of all Claims, other than the Consenting OEMs, who vote to accept the Plan; (b) the holders of all Claims, other than the Consenting OEMs, that are Unimpaired under the Plan; (c) the holders of all Claims, other than the Consenting OEMs, whose vote to accept or reject the Plan is solicited but who do not vote either to accept or to reject the Plan; (d) the holders of all Claims, other than the Consenting OEMs, or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; (e) the holders of all Claims, other than the Consenting OEMs, and Interests who are given notice of the opportunity to opt out of granting such releases but who do not opt out of granting the releases; (f) all other holders of Claims, other than the Consenting OEMs, and Interests to the maximum extent permitted by law, in each case from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their non-Debtor affiliates (including the Acquired Non-Debtor Affiliates), the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or recoupment by any Released Party at any time on or prior to the Effective Date), the Restructuring Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the U.S. Acquisition Agreement, the Global Accommodation Agreement, the U.S. RSA, and the Plan and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect

affiliates, managed accounts or funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and such Persons' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such.

to the Plan, or any other act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes fraud, gross negligence or willful misconduct.

### *Injunction*.

Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents the injunction provisions set forth in Section 10.5 of the Plan will be binding on all Entities.  Accordingly, if the Plan is confirmed by the Bankruptcy Court, on the Effective Date, except as expressly permitted by the U.S. Acquisition Agreement and except as to Assumed Liabilities and Permitted Liens, all Persons, including all debt security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, customers, employees, litigation claimants, and other creditors, holding Claims, Liens, Interests, charges, encumbrances, and other interests of any kind or nature whatsoever, including rights or Claims based on any successor or transferee liability, against or in a Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown), arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Purchased Assets prior to the Effective Date, or the Restructuring Transactions, are forever barred, estopped and permanently enjoined from asserting against the Plan Sponsor Parties, their respective successors and assigns, their property or the Purchased Assets, such Person's Claims, Liens, Interests, charges, encumbrances, and other interests (including rights or Claims based on any successor or transferee liability), including, without limitation, by: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Plan Sponsor Party or the property of any Plan Sponsor Party, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Plan Sponsor Party or its property, or any direct or indirect transferee of any property of, or direct or indirect successor-in-interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Plan Sponsor Party or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.

21507-10                                                                                                    Class 6

> **Your receipt of this Ballot does not signify that your Claim(s) has/have been or will be Allowed. The Debtors or the PSAN PI/WD Trust, as applicable, reserve all rights to dispute any Claim.**

### Instructions for Completing Ballots

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **Please read the Plan and the Disclosure Statement carefully before completing this Ballot.**

2.  The Plan will be accepted by a Class if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in that Class that actually vote on the Plan. In the event that a Class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims all Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  **Use of Hard Copy Ballot. Complete, sign, and return this Ballot to the Solicitation Agent so that it is actually received by the Solicitation Agent by no later than February 6, 2018 at 4:00 p.m. (Prevailing Eastern Time), the Voting Deadline, unless such time is extended in writing by the Debtors.** Ballots must be delivered either by first class mail (in the enclosed envelope or otherwise), by overnight courier, or by hand delivery to the Solicitation Agent at the following address:

    **TK Holdings Inc. Ballot Processing
    c/o Prime Clerk LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232**

    **Ballots will not be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission (except the Solicitation Agent's online balloting portal).**

4.  **Use of Online Ballot Portal.** To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at https://restructuring.primeclerk.com/TakataAirbagInflatorClaim/EBallot-Home (click "Submit E-Ballot" link). You will need to enter your unique E-Ballot Identification Number indicated above. The online balloting portal is the sole manner in which

Ballots will be accepted via electronic or online transmission. Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).

5. To properly complete the Ballot, you must follow the procedures described below:

   (a) cast one vote to accept or reject the Plan by checking the appropriate box in Item 3;

   (b) if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and be prepared to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act) upon request of the Debtors;

   (c) if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

   (d) if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately;

   (e) provide your name and mailing address on your Ballot;

   (f) sign and date your Ballot and provide the remaining information requested; and

   (g) return your Ballot via an approved method of return detailed above.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, PRIME CLERK LLC, BY (I) WRITING TO PRIME CLERK LLC TK HOLDINGS INC. BALLOT PROCESSING, C/O PRIME CLERK LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) EMAILING TAKATABALLOTS@PRIMECLERK.COM, OR (III) CALLING (844) 822-9229 (TOLL-FREE) OR (347) 338-6502 (IF CALLING FROM OUTSIDE THE U.S. OR CANADA).

