# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11375 (BLS)<br><br>Jointly Administered<br><br>**Hearing Date: 9/8/2022 at 11:00 a.m. ET**<br><br>**Re: Docket Nos. 2013, 2378, 4227, 4241, 4705, 4757, 4783, and 4803** |

## TAKATA AIRBAG TORT COMPENSATION TRUSTEE'S
## OBJECTION TO MOTION BY RICHARD FINLEY SHUMATE SEEKING
## RELIEF FROM THE DISALLOWING OF SHUMATE'S BANKRUPTCY CLAIM

Eric D. Green, in his capacity as trustee (the "Trustee") of the PSAN PI/WD Trust *d/b/a* the Takata Airbag Tort Compensation Trust Fund (the "TATCTF") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby submits this objection (this "Objection") to the *Motion By Richard Finley Shumate* ("Shumate") *Seeking Relief From the Disallowing of Shumate's Bankruptcy Claim* [Docket No. 4803] (the "Rule 60 Motion").[2] In support of this Objection, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Notwithstanding Shumate's improper invocation of Bankruptcy Code section 501, and Bankruptcy Rules 3003 and 9006(b), in the introductory paragraph to his Rule 60 Motion, and in connection with moving this Court for an order "for relief from the disallowing of Shumate's bankruptcy claim," Bankruptcy Code section 502(j) is the applicable Bankruptcy Code section that provides for a disallowed claim to be "reconsidered for cause." Accordingly, Bankruptcy Rule 9024, which incorporates Fed. R. Civ. P. 60, is

## PRELIMINARY STATEMENT[3]

1. There are many substantive and procedural reasons why Shumate's motion should fail, but this Court should be aware, at the outset, that even if this Court disagreed with all of those reasons and resurrected Shumate's "bankruptcy claim," any such renewed claim would remain ineligible for compensation by the TATCTF because the underlying basis for Shumate's bankruptcy claim remains the alleged non-deployment of a Takata airbag in Shumate's car. *See* Rule 60 Motion, ¶ 2. In fact, Shumate's non-deployment claims has been expunged and/or disallowed on the merits or by the express terms of governing documents in every forum in which those claims have been considered, including this Court.

2. By Shumate's Rule 60 Motion,[4] he requests this Court reconsider and reverse its final order sustaining the omnibus objection to his claim from more than four years ago – March 9, 2018. More specifically, Shumate argues in the Rule 60 Motion that his bankruptcy claim should be revived "due to the fact that [he] was never made aware of this opportunity until July 21, 2022." Rule 60 Motion, ¶ 14. This assertion fails as a matter of law because (a) Shumate's claim for relief under Fed. R. Civ. P. 60(b)(1) is time-barred and (b) there is no excusable neglect due to the acts and omissions of his counsel in failing to timely file a response to the omnibus

---

the applicable Bankruptcy Rule regarding reconsideration of a final order of this Court. By its own terms, Bankruptcy Rule 9006 is expressly inapplicable to Shumate's requested relief because enlargement is not permitted to the time for taking action under Rule 9024. *See* Fed. R. Bankr. P. 9006(2).

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors* [Docket No. 2116] (the "Plan").

[4] The Rule 60 Motion does not comport with Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") because, among other things, it does not conform with Local Form 106 pursuant to Local Rule 9013-1(e), (f), or (g).

objection or to file a motion seeking a new trial and/or to alter or amend this Court's four-year-old judgment.

3. In order for this Court to properly evaluate whether there is excusable neglect, Shumate must first be held accountable for the acts and omissions of his counsel. Application of the four *Pioneer* factors to the facts at issue here shows, on balance, those factors militate in favor of the Trustee. First, as detailed in the timeline of Shumate's claim efforts, the TATCTF has expended significant time and energy adjudicating Shumate's claim in multiple forums over multiple years. It should not be lost on this Court that administrative costs incurred in connection with Shumate's unrelenting litigation efforts deplete assets available to compensate victims who have suffered personal injury or wrongful death from ruptured Takata airbag inflators. There is no separate expense reserve under the Plan to fund administrative costs related to resolving Class 7 Other PI/WD Claims. Thus, if the Court grants the Rule 60 Motion, each dollar spent re-litigating the same issues against Shumate will reduce the funds available to compensate eligible claimants. This is an unfair result to victims of airbag inflator ruptures, especially when the disposition of Shumate's Class 7 Other PI/WD Claim—assuming the Court grants the Rule 60 Motion—is already known.

