IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: 
In re : Chapter 11
 :
TK HOLDINGS INC., *et al.*, : Case No. 17-11375 (BLS)
 :
Debtors.[1] : Jointly Administered
 :
 : Re: Docket Nos. 4887 and 4942
 :
 : Hearing Date: February 16, 2023 at 9:00 a.m. (ET)
 : Response Deadline: February 1, 2023 at 4:00 p.m. (ET)
---------------------------------------------------------x

## REPLY IN SUPPORT OF THE REORGANIZED TK HOLDINGS TRUST'S OBJECTION TO CLAIM OF RACHEL GABRIELE AND FOR PARTIAL SUBORDINATION THEREOF (CLAIM NO. 5137)

The Reorganized TK Holdings Trust (the "***Trust***") in the cases of the above-captioned debtors (the "***Debtors***") hereby submits this reply (the "***Reply***") to the response (the "***Response***") filed or otherwise submitted by claimant Rachel Gabriel [Dkt. No. 4942] in response to *The Reorganized TK Holdings Trust's Objection to Claim of Rachel Gabriele and for Partial Subordination Thereof* (the "***Objection***") [Docket No. 4887].[2]  In support of this Reply and the Objection, the Trust respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is 2500 Takata Drie, Auburn Hills, Michigan 48326.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Objection.

1

**Reply**

1. The gravamen of Ms. Gabriele's Response is that, because the Trust inadvertently omitted reference to two of her nine prior superseded and thereafter expunged claims, the Objection and supporting Declaration are flawed and have no merit.[3]

2. That one of those claims (Claim No. 5020) filed on June 15, 2018, was for $10,005,000.00 is of no moment. Ms. Gabriele, herself, amended that claim with Claim No. 5129 on March 25, 2021 to the stated amount of only $60,000.00. In any event, each and every one of Ms. Gabriele's prior proofs of claim expressly amended the immediately prior proof of claim, and all have been expunged through prior orders of the Court.

3. The Trust elected to compare the sole surviving claim (Claim No. 5137) to prior Claim No. 5135, which was filed less than three (3) weeks before the amended claim at issue. That prior claim and the current claim at issue are identically-stated in the amount of $2,500,000.00 and contain the exact same time loss and other damage components in support of Ms. Gabriele's Economic Loss Claim. As noted in the Objection, the only difference between the two claims is the redaction of the specific references to punitive/exemplary damages (*see* Objection ¶24-26), while retaining the same allegations of wrongdoing by Takata as a basis for the Claim. In her Response, Ms. Gabriele does not assert that she is not seeking punitive/exemplary damages as part of her Claim, and there is no viable factual basis for the $2.5 million amount of the Claim other than for punitive or exemplary damages.

4. The Trust certainly understands Ms. Gabriele's moral outrage over the interjection of the PSAN Inflators into the stream of commerce. However, such outrage is only

---

[3] In the Objection and Supporting Declaration, the Trust and Declarant note that Ms. Gabriele "filed no fewer than eight (8) iterations of her claim," and reference Claim Nos. P-0024309, P-0057984, P-0058157, P-0058187 and GCR Claims 5129, 5135, and 5136, but inadvertently omitted Claim Nos. 5030 and 5134.

compensable, if at all, through punitive or exemplary damages, and as such, must be subordinated to Class 9 under the Plan. As suggested by the Trust at ¶34 of the Objection, the Class 6 component of the Claim can be reasonably stated at $9,600.

## Reservation of Rights

5.  The Trust hereby reserves the right to object in the future to any of the proofs of claim listed in the Objection on any grounds, and to amend, modify, and/or supplement the Objection to the extent an objection to a claim is not granted.

## Conclusion

6.  For the reasons set forth in the Objection and in this Reply, the Trust respectfully requests that the Court sustain the Objection, enter the proposed order, and grant such other and further relief as the Court may deem just and appropriate.

Dated: February 10, 2023
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:    ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           pkeane@pszjlaw.com

*Attorneys for Trustee of the Reorganized TK Holdings Trust*