IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
: 
In re : Chapter 11
: 
TK HOLDINGS INC., *et al.*, : Case No. 17-11375 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
: **Re: Docket No. 5089**
------------------------------------------------------- x

### ORDER GRANTING
### MOTION OF JOSEPH J. FARNAN, JR., AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST, TO APPROVE DISTRIBUTION OF CERTAIN POST-CLOSING CASH RELATING TO STROSSHE-MEX, S. DE R.L. DE C.V. UNDER TERMS OF CONFIRMED PLAN AND TRUST AGREEMENT

Upon consideration of the motion (the "Motion")[2] of Joseph J. Farnan, Jr., in his capacity as trustee (the "Legacy Trustee") of the Reorganized TK Holdings Trust (as defined in the *Amended and Restated Trust Agreement*) (the "Trust") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), to approve the distribution of certain Reorganized TK Holdings Trust Post-Closing Cash attributable to Debtor Strosshe-Mex, S. de R.L. de C.V. ("SMX") to creditors of SMX, in the discretion of the Legacy Trustee, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, 11 U.S.C. § 1142 and Plan section 11.1; and this Court finding that it may enter a final order consistent with Article III of the United States Constitution; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Trust, the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT:**

        1.       The Motion is granted as set forth herein.

        2.       Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

        3.       The Trust is authorized, but not directed, an in the discretion of the Legacy Trustee, to immediately utilize from its applicable accounts up to $11.0 million in Reorganized TK Holdings Trust Post-Closing Cash (that the Legacy Trustee determines is attributable to SMX) and make distributions therefrom to Recovery Funds or Disputed Claims Reserves for creditors of SMX, and the Trust and all applicable Claims Administrators (as defined in the Plan) are authorized to make distributions therefrom to creditors in accordance with the Plan.

        4.       The Legacy Trustee and applicable Claims Administrators are authorized to execute any necessary documents and to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

2

     5.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

     6.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 11th, 2023**  
**Wilmington, Delaware**

                         **BRENDAN L. SHANNON**  
                         **UNITED STATES BANKRUPTCY JUDGE**