## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                           :
In re                                      :        Chapter 11
                                           :
TK HOLDINGS INC., et al.,                  :        Case No. 17-11375 (BLS)
                                           :
         Debtors.¹                         :        (Jointly Administered)
                                           :
-------------------------------------------------------x    Re: Docket No. 5065
```

## ORDER SUSTAINING THE REORGANIZED TK HOLDINGS TRUST'S THIRTY-SEVENTH OMNIBUS OBJECTION TO BIFURCATED CLASS 6 PORTIONS OF CLAIMS -- NON-SUBSTANTIVE

Upon the objection (the "***Objection***"),[2] of the Reorganized TK Holdings Trust

(the "***Trust***"), pursuant to section 502 of title 11 of the United States Code (the "***Bankruptcy***

***Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and

Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for entry of an order

disallowing or modifying certain proofs of claim, all as more fully set forth in the Objection; and

upon consideration of the Koluch Declaration; and this Court having jurisdiction to consider the

Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Delaware dated February 29, 2012; and consideration of the Objection and the requested relief

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

having been provided to the parties listed therein, and it appearing that no other or further notice

need be provided; and this Court having reviewed the Objection; and this Court having

determined that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and it appearing that the relief requested in the Objection is in the best

interests of the Trust, the Debtors' estates, creditors, and all parties in interest; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Objection is granted as provided herein.

2.      Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007,

and Local Rule 3007-1, the Class 6 components of the proofs of claim listed on **Exhibit 1**

annexed hereto under the heading "Subject Bifurcated Claims" (the "***Subject Bifurcated***

***Claims***") are either set and allowed in the amount set forth in that column entitled "Modified

Claim Amount" on **Exhibit 1**, or if stated at $0.00, disallowed and expunged in their entirety.

3.      The fixing of the contingent and/or unliquidated claims identified on

**Exhibit 1** attached to this Order would unduly delay the administration of these chapter 11 cases.

4.      Each of the contingent and/or unliquidated claims identified as Subject

Claims on **Exhibit 1** attached to this Order is hereby estimated at $0.00 for distribution purposes

from the Trust and is hereby disallowed and expunged in its entirety without prejudice to (i) the

rights of the Trust, the Debtors and/or their successors in interest to object to the contingent

and/or unliquidated claims on any other ground that governing law permits, and (ii) the claimants' rights to oppose such objection.

5. This Order has no res judicata, estoppel or other effect on the validity, allowance, or disallowance of those components of the Subject Bifurcated Claims seeking recovery for personal injury (including emotional distress) or wrongful death, compensable, if at all, as either Class 5 or Class 7 claims.

6. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Objection that is not listed on **Exhibit 1** annexed hereto, and all rights to object to or defend against such claims on any basis are expressly reserved.

7. Should one or more of the grounds of objection stated in the Objection be dismissed, the Trust's rights to object on any other grounds that the Trust discovers during the pendency of these Chapter 11 Cases are preserved.

8. Each Subject Bifurcated Claim and the Objections by the Trust to such claims, as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

9. For the avoidance of doubt, notwithstanding any provision of this Order, this Order does not (1) alter or affect the Court's prior holding in paragraph 3(g)(8) of the Bar Date Order that Future Claimants (as defined in the Bar Date Order) are not required to file a

PPIC Proof of Claim (as defined in the Bar Date Order) for damages arising out of or relating to personal injury or wrongful death with respect to injuries sustained after the Petition Date arising from or related to PSAN Inflators or their component parts manufactured by the Debtors or their affiliates prior to confirmation of a chapter 11 plan of reorganization in these cases; or (2) bar or impair the claims of Future Claimants for such damages.

10. The Trust and its claims and noticing agent, Kroll, LLC (fka Prime Clerk LLC), and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: September 11th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

4