IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TK HOLDINGS, INC., et al., | Case No. 17-11375 (BLS) |
| Debtors.[1][2] | Jointly Administered |
| | **Related Docket No. 5136** |

**ORDER GRANTING (1) SECOND JOINT MOTION OF ERIC D. GREEN, IN HIS CAPACITY AS TRUSTEE OF THE TAKATA AIRBAG TORT COMPENSATION TRUST FUND, AND JOSEPH J. FARNAN, JR., IN HIS CAPACITY AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST, FOR ENTRY OF AN ORDER DIRECTING BIFURCATION OF CERTAIN CLAIMS AND (2) THIRTY-EIGHTH OMNIBUS OBJECTION OF JOSEPH J. FARNAN, JR., IN HIS CAPACITY AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST TO CLASS 6 PORTIONS OF CLAIMS (UNLIQUIDATED, CONTINGENT AND/OR INSUFFICIENT INFORMATION CLAIMS—NON-SUBSTANTIVE)**

Upon (1) the joint motion (the "Joint Motion") of Eric D. Green, in his Capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund, and Joseph J. Farnan, Jr. in his Capacity as Trustee of the Reorganized TK Holdings Trust, pursuant to Bankruptcy Code sections 105(a) and 502 for entry of an order bifurcating each of the claims listed on **Exhibit A** hereto (the "Hybrid Claims") as both (a) Class 5 PSAN PI/WD Claim or a Class 7 Other PI/WD Claim; or (b) a Class 6 Other General Unsecured Claim under the Plan; and (2) the Thirty-Eighth Omnibus Objection of Joseph J. Farnan, Jr., in His Capacity as Trustee of The Reorganized TK Holdings Trust to Class

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Joint Motion and RTKH Trust Objection.

6 Portions of Claims (Unliquidated, Contingent And/Or Insufficient Information—Non-Substantive) upon the Declarations of Fouad Kurdi and Brian Koluch submitted in support of the Motion and RTKH Trust Objection and this Court having jurisdiction to consider the Joint Motion and RTKH Trust Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Joint Motion and the RTKH Objection and the requested relief being core proceedings pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Joint Motion and RTKH Trust Objection having been provided to the parties stated therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Joint Motion and the RTKH Trust Objection; and this Court having determined that the legal and factual bases set forth in the Joint Motion and RTKH Trust Objection establish just cause for the relief granted therein; and it appearing that the relief requested in the Joint Motion and the RTKH Trust Objection is in the best interests of the estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is granted as provided herein.

2. Pursuant to Bankruptcy Code Sections 105(a) and 502, each of the Hybrid Claims are hereby bifurcated such that the PI/WD components of such claim shall be reviewed, reconciled, administered, adjudicated and be subject to distribution from the TATCTF and the Other General Unsecured Claim components of such claims shall be reviewed, reconciled, administered, adjudicated and subject to distribution by the RTKH Trust.

3. The RTKH Objection is granted as provided herein.

4. The Class 6 portions of the claims listed on **Exhibit A** hereto are allowed in the amounts in that column entitled "Modified Class 6 Claim Amount Portion," or disallowed and expunged if the amount in that column is "$0.00."

5. The fixing of the contingent and/or unliquidated claims identified on **Exhibit A** attached to this Order would unduly delay the administration of these chapter 11 cases.

6. Each of the contingent and/or unliquidated claims identified as subject Claims on **Exhibit A** attached to this Order is hereby estimated at $0.00 for distribution purposes from the RTKH Trust and is hereby disallowed and expunged in its entirety without prejudice to (i) the rights of the RTKH Trust, the Debtors and/or their successors in interest to object to the contingent and/or unliquidated claims on any other ground that governing law permits, and (ii) the claimants' rights to oppose such objection.

7. This Order has no res judicata, estoppel or other effect on the validity, allowance, or disallowance of those components of the subject Bifurcated Claims seeking recovery for personal injury (including emotional distress) or wrongful death, compensable, if at all, as either Class 5 or Class 7 claims.

8. Should one or more of the grounds of objection stated in the Objection be dismissed, the RTKH Trust's right to object on any other grounds that the RTKH Trust discovers during the pendency of these Chapter 11 Cases are preserved.

9. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Joint Motion or RTKH Trust Objection that is not listed in **Exhibit A** (the Hybrid Claims) to the Joint Motion and RTKH Trust Objection and annexed hereto as **Exhibit A**, and all rights of the RTKH Trust and the TATCTF

with respect to the Hybrid Claims are expressly reserved, including but not limited, to the right to allow, disallow, object to or defend against such claims.

10. Each Hybrid Claim subject to the Joint Motion and Objections by the RTKH Trust Objection to such claims, as set forth on **Exhibit A** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each such claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

11. For the avoidance of doubt, notwithstanding any provision of this Order, this Order does not (1) alter or affect the Court's prior holding in paragraph 3(g)(8) of the Bar Date Order that Future Claimants (as defined in the Bar Date Order) are not required to file a PPIC Proof of Claim (as defined in the Bar Date Order) for damages arising out of or relating to personal injury or wrongful death with respect to injuries sustained after the Petition Date arising from or related to PSAN Inflators or their component parts manufactured by the Debtors or their affiliates prior to confirmation of a chapter 11 plan of reorganization in these cases; or (2) bar or impair the claims of Future Claimants for such damages.

12. The TATCTF, the RTKH Trust, the Claims Agent and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 8th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE