**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x

                                 :

In re                              :        Chapter 11

                                   :

TK HOLDINGS INC., *et al.*,        :        Case No. 17-11375 (BLS)

                                   :

           Debtors.[1]             :        Jointly Administered

                                   :

                                   :        **Re: Docket No. _____**

------------------------------------------------------- x

**TWENTY-FOURTH ORDER GRANTING MOTION OF JOSEPH J. FARNAN, JR., AS TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST, PURSUANT TO, *INTER ALIA,* FED. R. BANKR. P. 9006(b)(1), FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CERTAIN CLAIMS THROUGH JULY 7, 2026**

Upon consideration of the motion (the "Motion")[2] of Joseph J. Farnan, Jr., in his capacity as trustee (the "Trustee") of the Reorganized TK Holdings Trust (as defined in the *Amended and Restated Trust Agreement*) (the "Trust") in the above-captioned chapter 11 cases, for entry of an order pursuant to, *inter alia*, Bankruptcy Rule 9006 and Local Rule 9006-2, extending the time within which the Trustee may object to Disputed Claims (other than Disputed Trust Claims and OEM Unsecured Claims) and Administrative Expense Claims, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court finding that it may enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A).  Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

United States Constitution; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Trust, the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      The Claims Objection Deadline for all Disputed Claims (other than Disputed Trust Claims and OEM Unsecured Claims) and Administrative Expense Claims is extended through and including the later of: (a) July 7, 2026, or (b) one hundred twenty (120) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

4.      For the avoidance of doubt, as indicated in the Plan, the foregoing time periods shall not apply to PSAN PI/WD Claims.

5.      This Order shall be without prejudice to the Trustee's right to seek a further extension or extensions of the Claims Objection Deadline.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.