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY ALSO BE ACCESSED ON THE SOLICITATION AGENT'S WEBSITE AT HTTP://WWW.TKRESTRUCTURING.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

21507-10                                                                                    Class 6

<div style="border:1px solid black">

**How to Vote:**

1.  Review Item 1.
2.  Complete Item 2.
3.  Complete Item 3.
4.  Review the third-party releases set forth in Item 4 and, if applicable, elect whether to Opt Out.
5.  Review the certifications contained in Item 5 and complete Item 5.
6.  **Sign the Ballot.**
7.  Return the original signed Ballot in the enclosed pre-addressed postage-paid envelope, by hand delivery, or by overnight courier so that it is actually received by the Solicitation Agent before the Voting Deadline.
8.  You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot received that partially accepts and partially rejects the Plan will not be counted.
9.  Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.
10. Any executed Ballot received that is illegible or incomplete will not be counted.

</div>

**Item 1.**    **Treatment of Your Class 6 Other General Unsecured Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 6 Other General Unsecured Claim if it is Allowed and the Plan is consummated:

> Unless otherwise agreed, each holder of an Allowed Other General Unsecured Claim against the Debtors will receive its Pro Rata Share of the Available Cash allocated to the Other Creditors Funds.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

21507-10                                                                                    **Class 6**

**Item 2.**    **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, the undersigned was the holder of a Class 6 Other General Unsecured Claim against the Debtor indicated below in the following aggregate unpaid amount for voting purposes only:

> Amount of Claim:  $1.00
>
> Debtor:  TK Holdings Inc. and any other Debtor (as applicable)

**Item 3.**    **Vote on Plan.**

The holder of a Class 6 Other General Unsecured Claim against the Debtor set forth in Item 2 votes to (please check one):

| ACCEPT THE PLAN | REJECT THE PLAN |
|:---:|:---:|
| ☑ | ☐ |

Any Ballot that is executed by the holder of a Claim, but that indicates both an acceptance and a rejection of the Plan or that does not indicate either an acceptance or a rejection of the Plan, will not be counted.

If no holders of Class 6 Other General Unsecured Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class 6.

**Item 4.**    **Third-Party Releases.**

Section 10.6(b) of the Plan contains the following release provision:

*Releases by Holders of Claims and Interests.*

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the Confirmation Order and the obligations contemplated by the Restructuring Transactions, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring Transactions, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as**

otherwise provided herein, by (i) the holders of all Claims, other than the Consenting OEMs, who vote to accept the Plan, (ii) the holders of all Claims, other than the Consenting OEMs, that are Unimpaired under the Plan, (iii) the holders of all Claims, other than the Consenting OEMs, whose vote to accept or reject the Plan is solicited but who do not vote either to accept or to reject the Plan, (iv) the holders of all Claims, other than the Consenting OEMs, or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (v) the holders of all Claims, other than the Consenting OEMs, and Interests who were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (vi) all other holders of Claims, other than the Consenting OEMs, and Interests to the maximum extent permitted by law, in each case from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their non-Debtor affiliates (including the Acquired Non-Debtor Affiliates), the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or

21507-10                                                                                          **Class 6**

**recoupment by any Released Party at any time on or prior to the Effective Date), the Restructuring Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the U.S. Acquisition Agreement, the Global Accommodation Agreement, the U.S. RSA, and the Plan and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes fraud, gross negligence or willful misconduct.**

AS A HOLDER OF AN IMPAIRED CLAIM UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN SECTION 10.6(B) OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE RELEASE **ONLY IF** YOU VOTE TO **REJECT** THE PLAN. IF YOU (I) VOTE TO ACCEPT THE PLAN, (II) DO NOT SUBMIT A BALLOT TO ACCEPT OR REJECT THE PLAN, OR (III) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS OF THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN SECTION 10.6(B) OF THE PLAN.