4. Second, the length of delay by Shumate and counsel in seeking reconsideration of this Court's final order -- more than four years -- comes significantly after this Court considered and determined at trial whether the non-deployment claims should be allowed as Class 7 Other PI/WD Claims. As such, the disposition of this matter undoubtedly affects the continuing administration of these cases. Accordingly, the second *Pioneer* factor weighs in favor of the Trustee.

5. With respect to the third *Pioneer* factor, which also weighs in favor of the Trustee, Shumate fails to offer any justifiable reason why he and counsel, with undisputed actual notice of the omnibus objection and order sustaining the same, failed to timely respond or seek reconsideration thereof.

6. The fourth and final *Pioneer* factor also favors the Trustee because Shumate's failure to acknowledge and address his counsel's acts and omissions while, at the same time, seeking to benefit from counsel's filing of his proof of claim, constitutes bad faith for purposes of the excusable neglect analysis. This Court should not allow Shumate to benefit from a proof of claim filed by his counsel, on the one hand, but allow him to ignore and disregard the same counsel's acts and omission, on the other hand. For all of the foregoing reasons, this Court should deny the Rule 60 Motion.

## JURISDICTION AND VENUE

7. Pursuant to Local Rule 9013-1(f), the Trustee consents to entry of final orders or judgments by this Court with respect to the Rule 60 Motion, this Objection, and other any responses, if it is determined that, absent consent of the parties, this Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

*Bankruptcy Claim*

8. On October 31, 2017, Shumate, by counsel, filed a proof of claim entered as PPIC Claim No. P-0020305 (the "Bankruptcy Claim").

9. On February 9, 2018, the Debtors filed the *Amended Seventh Non-Substantive Omnibus Objection to Claims* [Docket No. 2013] (the "Seventh Omnibus Objection"), which included an objection to Shumate's Bankruptcy Claim. It is not contested that Shumate's counsel

was served with the Seventh Omnibus Objection on or before February 13, 2018. *See* Docket No. 2115.

10. Based upon a review of this Court's docket, no response to the Seventh Omnibus Objection was filed by Shumate prior to the applicable objection deadline of March 1, 2018.

11. On March 9, 2018, the Court entered the *Order Sustaining Debtor's Seventh Non-Substantive Omnibus Objection to Claims* [Docket No. 2378] (the "Seventh Omnibus Order"), which disallowed and expunged Shumate's Bankruptcy Claim, among others.

12. It is not contested the Seventh Omnibus Order was served on Shumate's counsel on March 13, 2018. *See* Docket No. 2458.

13. On October 8, 2020, this Court issued its Opinion [Docket No. 4227], which held "that the Trustee met his burden of proof and demonstrated by a preponderance of the evidence, that the Takata inflators have no role in the failure of an airbag to deploy," as described in the Bankruptcy Court's October 21, 2020 *Supplemental Order Granting Third, Eighth, and Ninth Omnibus Objections of Eric D. Green, in His Capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund, (Substantive) to No Liability Claims* [Docket No. 4241] (the "No Liability Order"). The No Liability Order was subsequently upheld on appeal by the District Court.

14. On May 18, 2022, Shumate filed a letter with this Court [Docket No. 4705] requesting a hearing with respect to Shumate's Bankruptcy Claim, the IRF Claim (as defined below), and the TD Claim (as defined below).

15. On June 29, 2022, this Court held a status conference with respect to Shumate's claims and requested the Trustee file a letter setting forth his position regarding the procedural posture of Shumate's claims.

16. On July 21, 2022, the Trustee filed his letter (the "Trustee's Letter") setting forth his position regarding the procedural posture of Shumate's claims. *See* Docket No. 4757. The Trustee's Letter is incorporated as if fully set forth herein.

17. On August 10, 2022, Shumate filed his response to the Trustee's Letter [Docket No. 4783] (the "Responsive Letter").

18. A second status conference was originally scheduled by this Court for August 16, 2022 to address the Trustee's Letter and the Responsive Letter. Such status conference was subsequently rescheduled at the request of this Court for September 8, 2022 at 11:00 a.m. ET.