The undersigned holder of Class 6 Other General Unsecured Claims hereby elects to:

☐ **Opt Out** of the releases in Section 10.6(b) of the Plan.

If you check the box, you will be deemed to opt out of the releases in Section 10.6(b) of the Plan.

21507-10                                                                                                  Class 6

**Item 5.    Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

1.  That either:  (a) the Entity is the holder of the Class 6 Other General Unsecured Claim(s) being voted; or (b) the Entity is an authorized signatory for an Entity that is a holder of the Class 6 Other General Unsecured Claim(s) being voted;

2.  That the Entity has received a copy of the Disclosure Statement, the Plan, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.  That the Entity has cast the same vote with respect to all Class 6 Other General Unsecured Claims;

4.  That no other Ballots with respect to the amount of the Class 6 Other General Unsecured Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

5.  That the Entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Entity's Class 6 Other General Unsecured Claim(s);

6.  That the Entity understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

7.  That the Entity acknowledges and understands that (a) if no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, then the Plan shall be deemed accepted by the holders of such Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim or a Claim temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.  That the Entity acknowledges and agrees that the Debtor may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided, that the Debtor will not re-solicit acceptances or rejections of the Plan in the event of any such conforming changes.

21507-10

Class 6

| | |
|---|---|
| Print or Type Name of Claimant: | Larry J Austin |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | 3992 |
| Signature: | Larry J. Austin |
| Name of Signatory (if different than Claimant): | Barbara Ann Jackson |
| Relationship to Claimant: | Mother |
| Street Address: | 2017 Flagler St. |
| City, State, and Zip Code: | Quincy, Fla. 32351 |
| Telephone Number: | (850) 509-5076 |
| E-mail Address: | larryaustin509@gmail.com |
| Date Completed: | 1-19-2018 |

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**PLEASE COMPLETE, SIGN, AND DATE
THE BALLOT AND RETURN IT PROMPTLY
IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED ABOVE:**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED
BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE,
WHICH IS 4:00 P.M. (EASTERN TIME) ON FEBRUARY 6, 2018.**

SRF 22785

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



|  |  |  |
|---|---|---|
| --------------------------------------------x | : |  |
| **In re** | : | **Chapter 11** |
|  | : |  |
| **TK HOLDINGS INC., et al.,** | : | **Case No. 17-11375 (BLS)** |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
| --------------------------------------------x | : | Re: Docket No. 1978 |

~~ORDER PURSUANT TO 11 U.S.C. §§ 502(c) AND 105(a)~~
### ESTIMATING THE MAXIMUM AMOUNT OF CERTAIN CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS FOR PURPOSES OF ESTABLISHING DISPUTED CLAIMS RESERVES UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION

Upon the motion, dated February 7, 2018 (the "***Motion***"),[2] of TK Holdings Inc.

and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"),

pursuant to sections 502(c) and 105(a) of title 11 of the United States Code (the "***Bankruptcy***

***Code***"), for entry of an order estimating the maximum amount of certain contingent,

unliquidated, and disputed general unsecured claims (collectively, the "***Disputed Claims***" and

each such holder of a Disputed Claims, a "***Claimant***") solely for purposes of establishing the

Disputed Claims Reserves under the Debtors' *Fifth Amended Joint Chapter 11 Plan of*

*Reorganization of TK Holdings Inc. and its Affiliated Debtors*, dated February 20, 2018 [Docket

No. 2116] (as it has and may be further modified or supplemented from time to time, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

"***Plan***"), all as more fully set forth in the Motion; and upon consideration of the Koluch

Declaration and the Caudill Declaration; and this Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

dated February 29, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the parties listed therein, and it appearing that no other or further notice need be provided; and

this Court having reviewed the Motion; and [this Court having held a hearing on the Motion OR

no party having objected to the relief requested in the Motion;] and this Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.     The Motion is granted as provided herein.

2.     The Disputed Claims in Class 6 (Other General Unsecured Claims) and

Class 7 (Other PI/WD Claims) are hereby estimated, pursuant to sections 502(c) and 105(a) of

the Bankruptcy Code, in the total aggregate amount of $1,532,200,000.00, solely for purposes of

determining the Disputed Claims Reserves to be set for these Claims under the Plan and not for

purposes of Allowance or any other purpose.