19. In the interim, Shumate filed his Rule 60 Motion.

*IRF Claim*

20. The District Court for the Eastern District of Michigan (the "Michigan District Court") oversees the Individual Restitution Fund (the "IRF") pursuant to procedures established in *United States v. Takata Corp.*, Case No. 16-CR-20810-04 (the "Michigan District Court Proceeding").

21. On February 27, 2017, the United States Department of Justice and Takata Corporation filed the *Rule 11 Plea Agreement* [Dist. Ct. Docket No. 23] (the "Plea Agreement") to resolve criminal charges brought by the government against Takata in connection with Takata's design, manufacturing, testing, sale, and distribution of automobile airbag inflators. The Plea Agreement, which was accepted by the District Court, provides, *inter alia*, for the appointment of a Special Master to oversee the distribution of restitution funds.

22. On July 31, 2017, pursuant to the Plea Agreement, the Michigan District Court entered an order appointing Eric D. Green as Special Master of the Takata Restitution Funds [Michigan Dist. Ct. Docket No. 40]. On March 21, 2018, the Michigan District Court entered an

order approving the Special Master's proposed approach to distributing the funds by the IRF.

23. On March 1, 2021, Shumate filed a claim with the IRF (the "<u>IRF Claim</u>").

24. On March 18, 2021, the Special Master provided Shumate with a notice denying his IRF Claim. Shumate appealed such denial notice on April 25, 2021.

25. On July 21, 2021, the Special Master served Shumate with a specialized denial notice, providing the Special Master's determination and support for his decision that non-deployment claims are not compensable under the "Revised IRF Methodology" approved in the Michigan District Court Proceeding.

26. Thereafter, Shumate provided letters containing purported expert testimony that he believes support a conclusion in direct conflict with the conclusion reached by the Special Master and the Michigan District Court: to wit, that Takata *bears liability* for non-deployment claims.

27. Following a detailed review, the Special Master determined to take Shumate's purported evidence into consideration in consultation with the Special Master's professionals and experts. Subsequent to such review, on January 10, 2022, the Special Master issued another denial notice to Shumate with an opportunity to appeal. On February 14, 2022, Shumate appealed the second denial notice.

28. On March 25, 2022, the Special Master presented the Michigan District Court with his determination on Shumate's IRF Claim through the *Special Master's Request for Approval of Fourteenth Distribution of Individual Restitution Fund*. On April 19, 2022, Shumate filed an objection to that request in the Michigan District Court.

29. After reviewing Shumate's objection in conjunction with the Special Master's recommended claim disposition, the Michigan District Court denied Shumate's IRF Claim on a

final basis on May 9, 2022. The order denying the IRF Claim provides that the Michigan District Court "retains jurisdiction over all matters covered by, or related to, this Order."

30. On May 10, 2022, the Special Master served Shumate with notice of the Michigan District Court's order.

*TD Claim*

31. The *Eighth Amended PSAN PI/WD Trust Distribution Procedures* (the "TDP") was approved in accordance with the Plan. Neither the TDP nor the Plan grants this Court power to review claims channeled to the TATCTF.

32. Under the TDP, non-deployment claims are not eligible for compensation.

33. The TATCTF treated the filing of Shumate's IRF Claim as a simultaneous filing of a TATCTF claim governed by the TDP (the "TD Claim"). The Trustee, as well as a Future Claimant's Representative (the appointed appellate reviewer in the TATCTF for TD Claims), reviewed Shumate's TD Claim and determined that it was not eligible for compensation under the TDP.

34. On May 10, 2022, a final notice of denial by the TATCTF was sent to Shumate.

## OBJECTION

### I. Shumate's Non-Deployment Claims Are Not Compensable by TATCTF, the IRF, or Under the TDP.

35. Following a contested evidentiary hearing, this Court has already determined that the TATCTF is not liable for claims asserted against the Debtors on the basis that Takata airbags did not deploy. *See* No Liability Order. Pursuant to the Seventh Omnibus Order, the Bankruptcy Claim was disallowed and expunged.