3.     The Debtors are authorized, but not directed, to take any and all actions

that are necessary or appropriate to establish and administer the Disputed Claims Reserves

consistent with the terms of the Plan and the Confirmation Order and to implement the terms of this Order.

4. Nothing herein or in the Motion, nor any action by the Debtors to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim.

5. The establishment of the Disputed Claims Reserves is without prejudice to the rights, defenses, and objections of the Debtors to the merits of the Disputed Claims. The Debtors and this Court are not making a determination that the Debtors are liable on account of the Disputed Claims in any amount. Nothing set forth in the Motion or this Order shall be admissible against the Debtors in any proceeding in connection with the litigation or liquidation of the Disputed Claims that have not yet been Allowed.

6. The rights of the Debtors to object to, and defend against, the Disputed Claims are fully preserved.

7. The establishment of the Disputed Claims Reserves is without prejudice to the ability of the Debtors to seek relief from the Court to Disallow any Disputed Claims or to fix the Allowed amount of any Disputed Claims in accordance with the Plan, the Bankruptcy Code, or the prior orders of this Court.

8. Notwithstanding anything herein to the contrary, nothing herein or in the Motion shall affect the priority of any Disputed Claim or the amount that any Claimant may recover on account of such Disputed Claim or otherwise.

9. The Disputed Claims remain "Disputed" as defined in the Plan and shall remain so unless and until they are "Disallowed" or become "Allowed" as defined in the Plan.

10.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___F̲e̲b̲ ̲2̲6̲___, 2018
        Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

BARBARA ANN JACKSON,

CASE NO.: 10-40057-KKS
CHAPTER: 13

Debtor.

_____/

*Bankruptcy Abuse*

## ORDER DISAPPROVING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS (DOC. 181)

**THIS CASE** is before the Court on the Application for Payment of Unclaimed Funds (the "Application," Doc. 181) submitted on October 13, 2016, on behalf of CitiFinancial ("Claimant"). It is

**ORDERED:**

The Application for the Recovery of Unclaimed Funds (Doc. 181) is DISAPPROVED without prejudice for the following reason(s):

1. While POC 3-1 lists Claimant as the Creditor of this debt, the *Notice of Transfer of Claim Other than for Security* filed on June 3, 2014 indicates that this debt was transferred to Green Tree Servicing, LLC (Doc. 112). The documents attached to the Application do not show how Green Tree Servicing, LLC is related to Claimant, or which entity is entitled to the unclaimed funds.

2. Linda S. Davis signed a document entitled "Certificate of Secretary," purporting to certify that Santo Trombetta is a Vice President of Claimant. The documents attached to the Application do not show that Linda S. Davis has authority to act on behalf of Claimant. Further, the document entitled "Certificate of Secretary," was signed on November 18, 2013. The documents attached to the Application do not show that Linda S. Davis is still employed with Claimant.

3. The document entitled "Certificate of Secretary," purports to grant Santo Trombetta authority to sign "on behalf of the Asset Recovery Group," in connection with Asset Recovery Group "making claims for the recovery of funds owned [sic] to the companies listed on Exhibit A." (Doc. 181, Pg. 9). The documents attached to the Application do not show how the Asset Recovery Group is associated with Claimant. Additionally, there is no exhibit attached which would show that Asset Recovery Group has authority to pursue unclaimed funds on behalf of Claimant or what "Companies" Mr. Trombetta allegedly has authority to act on behalf of.

2

4. It is unclear whether Santo Trombetta is attempting to act on behalf of Claimant or on behalf of "Asset Recovery Group," or some other entity.

DONE and ORDERED on <u>21st day of April, 2017</u>.

KAREN K. SPECIE
U.S. Bankruptcy Judge

Copies to:
All parties in interest

CitiFinancial
Santa Trombetta, Vice President
CitiFinancial
111 Wall Street
New York, NY 10005

3



Mr. Larry Austin
PO Box 1871
Quincy, FL 32353

Office of the Clerk of US
Bankruptcy Court for the
District of Delaware
824 Market St. 3rd Floor
Wilmington, Delaware 19801