36. A bankruptcy court's order expunging a proof of claim is a final judgment on the

merits by a court of competent jurisdiction and is a predicate for *res judicata*. *See EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007) (holding that an order from the bankruptcy court allowing a claim, even uncontested, is a final order for *res judicata* purposes); *In re Residential Capital, LLC*, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015) (finding that filing similar claims outside of bankruptcy forum does not revive previously expunged claims); *In re Blackhawk Corp.*, 2016 WL 3131954 *1 (Bankr. D. Del. May 26, 2016) ("a bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and thus a predicate for *res judicata*.") (internal citations omitted); *see also Warner v. CMG Mortg. Inc.*, 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy).

37. Further, the Michigan District Court reached the same conclusion that the IRF, pursuant to the "Revised IRF Methodology" approved by that Court, would not compensate non-deployment claims.

38. The TDP is express on its face that non-deployment claims are not eligible for compensation and this Court does not have jurisdiction over TD Claims arising under the TDP.

39. Finally, Shumate has already lost his direct claim against Honda on summary judgment, and summary judgment was affirmed on appeal to the California Court of Appeal, Second Appellate District.[5] Accordingly, even if this Court was inclined to resurrect Shumate's Bankruptcy Claim (the only claim for which this Court has jurisdiction), such revived claim would

---

[5] *See Shumate v. American Honda Motor Co., Inc.*, 2022 WL 2526520 (Cal. App. 2nd, Jul 7, 2022) affirming summary judgment and awarding costs to Honda. ("The [trial] court granted the summary judgment motion, concluding Honda had established there was no triable issue of material fact as to whether the airbag system's design or Shumate's airbag was defective.").

ultimately yield no recovery to Shumate because it is based upon an assertion of liability for non-deployment of an alleged Takata airbag.

## II. Reconsideration of the Seventh Omnibus Order Pursuant to Rule 60(b) Is Time-Barred and, In Any Event, Fails to Evidence Excusable Neglect.

40. A Rule 60(b) motion is an extraordinary remedy only appropriate when rare circumstances are present. *SB Liquidation Trust v. Preferred Bank (In re Syntax-Brillian Corp.)*, 2013 Bankr. LEXIS 194, at *19 (Bankr. D. Del. Jan. 15, 2013). Rule 60(b)(1) permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. *See* Fed. R. Civ. P. 60(b)(1), (c)(1); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Courts apply the "excusable neglect" standard under Fed. R. Civ. P. 60(b) in determining whether to reconsider a claim under Bankruptcy Code section 502(j). *See In re Inacom Corp.*, Civ. A. 04390-GMS, 2004 WL 2283599, at *2 (D. Del. Oct. 4, 2004) (applying excusable neglect standard to reconsideration of previously disallowed claim); *United States. v. Motor Freight Express (In re Motor Freight Express)*, 91 B.R. 705, 711 (Bankr. E.D. Pa. 1988) (applying excusable neglect standard in reconsidering an administrative claim previously classified as a priority claim). The Supreme Court identified four factors for determining excusable neglect: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. All factors must be considered and balanced; no one factor trumps the others. *See Toscano v. The RSH Liquidating Trust (In re RS Legacy Corp.)*, 577 B.R. 134, 139 (Bankr. D. Del. 2017) (*citing Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.),* 405 F.3d 127, 133 (3rd Cir. 2005). In evaluating

excusable neglect, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer,* 507 U.S. at 395.*; see also In re Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.,* 92 Fed. Appox. 890 (3d Cir. 2004). Under *Pioneer*, the analysis does not focus on whether the clients "did all they reasonably could in policing the conduct of their attorney," but "whether the neglect of [the clients] and their counsel was excusable." *Id.* at 893.

41. First, the four-year gap between this Court's entry of the Seventh Omnibus Order and Shumate's Rule 60 Motion is clearly beyond the express one-year limitation imposed by Fed. R. Civ. P. 60(c)(1) and is, therefore, time-barred.

42. Second, Shumate does not contest the fact his counsel received actual notice of the Seventh Omnibus Objection and Seventh Omnibus Order. Accordingly, his averments that "he was never aware of the March 1, 2018 deadline" and that his "lack of knowledge before July 21, 2022, of any proceedings or options relating to the Seventh [Omnibus] Objection response date deadline was no fault of [his]," are contradicted by the record.

43. Third, the Trustee does not contest that the excusable neglect standard may apply to omnibus claims objections in the appropriate context. However, the burden of proving excusable neglect lies with the movant, and under the circumstances, Shumate has not carried his burden to evidence that his (and his counsel's) failure to respond to the Seventh Omnibus Objection by the applicable objection deadline or to timely seek a new trial or an amendment of judgment was due to excusable neglect. Moreover, consideration and balancing of the *Pioneer* factors favor the Trustee:

- *the danger of prejudice to the debtor*

There is no separate expense reserve under the Plan to fund administrative costs related to resolving Class 7 Other PI/WD Claims. Thus, if the Court grants the Rule 60 Motion, each dollar spent re-litigating the same issues against Shumate will reduce the funds available to compensate eligible claimants. This is an unfair result to victims of airbag inflator ruptures, especially when the disposition of Shumate's Class 7 Other PI/WD Claim—assuming the Court grants the Rule 60 Motion—is already known.

- *the length of the delay and its potential impact on judicial proceedings*

    It has been more than four years since the entry of the Seventh Omnibus. Shumate's request for treatment of his Bankruptcy Claim different from treatment afforded other creditors who asserted or are asserting non-deployment claims against the TATCTF comes well after this Court considered and determined at trial that the TATCTF has *no* liability for non-deployment claims and, as such, a granting of Shumate's requested relief undoubtedly affects the Trustee's continuing administration of these cases.

- *the reason for the delay, including whether it was within the reasonable control of the movant*

    Shumate fails to offer a justifiable reason why his counsel, with undisputed actual notice of the Seventh Omnibus Objection and Seventh Omnibus Order, failed to respond timely thereto or to seek reconsideration thereof.

- *whether the movant acted in good faith*

    Shumate's failure to acknowledge and address his counsel's acts and omissions in the Rule 60 Motion constitutes bad faith. This Court should not allow Shumate to benefit from a prof of claim filed on his behalf by his counsel, on the one hand, but ignore and disregard the same counsel's acts and omission, on the other hand. As detailed above, such inaction is not the result of a good faith misapprehension or confusion. The Trustee may never understand the true reason for the neglect of Shumate's counsel, but such neglect is certainly not excusable under the circumstances.

### III. *Shumate's Inadequate Attempt to Invoke Fed. R. Civ. P. 60(b)(5) and (6) Fails.*

44. Shumate inadequately tries to bootstrap his Bankruptcy Claim into alternative Rule 60(b) theories by reference. Shumate makes the plea to this Court that he "also would like to site *[sic]* the Bankruptcy Code *[sic]* Rule 60(b) and specifically reasons 1, 5, and 6 (the last two reasons having no specifically outlined time constraints for relief), as all being legitimate reasons, when

- 12 -

considering all relevant circumstances, for this Court to provide Shumate relief from the [Seventh Omnibus Order]." Rule 60 Motion, at ¶ 21. This Court should not countenance this "throw-away" argument.

45. Rule 60(b)(6) empowers this Court to reopen a judgment, even after one year has passed, for "any other reason justifying relief from the operation of the judgment." *Pioneer*, 570 U.S. at 393. Rule 60(b)(1) and (5) provisions are mutually exclusive to Rule 60(b)(6), and thus, a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. *Id.* If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable. *Id*.

46. It is clear that Shumate understands his excusable neglect argument is time barred even as he offers no basis for this Court to find Rule 60(b)(5) applicable or a justifiable reason to grant relief under Rule 60(b)(6). This Court should deny the Rule 60 Motion.

## CONCLUSION

47. For the foregoing reasons, the Trustee respectfully requests that this Court deny the Rule 60 Motion and grant such other and further relief as this Court deems just, proper, and necessary.

Dated: September 1, 2022  
       Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*  
Stanley B. Tarr (DE No. 5535)  
1201 N. Market Street, Suite 800  
Wilmington, Delaware 19801  
Telephone: (302) 425-6400  
E-mail: tarr@blankrome.com

-AND-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
E-mail: dmolton@brownrudnick.com
gcicero@brownrudnick.com

*Attorneys for Eric D. Green, in his capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund*